E-filing

FILED 07 DEC 11 PM 3:53 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983**

Name CASH RANDALL S
(Last) (First) (Initial)

Prisoner Number H53400

Institutional Address SAN QUENTIN PRISON SAN QUENTIN CA.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

RANDALL SCOTT CASH
(Enter the full name of plaintiff in this action.)

vs.

DR. JAHANGIR SADEGHI

(Enter the full name of the defendant(s) in this action)

CV 07 6252 JF (PR)

Case No.
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, Title 42 U.S.C § 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I. Exhaustion of Administrative Remedies.

[Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement SAN QUENTIN PRISON

B. Is there a grievance procedure in this institution?

YES (✓) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES (✓) NO ( )

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal CSQ-4-07-0092 - 3/08/07 submitted 4/04/07 interviewed and denied verbally

2. First formal level CSQ-4-07-0092 1824 ADA same as informal level - 4-04-07 denied

3. Second formal level CSQ-407-0092 submitted 4/09/07 response due 4-25-07 Finally answered 6/12/07, partially granted - response un-acceptable I am indigent can't afford to pay.

4. Third formal level CSQ 4-07-0092 submitted 6/26/07 First time sent back to me to resubmit 7/23/07 denied 8/22/07 The Director referred issue back to 2nd level. can have 2nd opinion if I pay.

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (✓) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why.

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

RANDALL SCOTT CASH H 53400
SAN QUENTIN STATE PRISON
SAN QUENTIN CA 94974

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

DR. JAHANGIR SADEGHI

Ophthalmologist / Eye Surgeon
San Quentin Prison
San Quentin, Ca
94964

III. Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

On May 3, 2006 Dr. Sadeghi performed cataract/lens implant surgery on my right eye. Dr. Sadeghi burned a hole thru my right iris into my eye with the laser he was using and dropped debris/material inside my eye and knowingly left it there and sewed my eye shut. Dr. Sadeghi did not tell me he burned a hole thru my eye or about the debris/material until I noticed the hole and experienced double vision and something inside my eye. Dr. Sadeghi said to me "I thought you'd not notice." Even with glasses I cant see well at all. I can't tolerate bright light as my pupils are irregular shaped and fixed in a dialated. Dr. Sadeghi performed the cataract/implant surgery on my left eye on 8-09-06. Since the surgeries my pupils no longer constrict. Through out the administrative appeal process Dr. Sadeghi has denied anything is wrong and now states I should have expected such irregularities and damage and refuses to fix it or suggest a second opinion (See attachment for full history)

IV. Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

I am seeking, as a result of Dr. Sadeghi's actions on my person and refusal to attempt to fix the damage, monetary compensation in the ammount of seven million dollars $7,000,000.00. I am also

asking the Court to appoint counsel in this matter as I am un-skilled in legal matters, indigent and need the professional assistance of an attorney to preserve my interests in this serious matter

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23rd day of November, 2007

Randall Scott Cash
(Plaintiff's signature)

# III. Statement Of Claim (Attachment Page 1)

May 3, 2006 - Novato Community Hospital - Dr. Sadeghi performed cataract/lens implant surgery on my Right Eye. (EXHIBIT E pg 1+2)
August 9, 2006 - Novato Community Hospital - Dr. Sadeghi performed cataract/lens implant surgery on my Left Eye. (EXHIBIT A - II)
August 31, 2006 - Novato Community Hospital - Dr. Sadeghi performed emergency iris surgery on my Left Eye. (EXHIBIT A II)
Sept 11, 2006 - St Mary's Hospital S.F. - Dr. Michael Jumper performed emergency retinal re-attachment surgery on my Right Eye. (EXHIBIT A II)

1. During the May 3 surgery Dr. Sadeghi burned a hole thru my right iris into my eye, as well Dr. Sadeghi dropped debris/material inside my opened eye and knowingly left this debris/material inside my eye as he sutured my eye shut. Dr. Sadeghi did not tell me he had burned a hole into my right eye nor did he tell me he had dropped debris/material inside my right eye and knowingly left it there and sutured my eye shut. (EXHIBIT E)
2. The hole in my right iris didn't immediately open up until approximately a week after the surgery. I then noticed blurred and double vision. I could tell the pupil was irregularly shaped, no longer round and fixed in a dilated position. At first it seemed the surgery had worked, I could see fairly well for about a week. During subsequent visits as follow up in Dr. Sadeghi's office here at San Quentin, even though the vision testing clearly showed a degradation in my vision Dr. Sadeghi ignored my concern saying "It's fine."
3. Shortly after the August 9 surgery on my Left Eye I got bumped in my Left Eye by my cellmate and the lens implant tore all the way thru my Left Eye's iris displacing the iris. On August 31, 2006 Dr. Sadeghi performed emergency surgery on my Left Eye to re-position the

III. Statement Of Claim (Attachment Page 2)

iris and close up the wound. This surgery was done at Novato Community Hospital. (EXHIBIT A II)

4. On September 7, 2006 during a follow up visit for the August 31 surgery I told Dr. Sadeghi I could not see well in my right eye now at all and there seemed to be something in my eye. Dr. Sadeghi looked into my right eye and told me that something he had dropped inside my eye during the first surgery on May 3 had risen up inside my eye and was lodged in my line of sight. Dr. Sadeghi stated "I thought you would not ever notice it." He looked into my right eye again and observed the retina was as well detached.

5. On September 8, 2006 I was taken to the office of Dr. Michael Jumper in San Francisco for pre-surgery evaluation. Dr. Jumper upon examining my Right Eye stated he could not believe Dr. Sadeghi had used the technique he'd used to do the cataract removal/lens implant surgery.

6. Dr. Jumper stated "Nobody does it this way" and went on to say he was shocked to see the debris/material that Dr. Sadeghi had dropped into my Right Eye and left inside my eye after the surgery.

7. On September 11, 2006 Dr. Jumper re-attached the retina and removed the debris/material Dr. Sadeghi left inside my eye (EXHIBIT A II)

8. I was seen post-op by Dr. Jumper's colleagues at West Coast Retina Center in Greenbrae monthly for 3 visits. The staff there told me my retina was re-attached and healing.

9. Since December of 2006 I was seen by Dr. Sadeghi sporadically scheduled - sometimes every two weeks or a month in between. After my requesting Dr. Sadeghi to do something about the double vision in Right Eye and blurred vision in both eyes he just said

III. Statement Of Claim (Attachment Page 3)

"It's doing fine" I filed a 1824 ADA medical appeal on March 8, 2007 to begin my administrative appeal and subsequently filed a Government Claims Board complaint on April 5, 2007. (EXHIBIT B, C D & F)

10. Even after receiving prescription glasses on May 4, 2007 my vision is still the same with or without glasses – blurred and double vision in Right Eye, blurred vision in Left Eye. (EXHIBIT G)

11. The last visit with Dr. Sadeghi was on 6/07/07. I again asked Dr. Sadeghi about the hole in my right iris he had burned with the laser into my eye and would it close up on it's own. Dr. Sadeghi stated "No."

12. I asked Dr. Sadeghi would he do anything to fix the hole in my right iris he had burned with the laser into my eye. Dr. Sadeghi stated "No."

13. I asked Dr. Sadeghi would the double vision, blurriness and blockage of my center of vision caused by the hole in my right iris he had burned with the laser into my eye go away on it's own. Dr. Sadeghi stated "No, but you'll get used to it."

14. I asked Dr. Sadeghi would he treat the double vision, blurriness and blockage of my center of vision caused by the hole in my right iris he had burned with the laser into my eye. Dr. Sadeghi stated "No, in my opinion it's fine."

15. Finally, I asked Dr. Sadeghi, if he would not fix the hole in my right iris he had burned with the laser into my eye, and he would not treat the double vision, blurriness and blockage of my center of vision caused by the hole in my right iris he had burned with the laser into my eye, would he at least refer me to a specialist who could

III. Statement Of Claim (Attachment Page 4)

fix it, if in fact it can be fixed. Dr. Sadeghi stated, "No, in my opinion your eyes are fine and a second opinion is not medically necessary.

16. Dr. Sadeghi now states I should have expected this kind of damage as it is common to have this sort of iris damage and pupil irregularity with this type of surgery

17. Dr. Sadeghi did not relay to me prior to the surgery any fore-knowledge of post-surgery damage or irregularity of any sort. Nor did Dr. Sadeghi relay to me prior to the surgery any danger of the lens implant tearing thru my iris by merely getting bumped in the eye as happened with my Left Eye.

18. I am left with blurred, distorted, double and partially blocked vision in my Right Eye, and blurred vision in my Left Eye. More so as time passes. I still have blood and debris in my Left Eye more than a year after the August 31, 2006 surgery. I still have some debris in my Right Eye from the May 03, 2006 surgery.

19. My pupils are irregular in shape and fixed in a dilated position. I can not tolerate any bright light as my pupils no longer constrict. This causes pain in both eyes and severe headaches if I am exposed to sunlight even with tinted lenses.

20. The outcome of my exhausted administrative appeal is a partially granted result - giving me the right to a second opinion at my cost. I can not pay for the service as I am indigent and have no family or outside interested parties who can pay for the service. The injury to my left eye - 8/30/06 had nothing to do with the pre-existing damage to right eye from 5/03/06 surgery

EXHIBIT A page 1 of 2

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

**DIRECTOR'S LEVEL APPEAL DECISION**

Date: AUG 24 2007

In re: Randall Cash, H53400
California State Prison, San Quentin
San Quentin, CA 94964

IAB Case No.: 0701195 Local Log No.: SQ-07-00992

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. F. Caton, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I APPELLANT'S ARGUMENT:** It is the appellant's position that an ophthalmologist at San Quentin State Prison (SQ) performed cataract surgery and lens implant on his eyes and he cannot see very well and his visual acuity is degrading. He states that the vision in his right eye is distorted and he has no depth of perception and that there is blood blocking his vision. The appellant requests another surgery by another ophthalmologist to correct errors from the previous surgery

**II SECOND LEVEL'S DECISION:** The reviewer found that Ophthalmologist Dr. Sadighi performed surgery on May 3, 2006, and the appellant developed retinal detachment about four months later. The appellant was referred to a retinal specialist who operated on it successfully. On August 9, 2006, Dr. Sadighi performed cataract surgery on the appellant's left eye; the post operation course was fine and the appellant's vision was 20/40 in the left eye. On August 31, 2006, Dr. Sadighi performed additional surgery because the appellant's iris was prolapsed through the corneal incision, his pupil was irregular, and he had hemorrhage on the lid of his right eye. According to Dr. Sadighi, the appellant claimed to have injured his left eye horse playing sometime before August 31, 2006. Dr. Sadighi evaluated the appellant on April 5, 2007, and his condition was stable. Health care providers informed the appellant that pursuant to California Code of Regulations, Title 15, Section (CCR) 3354(c), he has the option of selecting a private consultant to treat his condition at his own expense.

**III DIRECTOR'S LEVEL DECISION:** Appeal is denied.

COMPLAINT ~~PETITION FOR WRIT OF HABEAS CORPUS~~

**A. FINDINGS:** In elevating the appeal to the Director's Level, the appellant states that Dr. Sadighi dropped a ring from the laser tool into his eye during the May 3, 2006, surgery and the laser burned a hole into the iris. The appellant also attributes the retinal detachment to the accident with the laser tool. According to the appellant, the outside specialist who performed the retina surgery removed the ring from the laser instrument from his eye and was critical of Dr. Sadighi for using the technique he used and for leaving the ring in his eye.

During a phone call SQ Health Care Appeals Coordinator (HCAC) Oliver reported that the appellant received eyeglasses and still complained of double vision in his right eye and blurry vision in his left eye. On August 22, 2007, HCAC Oliver reported that Health Care Manager (HCM) Dr. Kanan will instruct the appellant's primary care physician to schedule him for consultation with another ophthalmologist.

This review finds that the HCM's decision provides relief to the appellant's concern; therefore, there is no need for relief at the Director's Level of Review.

**B. BASIS FOR THE DECISION:**
CCR: 3350, 3350.1, 3354

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SQ
Health Care Manager, SQ
Appeals Coordinator, SQ
Medical Appeals Analyst, SQ

COMPLAINT FOR WRIT OF HABEAS CORPUS

EXHIBIT B page 1 of 2

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| SAN QUENTIN | 07-00992 | 18. ADA |

**NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| RANDALL S. CASH | H53400 | | | ~~1B097~~ 5-N-43 H6U |

**In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.**

**You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.**

**Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.**

**If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.**

**To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.**

**Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.**

**If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.**

RECEIVED JUN 27 2007 INMATE APPEALS BRANCH

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

VISION IMPAIRED - LEGALLY BLIND

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

MEDICAL FILE - HAD 5 EYE SURGERIES (BOTH EYES) SINCE MAY '06.

RECEIVED JUN 22 2007 INMATE APPEALS BRANCH

A3 Sec H Sign

DESCRIBE THE PROBLEM:

IN GOOD FAITH I ALLOWED DR. SADEGHI (S.Q. OPTHAMOLOGIST) TO PERFORM CATARACT AND LENS IMPLANT SURGERY ON BOTH OF MY EYES WITH THE IMPRESSION I WOULD BE ABLE TO SEE AFTER SURGERY. I CAN NOT SEE NOW AND MY VISION IS DEGRADING NOT IMPROVING. MY RIGHT EYE MORE SO I HAVE DISTORTION (HORIZONTAL COMPRESSION) AND NO DEPTH PERCEPTION. MY MEDICAL HOLD RUNS OUT ON 3-19-07 AND DR. SADEGHI IS NOT DOING ANY FURTHER TREATMENT

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

I WANT ANOTHER EYE SURGEON/OPTHALMALOGIST TO TREAT ME AND HOPEFULLY FIX WHAT DR SADEGHI HAS DONE TO MY EYES. I HAVE A HOLE IN MY RIGHT ~~[illegible]~~ IRIS NOW AND THERE IS A "BLOB" BLOCKING MY VISION IN THAT EYE AS WELL. LEFT EYE IS MARGINAL. I AM A LWOP PRISONER GOING TO A 180-LEVEL 4 AND I CAN'T SEE TO PROTECT MYSELF OR SEE WHERE I AM GOING

Randall S Cash
INMATE/PAROLEE'S SIGNATURE

3-08-07
DATE SIGNED

COMPLAINT ~~PETITION FOR WRIT OF HABEAS CORPUS~~ MAR 12 RECD MAR 12 RECD

EXHIBIT B page 2 of 2

MAR 12 REC'D

MAR 12 REC'D

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
**CDC 1824 (1/95)**

## REVIEWER'S ACTION

**DATE ASSIGNED TO REVIEWER:** MAR 12 2007
**DATE DUE:** APR 02 2007

**TYPE OF ADA ISSUE**

[X] PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

[ ] Auxiliary Aid or Device Requested

[X] Other To see another eye surgeon/ophthalmologist.

[ ] PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** I spoke with you on 4/4/07. You stated that you would like to be seen by another ophthalmologist aside from Dr. Sadighi. I informed you that you can request for an outside consultation or a private physician not employed by SQSP; however the cost of such service shall be paid by you.

0617378

4/4/07
**DATE INMATE/PAROLEE WAS INTERVIEWED**

C. Olivero RN
**PERSON WHO CONDUCTED INTERVIEW**

**DISPOSITION**

[ ] GRANTED [X] DENIED [ ] PARTIALLY GRANTED

**BASIS OF DECISION:** Title 15 section 3354 (c) states that an inmate may request a consultation from a health care personnel not employed by SQSP. Costs of such private examinations shall be paid by the inmate or the person requesting the service. Based on this your request is denied.

**NOTE:** *If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.*

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| C. Olivero RN / [signature] | RN | SQSP |

## APPROVAL

| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED |
|---|---|
| [signature] SPWIII (A) | 4/4/07 |

APR 05 REC'D

DATE RETURNED TO INMATE/PAROLEE

COMPLAINT

~~[struck-through text]~~

EXHIBIT C page 2

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. SAN QUENTIN 2.
Log No. 1. CSQ-4-07-00992 2.
Category 18. ADA

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| RANDALL S. CASH | H53400 | RECEPTION | 1BADGER 16 |

A. Describe Problem: SEE (F.)

RECEIVED JUL 27 2007 INMATE APPEALS BRANCH

If you need more space, attach one additional sheet.

B. Action Requested:

Inmate/Parolee Signature: Date Submitted:

C. INFORMAL LEVEL (Date Received: )

Staff Response:

RECEIVED JUN 29 2007 INMATE APPEALS BRANCH

Staff Signature: Date Returned to Inmate:

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

COMPLAINT ~~PETITION FOR WRIT OF HABEAS CORPUS~~

EXHIBIT C page 2 of 2

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Due Date:

Interviewed by:

Staff Signature: Title: Date Completed:

Division Head Approved: Returned

Signature: Title: Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

A CDCR EMPLOYED PHYSICIAN DID SURGERY ON ME AND RUINED MY EYESIGHT WITH AN ACT OF MALPRACTICE AND NEGLIGENCE. WHY SHOULD I BE FARTHER DIS-ABLED AND HAVE TO PAY TO HAVE THE CDCR'S DOCTORS' MISTAKE AND INCOMPETENCE FIXED, IF IN FACT IT CAN BE REPAIRED. IT IS A MOOT POINT - I AM INDIGENT AND HAVE NO ONE TO PAY ANYWAY

Signature: Randall S Cash H53400 APR 1 1 RECD APR 11 RECD Date Submitted: 4/09/07

Second Level ☐ Granted ☑ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: APR 11 2007 Due Date: APR 25 2007

☑ See Attached Letter

Signature: C Olmura RN 6/12/07 JUN 19 RECD Date Completed:

Warden/Superintendent Signature: J Lewis for R. Karah 6/14/07 Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Please see attached letter on yellow legal paper marked LETTER #1 - letter

Thank You

Signature: Randall S Cash Date Submitted: 7/23/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: AUG 24 2007

CDC 602 (12/87)

0617378

COMPLAINT

EXHIBIT D page 1 of 2

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date: June 12, 2007

To: CASH, H53400

From: San Quentin State Prison (SQ)

Subject: SECOND LEVEL APPEAL RESPONSE
LOG NO. CSQ-4-07-00992

**ISSUE:**

You state that you are legally blind and you have had 5 (five) eye surgeries on both eyes since May 06. You add that you allowed Dr. Sadighi SQ Ophthamologist, to perform cataract and lens implant surgery on both eyes with the impression that you would be able to see after surgery. You claim you cannot see now and your vision is degrading not improving.

You request another eye surgeon/ophthalmologist to treat you and hopefully fix what Dr. Sadeghi has done to your eyes.

**INTERVIEWED BY:** C. Oliver, Registered Nurse, on April 4, 2007

Your Unit Health Record (UHR) and all submitted documentation and supporting information has been considered, including the interview at the First Level of Review (FLR).

*Your appeal was denied at the FLR and the response at the FLR is as follows: "I spoke with you on 4/4/07. You stated that you would like to be seen by another ophthalmologist aside from Dr. Sadighi. I informed you that you can request for an outside consultation or a private physician not employed by SQSP, however the cost of such service shall be paid by you. Title 15 Section 3354 (c) states that an inmate may request a consultation from health care personnel not employed by SQSP. Costs of such private examinations shall be paid by the inmate or the person requesting the service. Based on this your request is denied.*

In requesting a Second Level Review you state, " A CDCR employed physician did surgery on me and ruined my eyesight with an act of malpractice and negligence. Why should I be further disabled and have to pay to have the CDCR's doctors' mistake and incompetence fixed, if in fact it can be repaired. It is a moot point- I am indigent and have no one to pay anyway."

**SECOND LEVEL RESPONSE:**

Dr. Sadighi was contacted on May 24, 2007, who states that you had cataract surgery on your right eye on May 3, 2006, which was coming along well, but on September 7, 2006, you developed retinal detachment, and you were referred to the retinal specialsit. You were operated successfully. Dr. Sadighi states he last saw you on April 5, 2007, and he

COMPLAINT [illegible] FOR WRIT OF HABEAS CORPUS

EXHIBIT D

San Quentin State Prison
Appeal CSQ-4-07-00992
Cash, H53400
Page 2

reported your condition as stable and that he had also given you a prescription for glasses on February 15, 2007. Communication with the eye specialty nurse reveals that you initially received your glasses on March 29, 2007; however, you decided to add transitional lenses and the glasses were sent back to the Prison Industry Authority (PIA). PIA returned your glasses with the transitional lenses as requested and your received them on May 4, 2007.

Dr. Sadighi also stated the following: you had cataract surgery on your left eye on August 9, 2006, and your post op course was fine. In the second week of post op your vision in your left eye was 20/40. On August 31, 2006, you were examined by Dr. Sadighi who determined that your iris was prolapsed through the corneal incision and the pupil was irregular; therefore, he took you to the Operating Room and repositioned your iris and sutured your wound. Dr. Sadighi also states and noted in your medical record that you told him that three days prior to August 31, 2006, you injured your left eye while horse playing. Dr. Sadighi added that on August 31, 2006, you also had a hemorrhage on the latter side of the lid areas of your right eye.

You are encouraged to use the sick call process by completing a Request for Health Services (CDC 7362) to request an appointment with a clinician to address your concerns. These forms are available from medical staff. If you are not satisfied with the medical care you are provided at California State Prison – San Quentin, you are encouraged to utilize the inmate appeals process, which is described in the California Code of Regulations, Title 15. This process is an integral part of the administrative remedies available for the inmates to resolve issues concerning any departmental decision, action, condition, or policy that they can demonstrate has had an adverse effect upon their welfare.

**DECISION**: For the reasons cited above, your appeal is partially granted, in that you are permitted, as indicated at the FLR, to be seen by another specialist. California Code of Regulations, Title 15, 3354(c), states in part... Private Consultants. An inmate or an inmate's responsible guardian or relative, or an attorney or other interested person wanting the inmate examined by a private physician, shall submit a written request to the institution head. The institution head shall, after consulting with the facility's chief medical officer grant the request unless convinced that specific case factors warrant denial. Costs of such private consultations or examinations shall be paid by the inmate or the person requesting the service. It should be noted that the cost associated with an outside consultation also includes custodial supervision, transportation, tests/appliances, etc.

You are advised that this issue may be submitted for a Director's Level of Review if desired.

R. KANAN, M.D.
Chief Medical Officer (A)
San Quentin State Prison

RK:pv

cc: Appeal File
Central File

COMPLAINT

EXHIBIT E

Novato Community Hospital
Novato, CA 94945
(415) 209-1300

SERVICE DATE: 05/03/2006

SURGEON: Jahangir Sadeghi, M.D.

PREOPERATIVE DIAGNOSIS: Cataract and dislocated lens right eye

POSTOPERATIVE DIAGNOSIS: Same.

PROCEDURE PERFORMED: Phacoemulsification with intraocular lens implantation in the anterior chamber in the right eye.

ANESTHESIA: Topical, monitored.

DESCRIPTION OF PROCEDURE: The patient was dilated in the preoperative area with 3 sets of Neo-Synephrine 2.55 minutes apart, started 30 minutes before surgery. Ocufen 1 drop every 15minutes was used to her eye for 1 hour. The patient was brought to the operating room. After prep and drape in the usual fashion and microscope in position, a lid speculum was put in the eye. Three drops of Xylocaine 4% were put in the eye. A sharp knife was used to make a side incision at the 11 o'clock position. Viscoelastic solution was injected into the anterior chamber. A diamond knife was used to make a 2.8 mm clear corneal incision in the temporal side. A cystotome was used to do an anterior capsulotomy. Capsulorrhexis forceps was used to do a circular capsulorrhexis. A capsular ring was inserted in the capsule with the inserter.

Phacoemulsification was started by sculpting the nucleus in a cross shape. It was extremely difficult to do because in the nasal side almost 40% of the circumference of the lens was gone. I could manage to remove the lens. A piece of cortex fell down into the vitreous. Miochol was injected to the eye to make the pupil small. The clear corneal wound was extended to 5 mm with the diamond knife. An anterior chamber lens from Alcon Company 13.5 diopters was inserted into the anterior chamber. Before putting the lens in, I injected viscoelastic to deepen the anterior chamber. The lens was centered by using a Sinskey hook. A peripheral iridectomy was done in the temporal side. The clear cornea was sutured with three separated 10-0 nylon. 20 mg of gentamicin was injected subconjunctivally inferiorly. The eye was dressed with atropine and Maxitrol ointment. Viscoelastic solution was aspirated at this time. I made sure the wound was watertight.

| OPERATIVE REPORTS<br><br>JAHANGIR SADEGHI, MD | Patient Name: CDCH53400CASH, RANDALL<br>MR#: 02-15-73-80<br>Account #: 01002080636 |
|---|---|

COMPLAINT [illegible]

EXHIBIT E pg 2 of 2

Novato Community Hospital
Novato, CA 94945
(415) 209-1300

The patient tolerated the procedure well and left the operating room in satisfactory condition.

Pending Electronic Signature by JAHANGIR SADEGHI, MD

D: 05/03/2006 13:09:05
T: 05/04/2006 11:55:22
Job #: 7391134/rp
cc: Medical Records San Quentin Prison

EXHIBIT F page 1 of 1 a.



STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Randal S Cash H53400
San Quentin Prison
San Quentin, CA 94974

June 20, 2007

RE: Claim G567381 for Randal S Cash, H53400

Dear Randal Cash,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on April 23, 2007.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda. The VCGCB will act on your claim at the August 16, 2007 hearing. You do not need to appear at this hearing. The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G567381 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 99 Complex Issue Reject

COMPLAINT




STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Randal S Cash H53400
San Quentin Prison
San Quentin,CA 94974

August 08, 2007

RE: Claim G567381 for Randal S Cash, H53400

Dear Randal Cash,

You were previously notified that your claim was scheduled to be acted upon by the Board at the meeting on August 16, 2007 at 10:00 a.m. The Board meeting has been rescheduled to August 23, 2007 at 10:00 a.m., in Sacramento.

You will receive written notification of the Board's decision within approximately 3 weeks following the meeting. If you have questions, please call (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 6 Hearing Dt Chg

COMPLAINT [illegible]



STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Randal S Cash H53400
San Quentin Prison
San Quentin, CA 94974

August 28, 2007

RE: Claim G567381 for Randal S Cash, H53400

Dear Randal Cash,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on August 23, 2007.

If you have questions about this matter, please mention letter reference 118 and claim number G567381 when you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Anita Ahuja, Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning

"Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim." See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately. PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR PROPER SERVICE OF SUMMONS AND COMPLAINT.

Ltr 118 Board Claim Rejection

Received via regular mail on 27 SEPT 07 at 1530 hrs. By C/O Hill 5ALPINE STAFF
It is normal procedure at S.Q. to take 30-45 days to receive mail, non-legal status

- Randall S. Cash 9/27/07

COMPLAINT

EXHIBIT F pg 2 of 4

## Government Claims Form

California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 ▪ www.governmentclaims.ca.gov

State of California

For Office Use Only
Claim No.:

### Is your claim complete?

- ☐ ***New!*** **Include a check or money order for $25 payable to the State of California.**
- ☐ Complete all sections relating to this claim and sign the form. Please print or type all information.
- ☐ Attach receipts, bills, estimates or other documents that back up your claim.
- ☐ Include two copies of this form and all the attached documents with the original.

### Claimant Information

1. CASH RANDALL S — *Last name* / *First Name* / *MI*
2. Tel:
3. Email:
4. H53700 SAN QUENTIN PRISON — *Mailing Address*; SAN QUENTIN — *City*; CA — *State*; 94974 — *Zip*
5. Best time and way to reach you:
6. Is the claimant under 18? ☐ Yes ☑ No If YES, give date of birth: MM DD YYYY

### Attorney or Representative Information

7. N/A — *Last name* / *First Name* / *MI*
8. Tel:
9. Email:
10. *Mailing Address* / *City* / *State* / *Zip*
11. Relationship to claimant:

### Claim Information

12. Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond? ☐ Yes ☑ No
    State agency that issued the warrant: If NO, continue to Step 13.
    Dollar amount of warrant: Date of issue: MM DD YYYY
    Proceed to Step 22.
13. Date of Incident: 4/05/07
    Was the incident more than six months ago? ☐ Yes ☑ No
    If YES, did you attach a separate sheet with an explanation for the late filing? ☐ Yes ☐ No
14. State agencies or employees against whom this claim is filed:
    CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS
15. Dollar amount of claim:
    If the amount is more than $10,000, indicate the type of civil case: $500,000
    ☐ Limited civil case ($25,000 or less)
    ☑ Non-limited civil case (over $25,000)
    Explain how you calculated the amount:
    MY EYESIGHT IS PRICELESS BUT I HAD TO START SOMEWHERE

COMPLAINT

**16** Location of the incident:

SAN QUENTIN PRISON

**17** Describe the specific damage or injury:

IRREPARABLE DAMAGE TO MY RIGHT EYE AND NEGLIGENT SURGERY TO MY LEFT EYE

**18** Explain the circumstances that led to the damage or injury:

BOTCHED CATARACT AND LENS IMPLANT SURGERY AND NO FURTHER TREATMENT TO BE DONE TO FIX THE DAMAGE AS OF 4/05/07

**19** Explain why you believe the state is responsible for the damage or injury:

DR. SADEGHI THE OPTHALMOLOGIST WHO DID THE SURGERIES IS AN EMPLOYEE OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS + REHABILITATION HEALTH PROVIDER

**20** Does the claim involve a state vehicle? ☐ Yes ☑ No

If YES, provide the vehicle license number, if known:

***Auto Insurance Information***

**21** N/A

*Name of Insurance Carrier*

*Mailing Address* *City* *State* *Zip*

| | |
|---|---|
| Policy Number: | Tel: |
| Are you the registered owner of the vehicle? | ☐ Yes ☐ No |
| If NO, state name of owner: | |
| Has a claim been filed with your insurance carrier, or will it be filed? | ☐ Yes ☐ No |
| Have you received any payment for this damage or injury? | ☐ Yes ☐ No |
| If yes, what amount did you receive? | |
| Amount of deductible, if any: | |
| Claimant's Drivers License Number: | Vehicle License Number: |
| Make of Vehicle: Model: | Year: |
| Vehicle ID Number: | |

***Notice and Signature***

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

Randall G Cash — 4/05/07

*Signature of Claimant or Representative* *Date*

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

***For State Agency Use Only***

**24**

*Name of State Agency* *Fund or Budget Act Appropriation No.*

*Name of Agency Budget Officer or Representative* *Title*

*Signature* *Date*

Exhibit F pg 3 of 4

# AFFIDAVIT FOR WAIVER OF GOVERNMENT CLAIMS FILING FEE AND FINANCIAL INFORMATION FORM

*(Request for Permission to Proceed In Forma Pauperis)*

California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 • www.governmentclaims.ca.gov

State of California

For Office Use Only

Claim No.:

***I request a fee waiver so that I do not have to pay the $25 fee to file a government claim with the Victim Compensation and Government Claims Board. I cannot pay any part of the fee.***

## *Claimant Information*

1. CASH — RANDALL — S
*Last name* — *First Name* — *MI*

2. Tel: ☐☐☐-☐☐☐-☐☐☐☐

3. Claim Number (if known):

## *Employment Information*

4. My occupation: N/A

My employer:

*Employer's Mailing Address* — *City* — *State* — *Zip*

My spouse's or partner's employer:

*Employer's Mailing Address* — *City* — *State* — *Zip*

5. If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance, enter your inmate identification number below and skip to step 23.

*Inmate Identification Number:* H53400

## *Financial Information*

6. I am receiving financial assistance from one or more of the following programs. ☐ Yes ☐ No

**If no, proceed to step 7. If yes, check all that apply, then skip to step 24.**

- ☐ SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs
- ☐ CalWORKS: California Work Opportunity and Responsibility to Kids Act
- ☐ Food Stamps
- ☐ County Relief, General Relief (GR), or General Assistance (GA)

7. Number in my household and my gross monthly household income, if it is the following amount or less:

| | Number | Monthly family income | | Number | Monthly family income |
|---|---|---|---|---|---|
| A ☐ | 1 | $969.79 | F ☐ | 6 | $2,626.04 |
| B ☐ | 2 | $1,301.04 | G ☐ | 7 | $2,957.29 |
| C ☐ | 3 | $1,632.29 | H ☐ | 8 | $3,288.54 |
| D ☐ | 4 | $1,963.54 | I ☐ | There are more than 8 people in my family | |
| E ☐ | 5 | $2,294.79 | | Add $331.25 for each additional person. | |
| | | | | Number: | Total Income: |

**If you checked a box in step 7 A through I, complete steps 9 through 15. Then skip to step 24.**

8. My income is not enough to pay for the common necessities of life for me and the people in my family, and also pay the filing fee. ☐ Yes ☐ No

**If yes, fill in steps 9 through 24.**

COMPLAINT [illegible, crossed out]

REPORT ID: TS3030

REPORT DATE: 03/31/07
PAGE NO: 1

CALIFORNIA DEPARTMENT OF CORRECTIONS
SAN QUENTIN PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: JAN. 01, 2007 THRU MAR. 31, 2007

ACCOUNT NUMBER : H53400
ACCOUNT NAME : CASH, RANDALL SCOTT
PRIVILEGE GROUP: A

BED/CELL NUMBER: B 1 00000000016U
ACCOUNT TYPE: I

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|---|---|---|---|---|---|---|---|
| 01/01/2007 | | BEGINNING BALANCE | | | | | 63.08 |
| 01/06 | D300 | CASH DEPOSIT | 2443/R&R | | 30.00 | | 93.[illegible]9 |
| 01/08 | FC01 | DRAW-FAC 1 | 602445M1ST | | | 60.00 | 33.[illegible]8 |
| 01/16 | D340 | JPAY DEPOSIT | 2534/J-PAY | | 50.00 | | 83.08 |
| 01/24 | W536 | COPAY CHARGE | 2631JAN10 | | | 5.00 | 78.08 |
| 01/30 | W502 | POSTAGE CHARG | 2709HOBBY | | | 3.07 | 75.[illegible]1 |
| 02/07 | FC01 | DRAW-FAC 1 | 602819M1ST | | | 75.01 | 0.[illegible]0 |

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|---|---|---|---|---|
| 03/31/2007 | H102 | EYEGLASSES HOLD | 3395EYEGLS | 66.50 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 63.08 | 80.00 | 143.08 | 0.00 | 66.50 | 0.00 |

| CURRENT AVAILABLE BALANCE |
|---|
| 66.50- |

I am currently in debt for my eyeglasses $66.50 so as you can see I can not pay the $25 filing fee.

Thank You
Randall Scott Cash
4-03-07

COMPLAINT PETITION FOR WRIT OF HABEAS CORPUS

2-S- Cash H 53400

94813

EXHIBIT G

SHIP TO:
MTA GUILLORY SAN QUENTIN STATE
OPTICAL DEPT. MEDICAL SUPPLY
SAN QUENTIN CA 94964

A421
*424600*

| ACCOUNT | PATIENT |
|---|---|
| A421 ST<br>MTA GUILLORY SAN QUENTIN STATE<br>OPTICAL DEPT. MEDICAL SUPPLY<br>SAN QUENTIN CA 94964 | 424600 Cash |

| | SPHERE | CYL | AXIS | DIST | NEAR | PRISM (I/O) | PRISM (U/D) |
|---|---|---|---|---|---|---|---|
| R | -1.00 | -1.25 | 150 | 66.0 | 63.0 | | |
| L | -1.25 | -2.25 | 060 | 66.0 | 63.0 | | |

| | BASE | COLOR | TINT | COAT | SIZE | OCHT | THK | COATINGS |
|---|---|---|---|---|---|---|---|---|
| R | 4.00 | CLR | | | | | | |
| L | 4.00 | CLR | | | | | | |

| | MAT | LENS STYLE | ADD | SGHT | |
|---|---|---|---|---|---|
| R | P | ST28 | 225 | 15.0 | 13.25 |
| L | P | ST28 | 225 | 15.0 | 13.25 |

*** EFFECTIVE JAN.1,2005 NEW PRICE LIST ***

PLASTIC CR39
88641307
CHARGE ON THE LENSES ONLY

PIA OPTICAL
CSP-SOLANO

| FRAME DESCRIPTION |
|---|
| ENCLOSED(LO)<br>UNKNOWN POF<br>TORT<br>EYE: 49 BR: 18 |

5A43

CONFIDENTIAL -- Contains Protected Health Information

TOTAL 26.50

| INVOICE NO. | PLE 741158 | | | DATE IN | DATE OUT |
|---|---|---|---|---|---|
| TRAY NO. | 94813 | RX NO. | H53400 | 06/06 | 06/12/07 |

(C) COPYRIGHT DIGITAL VISION, INC 2007
All rights reserved

COMPLAINT

RANDALL SCOTT CASH H53400
SAN QUENTIN PRISON
SAN QUENTIN, CA. 94974

IN PRO PER

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br>RANDALL SCOTT CASH<br>PLAINTIFF<br>~~[illegible]~~<br>VS.<br>JAHANGIR SADEGHI<br>DEFENDANT | No.<br>DECLARATION OF SEQUENCE OF EVENTS - WHEN DAMAGE OCCURRED VERSUS LATER INJURY |

I. RANDALL SCOTT CASH. DECLARE THAT I AM A PETITIONER TO THE ABOVE REFERENCED MATTER, THAT I AM INCARCERATED AT SAN QUENTIN PRISON AND DO HEREBY DECLARE THE FOLLOWING:

IN SUPPORTING DOCUMENTS - (EXHIBIT A II) IN THE DIRECTORS' LEVEL APPEAL DECISON ~ ROMAN NUMERAL II SECOND LEVEL DECISION THERE IS A STATEMENT. "ON AUGUST 31, 2006 DR. SADEGHI PERFORMED ADDITIONAL SURGERY BECAUSE THE APPELLANTS' IRIS WAS PROLAPSED THROUGH THE CORNEAL INCISION, HIS PUPIL WAS IRREGULAR AND HE HAD HEMORRHAGE ON THE LID OF HIS RIGHT EYE. ACCORDING TO DR. SADEGHI THE APPELLANT CLAIMED TO HAVE INJURED HIS LEFT EYE HORSEPLAYING SOMETIME BEFORE AUGUST 31, 2006. ALSO SO STATED IN EXHIBIT D.

THIS INJURY OCCURRED BETWEEN THE AUGUST 9, 2006 SURGERY ON LEFT EYE AND REPAIR SURGERY ON AUGUST 31, 2006 AGAIN ON LEFT EYE. THIS COMPLAINT DEALS WITH DAMAGE TO RIGHT EYE THAT STEMS FROM ORIGINAL SURGERY ON RIGHT EYE ON MAY 3, 2006 UNRELATED TO LEFT EYE INJURY STATED ABOVE. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED ON November 24, 2007

Randall Scott Cash

RANDALL SCOTT CASH H53400
SAN QUENTIN PRISON
SAN QUENTIN, CA. 94974



IN PRO PER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE<br>RANDALL SCOTT CASH<br>PLAINTIFF<br>VS.<br>JAHANGIR SADEGHI<br>DEFENDANT | No.<br>DECLARATION OF TYPOGRAPHICAL ERROR IN ORIGINAL SUPPORTING DOCUMENT |
|---|---|

I, RANDALL SCOTT CASH, DECLARE THAT I AM A PETITIONER TO THE ABOVE REFERENCED MATTER, THAT I AM INCARCERATED AT SAN QUENTIN PRISON AND DO HEREBY DECLARE THE FOLLOWING:

IN SUPPORTING DOCUMENT EXHIBIT A - PAGE 2 OF 2 A. FINDINGS - IN THE TEXT IT IS STATED "DR. SADEGHI DROPPED A GUIDE RING INTO APPELLANTS' EYE THIS SHOULD BE REVISED HERE AND ELSEWHERE IN THIS EXHIBIT A, WHERE A GUIDE RING IS REFERRED TO, TO BE DEBRIS, AS A PIECE OF CORTEX. AS IN EXHIBIT E, PAGE 1 OF 2, DESCRIPTION OF PROCEDURE PARAGRAPH 2, LINE 3 - STATES "A PIECE OF CORTEX FELL DOWN INTO THE VITREOUS."

THIS ERROR STEMS FROM A VERBAL CONVERSATION ON AUGUST 31, 2006 BETWEEN APPELLANT AND DR. SADEGHI WHEN THE WORD DEBRIS WAS MISTAKEN AS GUIDE RING. SO, AS STATED ABOVE, THE PIECE OF CORTEX THAT FELL DOWN INTO THE VITREOUS WAS DEBRIS NOT A GUIDE RING

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED ON November 23, 2007

Randall Scott Cash


RANDALL SCOTT CASH
H53400-5A43
SAN QUENTIN PRISON
SAN QUENTIN, CA.
94974
6 2007
CLERK OF THE UNITED STATES
DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIF
450 GOLDEN GATE AVE
BOX 36060
SAN FRANCISCO, CA
94102
Confidential
Mail
Legal
RECEIVED
7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA