NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL S. CASH, | No. C 07-6252 JF (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| DR. JAHANGIR SADEGHI, | |
| Defendant. | (Docket No. 3) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. Plaintiff also filed a motion for appointment of counsel. The Court DENIES Plaintiff's motion for appointment of counsel (docket no. 3) without prejudice.

**DISCUSSION**

Plaintiff moves the Court for appointment of counsel. Plaintiff requests that the Court appoint counsel because Plaintiff is indigent and in order for his interests to be protected. See Pet's Mot. at 1. However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a

Order Denying Plaintiff's Motion for Appointment of Counsel
P:\PRO-SE\SJ.Jf\CR.07\Cash252denatty.wpd

district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 30 (1989).

The Court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); appointment of counsel is not necessary at this time. Accordingly, Plaintiff's motion for appointment of counsel (docket no. 3) is DENIED without prejudice. Plaintiff may renew his request for counsel at a later stage of the proceedings, if appropriate.

## CONCLUSION

Plaintiff's motion for appointment of counsel (docket no. 3) is DENIED without prejudice. The Court will review the merits of the complaint in a separate written order. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Plaintiff must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 12/18/07

_____
JEREMY FOGEL
United States District Judge

Order Denying Plaintiff's Motion for Appointment of Counsel
P:\PRO-SE\SJ.Jf\CR.07\Cash252denatty.wpd        2

1  A copy of this order was mailed to the following:

3  Randall Scott Cash
   H-53400
4  San Quentin Prison
   San Quentin, CA  94974

Order Denying Plaintiff's Motion for Appointment of Counsel
P:\PRO-SE\SJ.Jf\CR.07\Cash252denatty.wpd                3