# EXHIBIT B
## (part one - pp. 00093-00205)

## to

# DECLARATION OF JAHANGIR SADEGHI, M.D.,

# IN SUPPORT OF

# MOTION FOR SUMMARY JUDGMENT

*Cash v. Sadeghi*
United States District Court
Northern District of California
Case No. C 07-6252-JF (PR)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION      ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
**CALIFORNIA STATE PRISON – SAN QUENTIN**
San Quentin CA 94964



## DECLARATION OF LITIGATION COORDINATOR

I, E. H. Messick, declare as follows:

I am the Litigation Coordinator employed by the California Department of Corrections and Rehabilitation at San Quentin State Prison, San Quentin, California. In this capacity, I am authorized to access records maintained on inmates committed to the custody of the California Department of Corrections and Rehabilitation and housed at this institution.

A central file is maintained on each inmate housed in the Department of Corrections and Rehabilitation. The file is maintained by the Records Office at each institution housing the inmate, and transferred with the inmate to any other institution.

The documents and entries in documents pertaining to an inmate are prepared at or near the time of their occurrence by persons with knowledge of the circumstances or events.

The documents attached hereto are true and correct copies of documents from the file of inmate **Randall Cash, H-53400,** maintained in the regular course of business by the Department of Corrections and Rehabilitation at this institution.

I declare under penalty of perjury that I am competent to testify as a witness, that the foregoing is true and correct based on my personal knowledge except for those statements based on information and belief, and as to those statements I believe them to be true, and that if called as a witness, I would so testify.

Executed on July 21, 2008, at San Quentin, California.

E. H. Messick
Litigation Coordinator

00093

STATE OF CALIFORNIA

## CHRONOLOGICAL HISTORY

DEPARTMENT OF CORRECTIONS
CDC 112 (1 83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| 10-20-92 | Recieved S.Q. M | DC | Condemned | |
| 10-7-02 | O.T.C. Release to custody of Alameda, Co. Sheriffs Transportation unit/transport to Superior court as defendant case # H-8485 | LyD | CONDEMNED | |
| 11-16-02 | Intake          AUDIT | VJ | | |
| | **NOTIFICATION REQUIRED PER 3058.6 PC** | | | |
| | PC 296 DNA Required. | VJ | | |
| 4-30-04 | PC 296 DNA completed per DOJ | gmo | | |
| 11-8-02 | Retnd from O.T.C. | LyD | | |
| 11-14-05 | O.T.C. ALAMEDA CO. SUPERIOR COURT DEF. CASE NO. H-8485 | LyD | | |
| 11-17-05 | Resentenced Ala Co. case # H8485, LWOP from Condemned. | VJ | | LWOP |
| 12-23-05 | Retn from OTC from Ala Co. | AV | | |
| 12/29/05 | Rcv'd SQ-RC | CR | | |
| 1-25-06 | Intake/Transfer Audit PC 2933.2, ineligible to earn conduct credits PC 2933.5 Review found eligible to earn worktime credits on case # H8485. | DV | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Number H 53400 | Name Cash | | | Page 1 |

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS

LEGAL STATUS

| CDC NUMBER | ALPHA ID | NAME | | TERM STARTS | ETHNIC |
|---|---|---|---|---|---|
| H-53400 | | CASH, RANDALL, SCOTT | | ~~10-20-92~~ 11-17-2005 | White |

| MAX. RELEASE DATE | | | MIN. ADJ RELEASE DATE GT CR LOST/AT LARGE/BAIL | PAROLE PERIOD |
|---|---|---|---|---|
| ~~Death~~ *LWoP* | MEPD: | | ~~Death~~ *LWoP* | |

BASE TERM ~~Death~~ *LWoP* +ENHANCEMENTS_____ =TOTAL TERM ~~Death~~ *LWoP*

GOOD TIME CREDITS AVAILABLE (2931 PC) (PC_____ BC_____) =_____

PRE PRISON CREDITS:    CASE NO. H8485_____

                           2900.5 PC_____
HEARINGS          1202.03 PC_____
DOC:              2900.1 PC_____
INIT:                 CRC_____
              MENTAL HEALTH_____
              4019 PC_____
              2931 PC_____
         POST SENTENCE_____

TOTAL PRE PRISON CREDITS (DAYS)_____

REGISTRATION REQUIRED PER 3058.6
                PC 296

| DATE REC'D | CO. CASE NO. | CT. | CODE & OFFENSE | TYPE WPN | DATE OF OFFENSE | SENTENCE DATE |
|---|---|---|---|---|---|---|
| CONTROLLING PRINCIPAL AND CONSECUTIVE (INCLUDING ENHANCEMENT) OFFENSE(S): | | | | | | |
| 10-20-92 | H8485 | 1 | 187 PC Murder 1st. | Rifle | 10-27-85 | 10-20-92 |
| | | | ~~190.2 (a) (17) (i)~~ | | | |

(RESENTENCED TO *LWOP* ON 11-17-2005)

2  P 187 2ND/ATT
       CC

DEFENSE ATTORNEY: ~~F. General~~/ R. Plumhoff (WAGNER, A.G.)
INVESTIGATING AGENCY: NEWARK P.D./ ALAMEDA Co. D.A.

NAME  CASH, RANDALL  SCOTT
CDC 188C(1/81)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA

VS

CASH, RANDALL SCOTT

DEFENDANT

## PROBATION OFFICER'S REPORT AND RECOMMENDATION

EVENT NAME   CASH, RANDALL SCOTT
C.I.I. NAME   CASH, RANDALL SCOTT

JUDGE   Golde

ADDRESS_____   DEPARTMENT NO.   09

D.O.B   12/23/59          (AGE:   32   )          DOCKET NO.   H8485

SEX   MALE          ETHNIC   WHITE          REFERRAL DATE   07/21/92

HT. 5FT 10IN   WT. 145   HAIR   BROWN
C.I.I. NO.   08058550          COURT DATE   09/28/92

CEN.   5095924          DEFENSE ATTORNEY   PD-GENERA

PFN.   AOM173          REPORT BY _____ Janet LeRoy _____
                                            DEPUTY PROBATION OFFICER

CHARGES FILED   PC 187SP-U/G F; PC 187ATT/U-U F; PC 211USE/GBI F
PC 211U-U/GBI F; PC 459-2U/2GB F

CURRENT CHARGES   PC 187SP-U/G F; PC 187ATT/U/G F

CHARGE STATUS   Jury Verdict

DATE AND PLACE OF   ARREST          ARREST AGENCY NEWARK PD

10/29/85 FRESNO PD          NE

CURRENT CUSTODY STATUS   IN CUSTODY          DAYS IN JAIL THIS CHARGE   6 years, 336 days

CUSTODY STATUS THIS CHARGE          IN CUSTODY
                                                    O.R. ON          BAILED ON          AMOUNT $

MARRIED:  Yes_____  No_____  LIVES WITH _____   INCOME SOURCE _____

FORM 240 59  REV 9 79)

00096

CASH, Randall Scott                                    Docket H8485

## CRIMINAL HISTORY

<u>Juvenile</u>:  None known.

<u>Adult</u>:

<u>Date</u>                    <u>Offense and Disposition</u>

5/6/84                  <u>Offense</u>:  23152(a) VC, misdemeanor, driving under
Fremont                 the influence.

                        <u>Disposition</u>:  6/1/84, three years conditional
                        sentence (court probation) with $400.00 fine and DUI
                        School.

10/27/85                <u>Offense</u>:  187 PC with special circumstances and use
Newark                  of a gun, felony, murder; attempted 187 PC with use
                        of a gun, felony, attempted murder.

                        <u>Disposition</u>:  Present offense.

<u>Pending Criminal Cases</u>:  None known.

<u>Prior Probation History</u>:  The defendant has been granted probation as
indicated in his criminal record.  While he has been granted court
probation, he has never been under formal probation supervision in
Alameda County.

<u>Institutional and Parole History</u>:  None known.

## PRESENT OFFENSE

<u>Offense Summary</u>:  According to the attached summary of the offense
provided by the District Attorney, the defendant shared a residence at
6332 Noel Avenue, Newark with victims Bud Smith and Sue Ballestri.  He
reportedly indicated to others that he was thinking about taking the
money.  "On October 27 at 10:00 a.m., defendant kicked open Smith's
bedroom door and burst into the room where Smith and Ballestri were
in bed together sleeping.  Defendant held his .22 caliber rifle up,
pointed it at Smith, and shot him in the back as he slept, seven
times. . . .Ballestri covered her face with her hands as defendant
fired at her face. . . .Defendant shot her once in the arm and once in
the hand.  Defendant. . .began striking Ballestri. . .he pointed the
gun at her nipple and shot her again.  He then threw her against the
corner of the glass coffee table. . . .Defendant then grabbed a
wooden police style billy club and beat her with the club until it
broke. . .then pushed her into the bedroom, tied her and handcuffed her
to the dead victim. . .then started kicking her in the stomach, saying,
'Where's the money?'. . .she told him where the money was.  Defendant
then got the money. . .took several bindles of cocaine. . .used one,
and left. . . ."  The defendant was reportedly arrested two days later

-2-

00097

CASH, Randall Scott                              Docket H8485

in a motel room in Fresno with approximately $700.00 of an estimated
$1,000.00 taken.

Codefendant(s):  None.

Negotiated Plea:  The defendant was reportedly convicted by jury of
felony murder with special circumstances and the use of a gun and
felony attempted murder with the use of a gun.

District Attorney's Statement:  As of the preparation of the probation
report, the probation officer has received no statement from the
District Attorney.

Defense Attorney's Statement:  As of the preparation of the probation
report, the probation officer has received no statement from the
defendant's attorney.

Defendant's Statement Regarding Offense:  When the probation officer
attempted to interview the defendant in custody, he refused the
interview and stated that he had been told by his attorney not to
talk to the probation officer.

Defendant's Statement Regarding Probation:  None.

Victim's Notification and Statement:  Notice of the defendant's
September 28, 1992 sentencing hearing was sent on September 21, 1992
to victim Sue Ballestri, 6332 Noel Avenue, Newark, California.  Victim
Bud Smith is deceased.  Next of kin information was not readily
available from the Coroner's Office due to the age of the case.

Restitution, Fines and Fees:  Probation restitution inquiry has been
sent as noted above.

The defendant is subject to required fines and fees.

The defendant's ability to pay restitution, fines and fees is unknown
as he refused probation interview.

Time in Custody:  As of his September 28, 1992 sentencing hearing, the
defendant has reportedly served six years and 336 days in custody.  He
was reportedly taken into custody on October 29, 1985 and held to his
September 28, 1992 sentencing hearing.

SOCIAL FACTORS

The defendant refused to be interviewed by the probation officer so
that no social factor information is known.

SENTENCING FACTORS

Rule 413:  Probation Eligibility When Probation is Limited:

(b)        The defendant appears to be statutorily ineligible for
           probation pursuant to Penal Code 190.

-3-

CASH, Randall Scott                                    Docket H8485

Rule 421:  Circumstances in Aggravation:

(a) (1)    The crime involved great violence, great bodily harm, threat
           of great bodily harm, and other acts disclosing a high
           degree of cruelty, viciousness or callousness.

(a) (2)    The defendant was armed with and used a weapon at the time
           of the commission of the crime.

(a) (3)    The victims were particularly vulnerable as they shared a
           house with the defendant and were in bed at the time of the
           crime.

(a) (8)    The manner in which the crime was carried out indicates
           planning.

(a) (9)    The crime involved the taking of a large sum of money.

(a) (11)   The defendant took advantage of a position of trust or
           confidence to commit the offense.

(b) (1)    The defendant has engaged in violent conduct which indicates
           a serious danger to society.

Rule 423:  Circumstances in Mitigation:

(b) (1)    The defendant has an insignificant record of criminal
           conduct considering the recency and frequency of prior
           crimes.

Rule 425:  Criteria Affecting Concurrent or Consecutive Sentences:

(a) (2)    The crimes involved separate acts of violence or threats of
           violence.

(b)        All applicable circumstances in aggravation.

EVALUATION

Randall Scott Cash appears for sentence for felony murder with special
circumstances and the use of a gun and felony attempted murder with
the use of a gun as the result of October, 1985 offenses in which he
allegedly shot and killed a male roommate and shot and brutalized a
female roommate in a particularly callous manner before taking about
$1,000.00 and some cocaine.  The nature of the offenses in the present
matter suggests that the defendant is a serious danger to the community
even though he has no record of significant prior criminal conduct.

The defendant appears to be ineligible for probation in the present
matter.  He refused probation interview so that his view of the
offenses and his personal background remain unknown.

-4-

CASH, Randall Scott                                    Docket H8485

## RECOMMENDATION

It is respectfully recommended that probation be denied and that a
restitution fine of $100.00 be imposed pursuant to Section 13967 of the
Government Code.

Date typed:  9/23/92                    Respectfully submitted,
tlt
                                        DON HOGNER
Approved by:                            CHIEF PROBATION OFFICER


_____      By:_____
Thomas Compton                          Janet LeRoy
Unit Supervisor                         Deputy Probation Officer

I have read and considered
the foregoing report.


_____
JUDGE, SUPERIOR COURT

-5-

00100

A2A9 01E

PEOPLE vs.   CASH, RANDALL SCOTT            COUNTY NO. __H-8485__

> Address:  6332 Noel Ave., Newark
> Date of Birth:   12/23/59

OFFENSE:  187,att.187,211/213.5 (Spec.Cirx.)/459/211/213.5, all with arm,use,
            GBI

> Date of Offense:    10/27/85
> Place of Offense:    6332 Noel Ave., Newark
> Date, Place of Arrest:
> Name, Address of victim, principal witnesses:

> > Bud Smith (deceased)
> > Sue Ballestri, 6332 Noel Ave., Newark

INVESTIGATING OFFICER:    NPD Weaver
DEPUTY D.A.:        Bailey
COURT, MAGISTRATE:        F-N-UC   Pucci

> Date of: Plea_____ Holding Order:__7/24/86__
> Date of sentence:
> Defense Attorney:    PD
> Bail:    None

PRIORS ADMITTED:    None Charged

> Criminal Record:    Attached

SUMMARY OF OFFENSE:

Defendant lived with victims Bud Smith and Sue Ballestri in Smith's rented house at 6332
Noel Ave. in Newark. About 1½-2 months prior to Oct.27,1985, defendant told Todd Babbitt,
that he (defendant) should shoot Smith with his (defendant's) .22 rifle and take the 3 or 4
thousand dollard that he knew Smith had on hand. On the evening prior to the 27th of Oct.
Michelle Rinehart heard defendant ask where he could get a small caliber gun. Rinehart said,
"At a pawn shop." Defendant then said he didn't want anyone to know about it, he didn't want
it on paper. During the two weeks prior to the 27th of Oct. defendant's friend, J.R. Roberts,
heard defendant say several times: "I'll just rip him off and leave town, he's got all that
cash."

On Oct.27th at 10:00 AM defendant kicked open Smith's bedroom door and burst into the room when
Smith and Ballestri were in bed together sleeping. Defendant held his .22 caliber rifle up,
pointed it at Smith and shot him in the back as he slept, seven times. Ballestri sat up in
bed and defendant pointed the gun at her. Ballestri covered her face with her hands as defendant
fired at her face. The .22 caliber bullet struck her middle finger (nearly severing it) and
was deflected by the bone. Defendant shot her once in the arm and once in the hand. Defendant
then grabbed Ballestri by her hair, dragged her into the living room and threw her onto the
couch. Defendant then reversed the rifle in his hands and began striking Ballestri with the
hardened plastic rifle stock. Defendant struck her multiple times with such force that Ballestri
was covered with blood from her head wounds and the gun stock shattered on her head. Defendant
then told her to lie on the floor, when she refused, he pointed the gun at her nipple (victim
was naked) and shot her again. He then threw her against the corner of the glass coffee table

CTH 008 (9/77)                        (over)

causing a deep puncture wound in her chest. Defendant then grabbed a wooden police-style billy club and beat her with the club until it broke. Defendant then pushed her into the bedroom, tied her and handcuffed her to the dead victim, Smith and gagged her. Defendant then started kicking her in the stomach, saying, "Where's the money?" He pulled out the gag and she told him where the money was. Defendant then got the money, defendant took several bindles of cocaine that victim Smith had in the room, used one, and left. He closed the bedroom door, but then returned. He went over to victim Ballestri, who was pretending to be dead, and lifted her leg to look at her vaginal area. After a few moments he left.

Defendant was arrested two days later in a motel room in Fresno with some of the money, approximately $700.00 of an estimated $1,000.00.BAILEY:bjm

00102

S.Q. MAIN RECORDS

## INSTITUTION STAFF RECOMMENDATION SUMMARY

**SOURCES OF INFORMATION:**

Abstract of Judgement dated October 23, 1992, Legal Summary dated October 20, 1992; POR dated September 23, 1992; and Inmate Interview of November 1, 1993.

**CONFIDENTIAL INFORMATION:**

No confidential folder to review at this time.

**HOLDS/DETAINERS:**

No holds or warrants as of this date.

**MEDICAL/DENTAL:**

No medical or dental deficiencies noted as of this date.

**PSYCHIATRIC/PSYCHOLOGICAL:**

No mental disorder indicated at this time.

**WORK SKILLS:**

Printer.

**NARCOTICS/DRUGS/ALCOHOL:**

None noted at this time.

**ESCAPE HISTORY:**

None noted at this time.

**ARSON HISTORY:**

None noted at this time.

**SEX RELATED OFFENSES:**

None noted at this time.

**ACADEMIC/VOCATIONAL:**

Completed GED in 1987 in Kansas, however, this has not been verified.

**NAME:** CASH, RANDALL SCOTT    **NO.:** H-53400    **SQ-MAIN DATE:** 10/20/92    agh

**CASEWORK FOLLOW-UP:**

San Quentin State Prison needs to obtain the updated CCI and FBI reports.

**EVALUATION:**

Cash is a 33 year old white male, received at San Quentin State Prison on October 20, 1992, from Alameda County under sentence of death for his conviction on one count of 1st degree murder with special circumstances (shot and killed male roommate - shot and beat female roommate while robbing apartment.)    The victims were roommates with Cash.

Cash is presently housed on MAXA custody, Grade A condemned program. During his incarceration at the Alameda County jail, he was not a management problem.

During this interview, Cash was very cooperative and answered all questions. He feels that he will be able to program in East Block without any problems. At this time, it appears that Cash has adjusted to being incarcerated. He programs and is not a management problem.

**CLASSIFICATION SCORE:** 59          **CUSTODY LEVEL:** MAXA

**INSTITUTION RECOMMENDATION:**

San Quentin Condemned Row per death sentence.

**CORRECTIONAL COUNSELOR:** R. C. JENSEN, CCI

**SUPERVISOR'S RECOMMENDATION:**  concur

*qc Johnstrom, CCII*

**NAME:** CASH, RANDALL SCOTT      **NO.:** H-53400      **SQ-MAIN DATE:** 10/20/92      agh

## SOCIAL FACTORS

| PARENTS: | NAME | AGE | OCCUPATION | ADDRESS |
|---|---|---|---|---|
| MOTHER: | SANDY CASH | DECEASED | | |
| FATHER: | FRANK CASH | UNKNOWN | | UNKNOWN |

**SIBLINGS:**

| 1. BROTHER | STEVE ROBINSON | UNKNOWN | 702 S. 14TH STR. #4 MARYSVILLE, KS 66508 |
|---|---|---|---|
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| MARRIAGES: NONE | LOCATIONS | DATE | CURRENT ADDRESS | OUTCOME |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |

**NOT LEGALIZED: NONE**

1.
2.

| CHILDREN: NONE | AGE | SUPPORTED BY | LIVING WITH |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

**FAMILY ARREST HISTORY: NONE**

1.
2.

**SOCIAL SECURITY NUMBER:** 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

**DRIVER'S LICENSE:** NONE

**RELIGION:** NONE

NAME: CASH, RANDALL SCOTT    NO.: H-53400    SQ-MAIN DATE: 10/20/92    agh

00105

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
SAN QUENTIN PRISON

October 28, 1992                          RE: Cash, Randall Scott
                                              H-53400  (CONDEMNED)

PSYCHOLOGICAL EVALUATION

Mr. Cash has been interviewed by the undersigned psychologist in an office in East Block on 10-28-92.  This report is based upon a review of his psychiatric, medical, and central files, and a clinical interview which included the following psychological tests: the Bender-Gestalt, and the Draw-A-Person.

A review of the psychological and social development of Mr. Cash did not reveal a history of hospitalization for mental illness, nor any clear evidence of serious psychological impairment in social, or occupational functioning in the past.  It appears, in retrospect, that his pattern of irresponsible and antisocial behavior, in which he violated the rights of others, began in adolescence and continued into adulthood.

In the clinical interviews Mr. Cash presented himself in a friendly and cooperative manner.  He stated that he began experiencing some psychological problems in the county jail soon after his incarceration for the instant offense.  He said that he was seen by psychiatric staff and was treated with a variety of antianxiety agents including: Ativan, Vistaril, Sinequan, and Xanax, and that he had been on Xanax for 5 years because it had the best therapeutic result.  He also noted that he began experiencing psychological problems soon after his Xanax was discontinued and that they continued to the present.  (Mr. Cash was seen earlier this day by the Unit Psychiatrist and was prescribed Elavil as it appears that his psychological problems may be due in part to withdrawal from long-term use of benzodiazepines.)

Notwithstanding the above, brief mental status examination was relatively unremarkable.  Throughout the interviews he was alert, well-oriented to time, place and person, and in good reality contact.  His stream of conversation was lucid, coherent and to the point.  His ability to focus attention and to concentrate was unimpaired.  His thinking was goal directed and logical.  His memory was intact for immediate, recent and remote memories.  And, his mood and affective tone varied to the topic of discussion and to the situation.  He gave no history of suicidal gestures or attempts, and when asked if he had any thoughts of self-harm, he replied "No."  There was no evidence of serious depression, nor was there any other indication of any suicidal ideation or intent.  As the interviews progressed it was evident that his cognitive functions were adequately developed, and that his conceptual thinking, reasoning, cognitive awareness, and ability to comprehend were quite adequate for the formation of good judgment.  In sum, there was no evidence of psychosis, organic brain dysfunction, or any serious psychological impairment in social functioning.

Cash, H-53400              (CONDEMNED)    San Quentin          10-28-92

Diagnostic Impression:
```
Axis I    (309.28) Adjustment Disorder with mixed emotional features.
          (303.90) Alcohol Dependence.
          (304.20) Cocaine Dependence.
          (305.90) Psychoactive Substance Abuse NOS, including: Cannabis,
                   Methamphetamine, Barbiturates, and Hallucinogens.
Axis II   (301.70) Antisocial Personality Disorder.
```

*M. Lyons, Ph.D.*
M. LYONS, Ph.D.
Staff Psychologist

Cash, H-53400            (CONDEMNED)    San Quentin         10-28-92

# MEMORANDUM

Department of Corrections and Rehabilitation

Date:    April 26, 2006

To:    Classification Services Unit
Division of Adult Institutions

From:    California State Prison – San Quentin, San Quentin, CA 94964

Subject:    **DEPARTMENTAL REVIEW BOARD – RANDALL SCOTT CASH H-53400**

## Reason for Referral to Departmental Review Board (DRB):

Inmate Randall Scott Cash H-53400, was received at San Quentin State Prison on October 20, 1992, from Alameda County, following a conviction for one count of First Degree Murder with special circumstances and one count of Attempted Murder, second degree.  On November 17, 2005, the Alameda County Superior Court re-sentenced Cash to Life Without the Possibility of Parole.  This case is being referred to the Departmental Review Board (DRB) for placement in a General Population setting since Death Row Housing is no longer appropriate.

## Significant Criminal History:

The CI&I report and the Alameda Probation Officer's Report reflects that Cash has no juvenile criminal history.  His adult criminal history consists of Driving Under the Influence and the Instant Offense.  There is no history of escape, arson, or sex related offenses.

The Instant Offense began when he kicked open the bedroom door of the two victims he shared a residence with.  The two victims were sleeping.  Inmate Cash shot one victim in the back seven times while she slept.  The other victim covered her face with her hands as he fired the gun at her face.  She was shot once in the hand and once in the arm.  He began striking her; he pointed the gun at her nipple and shot her again.  He threw her against the glass coffee table then grabbed a wooden police-style billyclub and beat her with the club until it broke.  He pushed her into the bedroom, then hand cuffed her to the dead victim, and started kicking her in the stomach while asking her, "Where's the money?"  The victim told him where to find the money.  He took the money and several bindles of cocaine.  He used one bindle and left.  Cash was arrested two days later in a motel room in Fresno with approximately $700.00, of what was taken.

## Departmental History:

Cash is a 46-year-old, White male received at San Quentin on October 20, 1992, from Alameda County following a conviction for one count of First Degree Murder with special circumstances and one count of Attempted Murder, second degree.  On November 17, 2005, the Superior Court of Alameda upheld the conviction and overturned the Death Penalty sentence to Life Without the Possibility of Parole.

DEPARTMENTAL REVIEW BOARD – RANDALL SCOTT CASH
Page 2

Cash appeared before Institutional Classification Committee (ICC) for his Initial Classification Review on October 22, 1992. Following a review of his Case Factors, he was assigned to the Grade A Program and has remained disciplinary free to this date. He last appeared before the ICC on December 29, 2005, due to his re-sentencing and Lifer status. ICC released Cash to the Reception Center Badger Section and recommended referral to the DRB for transfer consideration.

There is no disciplinary history.

There is one documented enemy on the CDCR 812C. The CDCR 812 is clear of enemies and clear of gang activity.

Cash is not a participant in the Mental Health Services Delivery System. His classification score is 52.

**Discussion:**

Based on the sentence of Life Without the Possibility of Parole, Cash should be reviewed for transfer to an appropriate Level IV General Population Facility.

**Recommendation:**

Cash meets the criteria for placement in a 270-degree facility based on the lack of gang activity and disciplinary history. Following careful consideration of all case factors, it is recommended that Inmate Cash be considered for endorsement to and transfer to HDSP IV with an alternate placement of COR IV.

EDDIE YLST
Warden (A)

CALIFORNIA
731 (Rev 10/01)                                                    DEPARTMENT OF CORRECTION

## AUDIT CHECKSHEET
(See Directions on Back)

Analyst  __Blanche Larson__

Institution  __SQ-RC__          Date  __12-5-06__

TYPE OF AUDIT  ☒ Intake  ☐ 60-day  ☐ 10-day
☐ Other  ☐ Preboard  ☐ PIC  ☒ Transfer

**LEGAL**
- ☒ Number of active cases
- ☒ Reason LSS properly recorded
- ☐ Discrepancies/problems referred to LPU
- ☐ Documents requested from Court
- ☐ VC 14475 imprisonment in lieu of fine
- ☐ Restitution  ☐ DC 1497/ATAD
- ☐ PC 1203.4(b)

Fingerprint Cards  ☒ Correct  ☐ Requested
- ☐ DOJ notified of corrections
Photos  ☒ Within 5 years  ☐ Requested
- ☐ CDC 188 linked  ☐ Transfer approved

**STATUS**                                        ☒ N.A.
- ☐ High Control  ☐ On CDC 112
- ☐ SVP form in file  ☐ Excluded  ☐ Yes  ☐ No
- ☐ PC 1170(f) Report Requested/on CDC 112/LSS
- ☐ PC 1203.05 Visiting restriction (Sentenced 1-1-93)
- ☐ PC 2962 MDO vs

**CREDIT EARNING STATUS**
- ☐ 1/2 WTL  ☐ Pre 1983-Signed Waiver in file
- ☐ Pre/Post 1982 Half-time  ☐ Pre/Post 1983-Waiver not signed
- ☐ 2/3 calculation projected at 1/3
- ☐ Reviewed for release
- ☐ PC 2931.5 (1-1-83)  ☒ Elig.  ☐ Inelig.
- ☐ PC 2933.1 (9-21-94)
- ☒ Court comments/Other Orders in OBIS
- ☐ Mixed credit codes  ☐ PC 667 (c) (3-7-94)
- ☐ CDC 112 posted  ☐ 6-month WCG
- ☐ Time cards purged

**PAROLE VIOLATOR-AVNT**                  ☒ N.A.
- ☐ Referred for revocation  ☐ Hearing Scheduled
- ☐ Previous time collection purged  ☐ Printout in file
- ☐ RRD & BPT Recalculated
- ☐ EPRD Controls  ☐ RRD Controls  ☐ On CDC 112
- ☐ CONS or 5 Previous Term Discharged
- ☐ Miscellaneous Decision submitted

**PAROLE VIOLATOR-RTC**                     ☒ N.A.
- ☐ PC 3057 (2)(3)  ☐ Elig.  ☐ Inelig.
- (E)PRD & RRD correctly calculated & on:
- ☐ CDC 112  ☐ CDC 144
- ☐ PAL Time verified (suspend/reinstate)

**COMMENTS:**

**REGISTRATION**                                     ☒ N.A.
- ☐ PC 290 Preregistrations                     ☐ Completed
- ☐ PC 290 Prereg. posted on CDC 112
- ☐ H&S 11590
- ☐ PC 290                                             ☐ Sent
- ☐ PC 457.1 (Sentenced 11-30-94)          ☐ Sent
- ☐ On LSS                                            ☐ Sent

**NOTICES**                                            ☐ N.A.
- ☐ PC 3058.6  ☒ On CDC 112              ☐ Se
- ☐ PC 3058.61  ☐ On CDC 112              ☐ Se
- ☐ PC 3058.65  ☐ On CDC 112              ☐ Se
- ☐ PC 3058.8  ☐ On CDC 112               ☐ Se
- ☐ PC 3058.9  ☐ On CDC 112               ☐ Se
- ☐ PC 3060.6  ☐ On CDC 112               ☐ Se

**MEDICAL**                                            ☐ N.A.
- ☒ PC 296 Blood & Saliva                      ☒ Palm Print
- ☐ Ordered                                           ☐ CMO Notif
- ☐ CDC 128C in file                              ☐ Letter to C
- ☐ PC 645  ☐ Court Order                     ☐ Letter to C
- ☐ PC 1202.1 Aids Testing                    ☐ Letter to C
- ☐ PC 3002 Psych Eval. Required           ☐ CMO Not
  *Completed*                                         ☐ On

**CREDIT LOSSES**                                   ☒ N.A.
- ☐ Pending Disciplinary
- ☐ CDC 115 in file  *NONE*                    ☐ On CDC
- ☐ Confirmed (to 6-5-95)                        ☐ In OBIS
- ☐ Release Date Recalculated                  ☐ On CDC
- ☐ PV Referred for extension hearing

**CREDIT RESTORATION**                          ☒
- ☐ On CDC 112  ☐ Chrono in file

**HOLDS / WANTS / DETAINERS**              ☐ N.A.
- ☐ Detainer in file                                 ☐ In OBIS
- ☐ CDC 661 sent and copy in file            ☐ Inmate a
- ☒ CII/FBI reviewed                              ☐ WIS only
- ☐ Possible Hold                                   ☐ PC 138

**LIFER**  *IWOP*
- ☐ Life Term Starts date calculated on CDC 112
- ☐ MEPD/hearing date correct            ☐ On CDC
- ☐ ALL BPT actions posted correctly to CDC 112
- Reviewed Per:  ☐ Monigold  ☐ Stone  ☐ Tr

**CONFIDENTIAL**                                    ☒
- ☐ Victim/Next-of-Kin of BPT  ☐ Victim/Witne

CDC NUMBER  __H53400__        INMATE NAME  __Cash, Randall__

01100

State of California
CDC Form 1151 (7-1998)

# AUDIT CHECKLIST
(See Directions on Back)

| Specialist: Jones-Vom | Type of Audit | ☒ Intake | ☐ 60-Day | ☐ 10 Day |
| Institution: San Quentin - Main    Date: 11·16·02 | ☐ Other | ☐ Preboard | ☐ PIC | ☐ Transfer |

**LEGAL**
- ☑ Number of active cases _____ 1
- ☐ All cases on LSS properly recorded
- ☐ Discrepancies/problems referred to LPU
- ☐ Documents requested from Court
- ☐ VC23175 imprisonment in lieu of fine
- ☐ Restitution          ☐ CDC 149/ITAD
- ☐ PC 1203.1m
- Fingerprints Cards    ☑ Correct    ☐ Requested
  - ☐ DOJ notified of corrections
- Photos    ☑ Within 5 yrs.    ☐ Requested
- ☐ CDC #s linked    ☐ Transfer approved

**STATUS**    ☑ NA
- ☐ High Control    ☐ On CDC 112
- ☐ SVP form in file    ☐ Excluded    ☐ Yes    ☐ No
- ☐ PC 1170(d) Report Requested/on CDC 112/LSS
- ☐ PC 1202.5 Visiting restriction (Sentenced 1/1/93)
- ☐ PC 2962 MDVO

**CREDIT EARNING STATUS**
- ☐ IWTIP    ☐ Pre 1983-Signed Waiver in file
- ☐ Post 1983-Vested    ☐ Pre/Post 1983-Waiver not signed
- ☐ D-2 Calculation projected at 1/3
- ☐ Reviewed per Ramos
- ☐ *PC 2933.5 (1/1/91    ☐ Elig.    ☐ Inelig.
- ☐ *PC 2933.1 15% (9/21/94)
- * Enter comments in Other Orders in OBIS
- ☐ Mixed credit codes    ☐ PC 667(e) (3/7/94)
- ☐ CDC 112 posted    ☐ 6-month WCG
- ☐ Time cards purged

**PAROLE VIOLATOR WNT**    ☑ NA
- ☐ Referred for revocation    ☐ Hearing Scheduled
- ☐ Previous time collection purged    ☐ Printout in file
- ☐ RRD & EPRD calculated
- ☐ EPRD Controls    ☐ RRD Controls    ☐ On CDC 112
- ☐ CCR 2649/Previous Term  Discharged
- ☐ Miscellaneous Decision submitted

**PAROLE VIOLATOR RTC**    ☑ NA
- ☐ PC 3057(D)(1)    ☐ Elig.    ☐ Inelig.
- (P)RRD/All CDDs correctly calculated & on:
  - ☐ CDC 112    ☐ CDC 144
- ☐ PAL Time Verified (suspend/reinstate)

**REGISTRATION**    ☑ NA
- ☐ PC 290 Preregistrations    ☐ Completed
- ☐ PC 290 Preregistration posted on CDC Form 112
- ☐ H&S 11590    ☐ Sent
- ☐ PC 290    ☐ Sent
- ☐ PC 457.1 (Sentenced 11/30/94)    ☐ Sent
- ☐ On LSS

**NOTICES**    ☐ NA
- ☑ PC 3058.6    ☐ LSS    ☐ On CDC 112
  - ☐ 60-day letter    ☐ PC3060.6    ☐ Phone/FAX/TTY
- ☐ PC 3058.8☐ PC3058.61☐ PC3058.9    ☐ On CDC 112
  - ☐ 60-day letter☐ PC3058.65    ☐ Phone/Fax
- ☐ PC 11150    ☐ Sent

**MEDICAL**    ☐ NA
- ☑ PC 296    Blood & Saliva    ☐ Palm Print
  - ☑ Ordered    NEED    ☐ CMO Notified
  - ☐ CDC 128C in file    ☐ Letter to Court
- ☐ PC 645    ☐ Court Order    ☐ Letter to Court
- ☐ PC 1202.1 Aids Testing    ☐ Letter to Court
- ☐ PC 3002 Psych Eval. Required    ☐ CMO Notified
- ☐ On LSS

**CREDIT LOSSES**    ☑ NA
- ☐ Pending Disciplinary
- ☐ CDC 115 in file    ☐ On CDC 112
- ☐ Confirmed (to 6/5/95)    ☐ In OBIS
- ☐ Release Date Recalculated    ☐ On CDC 112
- ☐ PV Referred for extension hearing

**CREDIT RESTORATION**    ☑ NA
- ☐ On CDC 112    ☐ Chrono in file    ☐ In OBIS

**HOLDS/WANTS/DETAINERS**    ☑ NA
- ☐ Detainer in file    ☐ In OBIS
- ☐ CDC 661 sent and copy in file    ☐ Inmate advised
- ☐ CII/FBI reviewed    ☐ WIS only
- ☐ Possible Hold    ☐ PC 1381/1389

**LIFER**    ☑ NA
- ☐ Life Term Starts date calculated on CDC 112
- ☐ MEPD/hearing date correct    ☐ On CDC 112
- ☐ ALL BPT actions posted correctly to CDC 112
- Reviewed Per:    ☐ Monigold    ☐ Stoffle    ☐ Thompson

**CONFIDENTIAL**    ☑ NA
- ☐ Victim/Next-of-Kin of BPT    ☐ Victim/Witness Sticker

**COMMENTS**

NEEDS "Rap Sheet"

| NUMBER | INMATE NAME: |
| 53400 | CASH, Randall |

RC

```
FILED

DEC 1 8 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By A.M. Galdjie, Deputy
```

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

In re RANDALL SCOTT CASH,   H 53400  )
                                      )   Case No.  SC 156921 A
      Petitioner,                     )
                                      )   **ORDER DENYING PETITION FOR**
                                      )   **WRIT OF HABEAS CORPUS**
                                      )
_____)

     Petitioner is an inmate at San Quentin State Prison.  In his Petition he complains about "improper, intentionally negligent medical care."

     The federal court has assumed jurisdiction over issues regarding medical care of inmates at the California Department of Corrections.  A Receiver has appointed by the federal court to address complaints such as Petitioner's.

     This Court lacks jurisdiction to consider the issues raised by the Petition.  The Petition for Writ of Habeas Corpus is therefore denied.

Dated:  December 18, 2007

_____
JUDGE OF THE SUPERIOR COURT

---

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS – PAGE 1

00112

DEPARTMENT OF CORRECTIONS                                    STATE OF CALIFORNIA

## PERSONAL/CONFIDENTIAL INFORMATION
## DISCLOSURE/ACCESS LOG

NAME *Cash*

NUMBER *1453400*

| DATE | INFORMATION DISCLOSED | DISCLOSED TO (Name, Title, Address) |
|------|----------------------|-------------------------------------|
| MADE BY | | |
| AUTHORIZED BY | PURPOSE | |

| DATE | INFORMATION DISCLOSED | DISCLOSED TO (Name, Title, Address) |
|------|----------------------|-------------------------------------|
| MADE BY | | |
| AUTHORIZED BY | PURPOSE | |

| DATE | INFORMATION DISCLOSED | DISCLOSED TO (Name, Title, Address) |
|------|----------------------|-------------------------------------|
| MADE BY | | |
| AUTHORIZED BY | PURPOSE | |

| DATE | INFORMATION DISCLOSED | DISCLOSED TO (Name, Title, Address) |
|------|----------------------|-------------------------------------|
| MADE BY | | |
| AUTHORIZED BY | PURPOSE | |

| DATE | INFORMATION DISCLOSED | DISCLOSED TO (Name, Title, Address) |
|------|----------------------|-------------------------------------|
| MADE BY | | |
| AUTHORIZED BY | PURPOSE | |

| DATE | INFORMATION DISCLOSED | DISCLOSED TO (Name, Title, Address) |
|------|----------------------|-------------------------------------|
| MADE BY | | |
| AUTHORIZED BY | PURPOSE | |

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT - INDETERMINATE
### [NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]

CR-292

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>BRANCH OR JUDICIAL DISTRICT  RENE C. DAVIDSON COURTHOUSE | **ENDORSED FILED**<br>ALAMEDA COUNTY |

PEOPLE OF THE STATE OF CALIFORNIA vs.    DOB: 12-23-59    H8485    -A

DEFENDANT: **RANDALL SCOTT CASH**

-B

AKA:

CII#: **08058550**

BOOKING INFORMATION: PFN: **AOM173**    CEN: **5095924**

**NOV 2 9 2005**

☐ NOT PRESENT

CLERK OF THE SUPERIOR COURT
By Yolanda Phuong, Deputy

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT    ☐ AMENDED ABSTRACT    -D

| DATE OF HEARING **11-17-05** | DEPT. NO. **011** | JUDGE **THOMAS REARDON** |
|---|---|---|
| CLERK **Bipina Patel** | REPORTER **Roshon Rutledge** | PROBATION NO. OR PROBATION OFFICER **Michael Ciraolo** |
| COUNSEL FOR PEOPLE ☒ Deputy District Attorney ☐ State Attorney General **Angela Backers** | | COUNSEL FOR DEFENDANT ☐ Deputy Public Defender ☒ Private Counsel **Alfons G. Wagner** |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   _____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | CONVICTED BY Jury | Court | Plea | Concurrent | Consecutive | 654 Stay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187* | MURDER FIRST DEGREE | 1985 | 06-18-92 | X | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM as follows

4. ☒ LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts 1
5. ☐ LIFE WITH THE POSSIBILITY OF PAROLE on counts _____
6. a. ☐ 15 years to Life on counts _____    c. ☐ _____ years to Life on counts _____
   b. ☐ 25 years to Life on counts _____    d. ☐ _____ years to Life on counts _____
   PLUS enhancement time shown above.
7. ☒ Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to ☐ PC 667(b)-(i) or PC 1170.12 ☐ PC 667.61 ☐ PC667.7 ☐ other (specify):

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CR-292 (Rev. January 1, 2003) | ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE<br>[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED] | Penal Code<br>§§ 1213, 1213.5 |

Y:\Typing\Typing2005\xH8485.aoj.doc

1

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: RANDALL SCOTT CASH

| H8485 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

9.  FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a.  Restitution Fine(s):
Case A: $_____ per PC 1202.4(b) forthwith per PC 2085.5;   $_____ per PC 1202.45 suspended unless parole is revoked.
Case B: $_____ per PC 1202.4(b) forthwith per PC 2085.5;   $_____ per PC 1202.45 suspended unless parole is revoked.
Case C: $_____ per PC 1202.4(b) forthwith per PC 2085.5;   $_____ per PC 1202.45 suspended unless parole is revoked.
Case D: $_____ per PC 1202.4(b) forthwith per PC 2085.5;   $_____ per PC 1202.45 suspended unless parole is revoked.

b.  Restitution per PC 1202.4(f):
Case A: $_____  ☐ Amount to be determined    to:  ☐ victim(s)*    ☐ Restitution Fund
Case B: $_____  ☐ Amount to be determined    to:  ☐ victim(s)*    ☐ Restitution Fund
Case C: $_____  ☐ Amount to be determined    to:  ☐ victim(s)*    ☐ Restitution Fund
Case D: $_____  ☐ Amount to be determined    to:  ☐ victim(s)*    ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 11, below.)

c.  Fine(s):
Case A: $_____ per PC 1202.5.  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case B: $_____ per PC 1202.5.  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case C: $_____ per PC 1202.5.  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case D: $_____ per PC 1202.5.  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

d.  Lab Fee and Drug Program Fee:
Case A: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).

10.  TESTING
    a. ☐ AIDS pursuant to PC 1202.1    b. ☐ DNA pursuant to PC 296    c. ☐ other (specify):

11.  OTHER ORDERS (specify): Restitution is reserved.

12.  EXECUTION OF SENTENCE IMPOSED
    a. ☐ at initial sentencing hearing.                d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
    b. ☒ at resentencing per decision on appeal.       e. ☐ other (specify):
    c. ☐ after revocation of probation.

13.  CREDIT FOR TIME SERVED

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT |
|---|---|---|---|---|---|---|---|
| A | --- | --- | --- | ☐ 4019 ☐ 2933.1 | C | | | ☐ 4019 ☐ 2933.1 |
| B | | | | ☐ 4019 ☐ 2933.1 | D | | | ☐ 4019 ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: 11-17-05 | TIME SERVED IN STATE INSTITUTION: ☐ DMH    ☐ CDC    ☐ CRC |
|---|---|

14.  Defendant is remanded to the custody of the sheriff: ☒ forthwith    ☐ after 48 hours excluding Saturdays, Sundays and holidays.
To be delivered to: ☒ the reception center designated by Director, California Department of Corrections: ☒ San Quentin    ☐ Chowchilla
    ☐ other (specify):

CLERK OF THE COURT
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE  Yolanda Phuong | DATE  11-29-05 |
|---|---|

CR-292 (Rev. January 1, 2003)    ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE    Page 2 of 2

Y:\Typing\Typing2005\xH8485.aoj.doc

00115

H- 53400
SQ

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT - DETERMINATE
[not valid without completed page two of CR-290 attached]

CR-290

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>BRANCH OR JUDICIAL DISTRICT:  RENE C. DAVIDSON COURTHOUSE | |

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: RANDALL SCOTT CASH          DOB: **12-23-59**

AKA:

CII#: ' 08058550

BOOKING INFORMATION: PFN: AOM173   CEN: 5095924

☐ NOT PRESENT

| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT | ☐ AMENDED<br>ABSTRACT |
|---|---|

H8485    -A

-B

-C

-D

**ENDORSED
FILED
ALAMEDA COUNTY**

**NOV 2 9 2005**

CLERK OF THE SUPERIOR COURT
By Yolanda Phuong, Deputy

| DATE OF HEARING<br>11-17-2005 | DEPT. NO.<br>011 | JUDGE<br>THOMAS REARDON |
|---|---|---|
| CLERK<br>Bipina Patel | REPORTER<br>Roshon Rutledge | PROBATION NUMBER OR PROBATION OFFICER<br>Michael Ciraolo |
| COUNSEL FOR PEOPLE<br>Angela Backers  ☒ Deputy District Attorney  ☐ State Attorney General | | COUNSEL FOR DEFENDANT  ☐ Deputy Public Defender  ☒ Private Counsel<br>Alfons G. Wagner |

1. **Defendant was convicted of the commission of the following felonies:**
   ☐ Additional counts are listed on attachment
   ____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | JURY | COURT | PLEA | Term (L, M, U) | Concurrent | Consecutive 1/3 Violent | Consecutive 1/2 NON Violent | Consecutive Full Term | Incomplete sentence (refer to item 5) | 654 Stay | Principal or Consecutive Time Imposed YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 664/187** | Attempted Murder - 2nd Degree | 1985 | 06-18-92 | X | | | M | X | | | | | | (7 | 0) |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally.  Enter time imposed for each or "S" for stayed.  DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series).
   List all enhancements horizontally.  Enter time imposed for each or "S" for stayed.  DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).
5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |

6. ☐ TOTAL TIME ON ATTACHED PAGES:
7. ☐ Additional indeterminate term (see CR-292).

8. ☐ TOTAL TIME excluding county jail term:    (7    0)

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences.  Attachments may be used but must be referred to in this document.

| Form Adopted for Mandatory Use | ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE | Penal Code §§ 1213, 1213.5 |
|---|---|---|
| Judicial Council of California | (not valid without completed page two of CR-290 attached) | CR–290 (Rev. Jan. 1, 2003) |

Y:\Typing\Typing2005\xH8485.aoj2.doc

1

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: RANDALL SCOTT CASH

| H8485 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

9.  FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a.  Restitution Fines(s):

Case A: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
Case B: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
Case C: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
Case D: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.

b.  Restitution per PC 1202.4(f):

Case A: $_____    ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case B: $_____    ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case C: $_____    ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case D: $_____    ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund

(*List victim name(s) if known and amount breakdown in item 11, below.)

c.  Fine(s):

Case A: $_____    per PC 1202.5.    $_____    per VC 23550 or: _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case B: $_____    per PC 1202.5.    $_____    per VC 23550 or: _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case C: $_____    per PC 1202.5.    $_____    per VC 23550 or: _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case D: $_____    per PC 1202.5.    $_____    per VC 23550 or: _____ days    ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

d.  Lab Fee and Drug Program Fee:

Case A: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).

10.  TESTING
a.  ☐ AIDS pursuant to PC 1202.1    b.  ☐ DNA pursuant to PC 296    c.  ☐ other (specify):

11.  Other orders (specify): The Court orders the sentence imposed on the 2nd count is run concurrent as to the 1st count.

12.  EXECUTION OF SENTENCE IMPOSED
a.  ☐ at initial sentencing hearing.    d.  ☐ at resentencing per recall of commitment. (PC 1170(d).)
b.  ☒ at resentencing per decision on appeal.    e.  ☐ other (specify): _____.
c.  ☐ after revocation of probation.

13.  CREDIT FOR TIME SERVED

| | | | | | |
|---|---|---|---|---|---|
| Case A:  Total Credits: --- | Actual: --- | Local Conduct: --- | ☐ 4019 | ☐ 2933.1 |
| Case B:  Total Credits: _____ | Actual: _____ | Local Conduct: _____ | ☐ 4019 | ☐ 2933.1 |
| Case C:  Total Credits: _____ | Actual: _____ | Local Conduct: _____ | ☐ 4019 | ☐ 2933.1 |
| Case D:  Total Credits: _____ | Actual: _____ | Local Conduct: _____ | ☐ 4019 | ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: 11-17-2005 | TIME SERVED IN STATE INSTITUTION: ☐ DMH | ☐ CDC | ☐ CRC |
|---|---|---|---|

14.  Defendant is remanded to the custody of the Sheriff: ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to: ☒ reception center designated by Director, California Department of Corrections: ☒ San Quentin  ☐ Chowchilla
☐ Other (specify):

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE Yolanda Phuong  [signature] | DATE 11-29-2005 |
|---|---|

CR-290 (Rev. Jan. 1, 2003)    ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE    Page 2 of 2

Y:\Typing\Typing2005\xH8485.aoj2.doc

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT - INDETERMINATE
### [NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]

CR-292

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>BRANCH OR JUDICIAL DISTRICT   RENE C. DAVIDSON COURTHOUSE | **ENDORSED FILED**<br>ALAMEDA COUNTY<br><br>NOV 2 9 2005<br><br>CLERK OF THE SUPERIOR COURT<br>By Yolanda Phuong, Deputy |

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: **RANDALL SCOTT CASH**      DOB: 12-23-59 | H8485 | -A |
| AKA: | | -B |
| CII#: | | |
| BOOKING INFORMATION: PFN: AOM173   CEN: 5095924 | ☐ NOT PRESENT | |
| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT      ☐ AMENDED ABSTRACT | | -D |

| DATE OF HEARING<br>**11-17-05** | DEPT. NO.<br>**011** | JUDGE<br>**THOMAS REARDON** |
|---|---|---|
| CLERK<br>**Bipina Patel** | REPORTER<br>**Roshon Rutledge** | PROBATION NO. OR PROBATION OFFICER<br>**Michael Ciraolo** |
| COUNSEL FOR PEOPLE   ☒ Deputy District Attorney   ☐ State Attorney General<br>**Angela Backers** | | COUNSEL FOR DEFENDANT   ☐ Deputy Public Defender   ☒ Private Counsel<br>**Alfons G. Wagner** |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   _____ (number of pages attached)

| CNT. | CODE. | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | CONVICTED BY | | | Con-current | Con-secu-tive | 654 Stay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Jury | Court | Plea | | | |
| 1 | PC | 187* | MURDER FIRST DEGREE | 1985 | 06-18-92 | X | | | | | |
| | | | | | -  - | | | | | | |
| | | | | | -  - | | | | | | |
| | | | | | -  - | | | | | | |
| | | | | | -  - | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM as follows
4. ☒ LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts **1**
5. ☐ LIFE WITH THE POSSIBILITY OF PAROLE on counts _____
6.  a. ☐ 15 years to Life on counts _____      c. ☐ _____ years to Life on counts _____
    b. ☐ 25 years to Life on counts _____      d. ☐ _____ years to Life on counts _____
    PLUS enhancement time shown above.
7. ☒ Additional determinate term (see CR-290).
    ☐ Defendant was sentenced pursuant to ☐ PC 667(b)-(i) or PC 1170.12   ☐ PC 667.61   ☐ PC667.7   ☐ other (specify):

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CR-292 (Rev. January 1, 2003) | ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE<br>[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED] | Penal Code<br>§§ 1213, 1213.5 |

bing\Typing2005\xH8485.aoj1.doc

1

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: RANDALL SCOTT CASH

| H8485 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a. Restitution Fine(s):
Case A: $_____ per PC 1202.4(b) forthwith per PC 2085.5;  $_____ per PC 1202.45 suspended unless parole is revoked.
Case B: $_____ per PC 1202.4(b) forthwith per PC 2085.5;  $_____ per PC 1202.45 suspended unless parole is revoked.
Case C: $_____ per PC 1202.4(b) forthwith per PC 2085.5;  $_____ per PC 1202.45 suspended unless parole is revoked.
Case D: $_____ per PC 1202.4(b) forthwith per PC 2085.5;  $_____ per PC 1202.45 suspended unless parole is revoked.

b. Restitution per PC 1202.4(f):
Case A: $_____ ☐ Amount to be determined  to: ☐ victim(s)*  ☐ Restitution Fund
Case B: $_____ ☐ Amount to be determined  to: ☐ victim(s)*  ☐ Restitution Fund
Case C: $_____ ☐ Amount to be determined  to: ☐ victim(s)*  ☐ Restitution Fund
Case D: $_____ ☐ Amount to be determined  to: ☐ victim(s)*  ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 11, below.)

c. Fine(s):
Case A: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☑ prison in lieu of fine ☐ CC ☐ CS
Case B: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case C: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case D: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

d. Lab Fee and Drug Program Fee:
Case A: Lab Fee: $_____ per HS 11372.5(a) for counts _____. ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $_____ per HS 11372.5(a) for counts _____. ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $_____ per HS 11372.5(a) for counts _____. ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $_____ per HS 11372.5(a) for counts _____. ☐ Drug Program Fee of $150 per HS 11372.7(a).

10. TESTING
a. ☐ AIDS pursuant to PC 1202.1  b. ☐ DNA pursuant to PC 296  c. ☐ other (specify):

11. OTHER ORDERS (specify): Restitution is reserved.

12. EXECUTION OF SENTENCE IMPOSED
a. ☐ at initial sentencing hearing.
b. ☒ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment.  (PC 1170(d).)
e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | | CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|---|---|---|---|
| A | — | --- | ☐ 4019 | ☐ 2933.1 | C | | | ☐ 4019 | ☐ 2933.1 |
| B | | | ☐ 4019 | ☐ 2933.1 | D | | | ☐ 4019 | ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: 11-17-05 | TIME SERVED IN STATE INSTITUTION: ☐ DMH | ☐ CDC | ☐ CRC |
|---|---|---|---|

14. Defendant is remanded to the custody of the sheriff: ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays and holidays.
To be delivered to: ☒ the reception center designated by Director, California Department of Corrections: ☒ San Quentin  ☐ Chowchilla
☐ other (specify):

CLERK OF THE COURT
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE  Yolanda Phuong | DATE 11-29-05 |
|---|---|

CR-292 (Rev. January 1, 2003)  ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE  Page 2 of 2

Y:\Typing\Typing2005\xH8485.aoj1.doc

00119

ABSTRACT OF JUDGMENT – PRISON COMMITMENT - DETERMINATE
[not valid without completed page two of CR-290 attached]

CR-290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
BRANCH OR JUDICIAL DISTRICT: RENE C. DAVIDSON COURTHOUSE

**ENDORSED FILED ALAMEDA COUNTY**

**NOV 2 9 2005**

CLERK OF THE SUPERIOR COURT
By Yolanda Phuong, Deputy

| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: RANDALL SCOTT CASH | DOB: 12-23-59 | H8485 | -A |
|---|---|---|---|
| AKA: | | | -B |
| CII#: 08058550 | | | |
| BOOKING INFORMATION: PFN: AOM173  CEN: 5095924 | | | -C |
| ☐ NOT PRESENT | | | |
| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT | | -D |

| DATE OF HEARING 11-17-2005 | DEPT. NO. 011 | JUDGE THOMAS REARDON |
|---|---|---|
| CLERK Bipina Patel | REPORTER Roshon Rutledge | PROBATION NUMBER OR PROBATION OFFICER Michael Ciraolo |
| COUNSEL FOR PEOPLE ☒ Deputy District Attorney  ☐ State Attorney General Angela Backers | | COUNSEL FOR DEFENDANT ☐ Deputy Public Defender  ☒ Private Counsel Alfons G. Wagner |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ___ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | Convicted by JURY | Convicted by COURT | Convicted by PLEA | Term (L, M, U) | Concurrent | Consecutive 1/3 Violent | Consecutive 1/3 NON Violent | Consecutive Full Term | Incomplete sentence (refer to item 5) | 654 Stay | Principal or Consecutive Time Imposed YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 664/187** | Attempted Murder - 2nd Degree | 1985 | 06-18-92 | X | | | M | X | | | | | | (7 | 0) |
| | | | | | · · | | | | | | | | | | | | |
| | | | | | · · | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

6. TOTAL TIME ON ATTACHED PAGES:

7. ☐ Additional indeterminate term (see CR-292).

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |

8. TOTAL TIME excluding county jail term:   (7   0)

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

| Form Adopted for Mandatory Use Judicial Council of California | ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE [not valid without completed page two of CR-290 attached] | Penal Code §§ 1213, 1213.5 CR-290 (Rev. Jan. 1, 2003) |
|---|---|---|

Y:\Typing\Typing2005\xH8485.aoj2.doc

1

00120

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **RANDALL SCOTT CASH**

| H8485 -A | -B | -C | -D |
|---|---|---|---|

9.  FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a.  Restitution Fines(s):

Case A: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
Case B: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
Case C: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
Case D: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.

b.  Restitution per PC 1202.4(f):

Case A: $_____    ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case B: $_____    ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case C: $_____    ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund
Case D: $_____    ☐ Amount to be determined to:    ☐ victim(s)*    ☐ Restitution Fund

(*List victim name(s) if known and amount breakdown in item 11, below.)

c.  Fine(s):

Case A: $_____    per PC 1202.5.  $_____    per VC 23550 or:    _____ days    ☐ county jail  ☐ prison in lieu of fine  ☐ CC  ☐ CS
Case B: $_____    per PC 1202.5.  $_____    per VC 23550 or:    _____ days    ☐ county jail  ☐ prison in lieu of fine  ☐ CC  ☐ CS
Case C: $_____    per PC 1202.5.  $_____    per VC 23550 or:    _____ days    ☐ county jail  ☐ prison in lieu of fine  ☐ CC  ☐ CS
Case D: $_____    per PC 1202.5.  $_____    per VC 23550 or:    _____ days    ☐ county jail  ☐ prison in lieu of fine  ☐ CC  ☐ CS

d.  Lab Fee and Drug Program Fee:

Case A: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $_____    per HS 11372.5(a) for counts _____.    ☐ Drug Program Fee of $150 per HS 11372.7(a).

10.  TESTING
a.  ☐ AIDS pursuant to PC 1202.1    b.  ☐ DNA pursuant to PC 296    c.  ☐ other (specify):

11.  Other orders (specify): **The Court orders the sentence imposed on the 2nd count is run concurrent as to the 1st count.**

12.  EXECUTION OF SENTENCE IMPOSED
a.  ☐ at initial sentencing hearing.                      d.  ☐ at resentencing per recall of commitment.  (PC 1170(d).)
b.  ☒ at resentencing per decision on appeal.        e.  ☐ other (specify): _____.
c.  ☐ after revocation of probation.

13.  CREDIT FOR TIME SERVED

| | Total Credits: | Actual: | Local Conduct: | 4019 | 2933.1 |
|---|---|---|---|---|---|
| Case A: | -- | -- | -- | ☐ | ☐ |
| Case B: | ___ | ___ | ___ | ☐ | ☐ |
| Case C: | ___ | ___ | ___ | ☐ | ☐ |
| Case D: | ___ | ___ | ___ | ☐ | ☐ |

| DATE SENTENCE PRONOUNCED: 11-17-2005 | TIME SERVED IN STATE INSTITUTION: ☐ DMH    ☐ CDC    ☐ CRC |
|---|---|

14.  Defendant is remanded to the custody of the Sheriff:  ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to: ☒ reception center designated by Director, California Department of Corrections:  ☒ San Quentin  ☐ Chowchilla
☐ Other (specify):

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE  Yolanda Phuong | DATE  11-29-2005 |
|---|---|

CR-290 (Rev. Jan. 1, 2003)    ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE    Page 2 of 2

ORIGINAL

1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF ALAMEDA

3          BEFORE THE HONORABLE MICHAEL J. GAFFEY, JUDGE

4                   DEPARTMENT NO. 11

5                   ---oOo---

**FILED**
ALAMEDA COUNTY

OCT 1 1 2005

CLERK OF THE SUPERIOR COURT
BY _____
                    DEPUTY

7

8    THE PEOPLE OF THE STATE
     OF CALIFORNIA,

9

10             PLAINTIFF,

11        -VS-                                    NO. H8485

12   RANDALL SCOTT CASH,

13

14             DEFENDANT.
     _____/

15

16             MONDAY, OCTOBER 11, 2006

17        REPORTER'S TRANSCRIPT OF PROCEEDINGS

18                  OCTOBER 11, 2006

19

20

21             A P P E A R A N C E S

22   FOR THE PEOPLE:            THOMAS J. ORLOFF
                                DEPUTY DISTRICT ATTORNEY
23                              ANGELA BACKERS
                                DEPUTY DISTRICT ATTORNEY

24

25   FOR THE DEFENDANT:         MICHAEL CIRAOLA
                                ATTORNEY-AT-LAW

26

27

28

<u>TUESDAY, OCTOBER 11, 2005</u>                      <u>AM SESSION</u>

P R O C E E D I N G S

THE COURT:  DOCKET H8485, PEOPLE VERSUS RANDALL

CASH.

MIKE CIRAOLO IS HERE REPRESENTING MR. CASH, WHO

IS NOT PRESENT, BUT IS IN SAN QUENTIN, I BELIEVE, IS THAT

CORRECT?

MR. CIRAOLO:  THAT'S CORRECT, YOUR HONOR.  HE'S

ON DEATH ROW IN SAN QUENTIN.  HE BRIEFLY HAS WAIVED HIS

APPEARANCE.

THE COURT:  AND MS. BACKERS APPEARS FOR THE

PEOPLE.

MS. BACKERS:  YES, YOUR HONOR.

FIRST I WANT TO ADDRESS THE COURT, IF I COULD,

PLEASE, YOUR HONOR.

YOUR HONOR, IN JULY OF 2002, MR. CASH'S DEATH

PENALTY VERDICT WAS REVERSED BY THE STATE SUPSREME COURT,

AND THAT DECISION IS 28 -- SUPREME COURT -- AND IT'S

PUBLISHED AT 28 CAL 4TH, 703.  IN THAT PUBLISHED OPINION

MR. CASH'S DEATH VERDICT WAS REVERSED.

HOWEVER, HIS GUILTY VERDICT AND THE SPECIAL

CIRCUMSTANCES WAS AFFIRMED.  HE'S NOW SEATED ON DEATH ROW

BUT NO LONGER UNDER A DEATH SENTENCE PER THE SUPREME

COURT'S DECISION.

THE ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE

HAS DECIDED NOT TO SEEK THE DEATH PENALTY IN MR. CASH'S

CASE FOR THE FOLLOWING REASONS.  THE COMMITMENT OFFENSE

HAPPENED 20 YEARS AGO, IN 1985, AND THE PRIOR FELONIES

RITA ARLENE HOWELL, CSR #2542

1    THAT MR. CASH COMMITTED AS A JUVENILE OCCURRED IN AUGUST

2    OF 1977.  GIVEN THE AGE OF THESE OFFENSES, IT WOULD BE

3    VERY DIFFICULT TO PUT THESE CASES BACK TOGETHER AGAIN FOR

4    PRESENTATION IN COURT IN 2006.

5                SOME OF THE WITNESSES ARE NO LONGER AVAILABLE,

6    AND THOSE WHO HAVE PRIOR TESTIMONY WOULD HAVE TO BE READ

7    INTO THE RECORD BEFORE THE JURY.

8                ANOTHER DECISION FACTORING INTO THIS DECISION

9    NOT TO SEEK DEATH AGAIN IS THE EXPECTED MITIGATION

10   EVIDENCE WHICH WOULD BE PRESENTED IN 2006 FROM THE DEFENSE

11   WHICH WOULD BE THAT THE DEFENDANT HAS HAD NO INCIDENTS OF

12   VIOLENCE WHILE HE'S BEEN INCARCERATED FOR 20 YEARS, WHICH

13   WOULD BE PRESENTED TO THE JURY AS A BASIS FOR RETURNING A

14   VERDICT OF LIFE WITHOUT THE POSSIBILLITY OF PAROLE.

15               ALSO IN LIGHT OF THE SUPREME COURT'S PUBLISHED

16   DECISION REGARDING THE RULE OF THE CASE LAW ON VOIR DIRE,

17   IT WOULD MAKE IT DIFFICULT TO SELECT A JURY IN MR. CASH'S

18   CASE THAT WOULD RETURN A VERDICT OF DEATH.

19               FOR THESE REASONS AND OTHERS, IT WOULD MAKE IT

20   UNLIKELY THAT THE DISTRICT ATTORNEY'S OFFICE WOULD BE ABLE

21   TO PREVAIL IN SEEKING THE DEATH PENALTY IN 2006.

22               SO WE WOULD MOVE TO PUT THIS MATTER OVER TO

23   THURSDAY, NOVEMBER 17TH, TO BRING MR. CASH IN ON A REMOVAL

24   ORDER AND SENTENCE HIM TO LIFE WITHOUT THE POSSIBILITY OF

25   PAROLE AT THAT TIME.

26               THE COURT:  IT SOUNDS LIKE YOU HAVE EXPENDED A

27   LOT OF ENERGY INVESTIGATING THE POSSIBILITY OF PREVAILING

28   AT A FUTURE TRIAL AND MADE A CONSIDERED DECISION NOT TO.

4

```
1          THAT WOULD BE THE ORDER OF THE COURT.

2          THANK YOU.

3          MR. CIRAOLO:  THANK YOU YOUR, HONOR.

4          THE CLERK:  AND WHAT TIME?  ON THE 10:00

5   O'CLOCK?

6          MS. BACKERS:  10:00 O'CLOCK CALENDAR.

7          AND I WILL PREPARE THE REMOVAL ORDER.

8          THANK YOU.

9          YOUR HONOR, I'M SORRY.  COULD WE ALSO GET A

10  DAILY TRANSCRIPT OF THIS PROCEEDING?

11         THE COURT:  I BELIEVE THAT'S APPROPRIATE IN THIS

12  CASE.

13         MR. CIRAOLO:  THANK YOU.

14         THE COURT:  THAT WILL BE THE ORDER.

15                  ---OOO---

16

17

18

19

20

21

22

23

24

25

26

27

28
```

RITA ARLENE HOWELL, CSR #2542

```
 1                    REPORTER'S CERTIFICATE

 2   STATE OF CALIFORNIA      )
                              )  SS.
 3   COUNTY OF ALAMEDA        )

 4

 5          I, RITA ARLENE HOWELL, DO HEREBY CERTIFY:

 6          THAT I AM AN OFFICIAL SHORTHAND REPORTER OF THE

 7   SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE

 8   COUNTY OF ALAMEDA, AND THAT AS SUCH I WAS PRESENT AND

 9   REPORTED IN STENOTYPE THE PROCEEDINGS HAD IN THE

10   WITHIN-ENTITLED CAUSE, CASE NO. H8485; THAT I THEREAFTER

11   TRANSCRIBED MY SHORTHAND NOTES INTO LONGHAND TYPEWRITING;

12   AND THAT THE FOREGOING TRANSCRIPT, NUMBERED PAGES 1 - 4,

13   INCLUSIVE, CONSTITUTES A FULL, TRUE AND CORRECT

14   TRANSCRIPTION OF THE PROCEEDINGS HAD AT THE

15   BEFORE-ENTITLED TIME AND PLACE.

16

17   DATED:   OAKLAND, CALIFORNIA, OCTOBER 11, 2005.

18

19

20              _Rita Arlene Howell_

21              RITA ARLENE HOWELL, CSR. NO. 2542

22

23

24

25

26

27

28
```

RITA ARLENE HOWELL, CSR #2542

# COPY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

BEFORE THE HONORABLE THOMAS M. REARDON, JUDGE

DEPARTMENT NO. 11

THE PEOPLE OF THE STATE OF            NO. H8485
CALIFORNIA,

       PLAINTIFF,

       VS.

RANDALL SCOTT CASH,

       DEFENDANT.
_____/

## REPORTER'S TRANSCRIPT OF PROCEEDINGS
### (CAPITAL CASE)

RENE C. DAVIDSON
ALAMEDA COUNTY COURTHOUSE
OAKLAND, CALIFORNIA

**FEBRUARY 25, 2005**

APPEARANCES:

FOR THE PEOPLE:            THOMAS J. ORLOFF
                          DISTRICT ATTORNEY
                          BY:  ANGELA BACKERS
                          DEPUTY DISTRICT ATTORNEY


FOR DEFENDANT:            MICHAEL CIRAOLO
                          ATTORNEY AT LAW

                          ALFONS WAGNER
                          ATTORNEY AT LAW

LINDA M. HARRIS, CSR #4047

1

1        FEBRUARY 25, 2005 -- A.M. SESSION

2                   PROCEEDINGS

3                    ---oOo---

4        THE COURT:  H8485, Randall Cash, who is not present.

5   Mr. Cash is in San Quentin.

6       We have Mr. Ciraolo and Mr. Wagner here on his behalf.

7   Ms. Backers for the People.

8        MS. BACKERS:  Yes, Your Honor.  Good morning.

9        MR. CIRAOLO:  Good morning.

10       MR. WAGNER:  Good morning.

11       THE COURT:  We're on to set.

12       MS. BACKERS:  These gentlemen are involved in the

13  nut case, which we expect to be going early October.  So we'd

14  like to trail this to that.  So October 7th, if we could set

15  this.

16       THE COURT:  Just so you're aware, my understanding

17  is, for the most part, that matter, which is six defendants,

18  is going to be going one at a time.

19       MS. BACKERS:  At least the first one, that's right.

20       THE COURT:  The first is Ms. Levy's client?

21       MR. CIRAOLO:  That's correct, Mr. Wiley.  And his

22  co-defendants, Mr. Stallworth has indicated he would like to

23  try them as a second tier.

24       THE COURT:  Okay.

25       MR. CIRAOLO:  And our original understanding is that

26  the Cash case would trail the Wiley case, and we are in

27  preparation of that.  We'll have Mr. Wiley here on October 7th

28  and we'll see what happens.  And Mr. Cash would be put on

LINDA M. HARRIS, CSR #4047

1    October 7th to set.

2              THE COURT:  Okay.

3                    *******************

4         THE COURT:  Back on the record with Mr. Cash.

5      It being a capital matter, the court reporter is to

6    prepare a transcript for the next date.

7           (The matter is continued to October 7, 2005)

8                       ---oOo---

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINDA M. HARRIS, CSR #4047

1  STATE OF CALIFORNIA  )
                        )  ss.
2  COUNTY OF ALAMEDA    )

3

4          I, LINDA M. HARRIS, C.S.R., DO HEREBY CERTIFY THAT I

5  AM AN OFFICIAL COURT REPORTER OF THE SUPERIOR COURT OF THE

6  STATE OF CALIFORNIA, AND THAT AS SUCH I REPORTED THE

7  PROCEEDINGS HAD IN THE ABOVE-ENTITLED MATTER AT THE TIME AND

8  PLACE SET FORTH HEREIN;

9      THAT MY STENOGRAPH NOTES WERE THEREAFTER TRANSCRIBED

10 UNDER MY DIRECTION; AND THAT THE FOREGOING PAGES CONSTITUTE A

11 FULL, TRUE AND CORRECT TRANSCRIPTION OF MY SAID NOTES.

12 DATED:  FEBRUARY 28, 2005

13

14

15                              _____
                                LINDA M. HARRIS, C.S.R.
16                              OFFICIAL COURT REPORTER

17

18

19

20

21

22

23

24

25

26

27

28

LINDA M. HARRIS, CSR #4047

202-752 1/82 (Rev.)

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF ALAMEDA**

DEPT. dd 9

Date: Oct. 20, 1992   Hon. STANLEY GOLDE
--- , Judge
, Deputy Sheriff

Lori Arnold
James Lee
, Deputy Clerk
, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff_____

Counsel appearing for Plaintiff

Roy Scheingart, Deputy District Attorney

vs.

Counsel appearing for Defendant

Fernando Genera, APD and Ray Plumhoff, APD

RANDALL SCOTT CASH

Defendant_____

Probation Officer appearing

---

NATURE OF PROCEEDINGS:   REPORT AND SENTENCE/
MOTION FOR NEW TRIAL

ACTION No. ____H8485____

PFN. ___AOM 173___ CEN. ___5095924___

Defendant's motion for new trial is denied.
Defendant's motion to modify verdict is denied.
On Court's own motion, the clauses and prior convictions are stricken.

Defendant is present.

The defendant having been convicted on June 18, 1992   (guilt)
( ) plea of guilty                    July 21, 1992     (penalty) by
( ) nolo contendere
( ) decision of Court
(X) verdict of jury
of the offense S of   felonies, to wit, Murder 1st degree, a violation of Section 187 of the Penal Code of California, as charged in the 1st count of the Information; Attempted Murder, a violation of Section 187 of the Penal Code, as charged in the 2nd count. Jury found the defendant did use a deadly and dangerous weapon, to wit, a rifle, in the commission of the offense as charged in the 1st and 2nd counts. Jury further found the defendant did inflidt great bodily injury upon the victim, as charged in the 2nd count. Jury further found the special circumstance clause in the 1st count to be true. The jury further found and fixed the penalty at death. waives formal arraignment

The defendant is arraigned for sentence and has no legal cause to show why the judgment of this Court should not be pronounced against him/her. The Court pronounces judgment.

Defendant has been held in custody for _____XX actual days plus _____XX_____ days good/worktime credit for a total of _____ days as a result of the same criminal act or acts for which he/she has been convicted. XX

It is ORDERED that said defendant be punished by imprisonment in state prison of the State of California for the XXXXXXXXXXXXXXXXX
DEATH

It is further ORDERED that sentences shall be served in respect to one another as follows:

*****************

and in respect to any prior incompleted sentence(s) as follows:

"THE COURT MAKES NO ORDER"

It is further ORDERED that the defendant is remanded to the custody of the Sheriff of the County of Alameda to be by him delivered to ( ) Director of Corrections of the State of California at California Medical Facility, Vacaville, California ( ) California Institution for Women at Frontera, California. (X) Director of Corrections of the State of California, at State Prison, San Quentin, CA.

00131

1
2
3
4
5
6
7
8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10   THE PEOPLE OF THE STATE OF CALIFORNIA,     )
                                                )    No. H-08485
11                                              )
     v.                                         )    Department 9
12                                              )
                                                )
13   RANDALL SCOTT CASH,                        )
                                                )
14   _____   )

15                  COMMITMENT:  JUDGMENT OF DEATH

16   TO:      THE SHERIFF OF ALAMEDA COUNTY AND TO THE WARDEN OF THE
              CALIFORNIA STATE PRISON AT SAN QUENTIN

17              BE IT REMEMBERED that on the 8th day of August, 1986, Information Number H-8485

18   was duly filed against the defendant Randall Scott Cash, charging said defendant as follows:

19              Count I:     Murder of Bud Alan Smith, in violation of section 187 of the Penal

20   Code;

21              Count II:     Attempted Murder of Susan Balestri, in violation of section 187/666 of

22   the Penal Code;

23              Use of Deadly/Dangerous Weapon Clause as to Counts I and II; and Great Bodily

24   Injury Clauses as to Counts I and II;

25              And ONE Special Circumstance in violation of section 190.2(a)(17)(i) of the Penal Code

26   as follows;

27
28

1    "SPECIAL CIRCUMSTANCE:  The District Attorney of the County of Alameda further

2    charges that the defendant Randall Scott Cash while he was engaged int he commission, attempted

3    commission, and the flight thereafter of a felony, to wit:  Robbery, in violation of section 211 of the

4    Penal Code during which defendant intentionally killed Bud Alan Smith.

5        Thereafter, the defendant Randall Scott Cash was duly arraigned and entered a plea

6    of not guilty to the charges set forth in this Information, denied the Use and Great Bodily Injury

7    clauses, and the Special Circumstance alleged in the Information.

8        Thereafter, the matter proceeded to trial.  The Great Bodily Injury clause in Count I

9    was stricken from the Information upon motion by the District Attorney.  On June 25, 1992, the jury

10   returned verdicts finding the defendant, Randall Scott Cash, guilty of Counts I and II of the Information,

11   affixing the murder in Count I to be of the FIRST DEGREE.  The jury also did find that the defendant

12   used a rifle during the commission of the murder of Bud Alan Smith and a rifle and baton in the

13   attempted murder of Susan Balestri.  The jury further found that the defendant did personally commit

14   Great Bodily Injury in Count II.  The jury also found the Special Circumstance to be TRUE.

15       On July 6, 1992, the trial proceeded to a penalty phase, as prescribed by section 190.1

16   of the Penal Code before the same jury, and on July 21, 1992, the jury rendered the following verdict:

17       *People of the State of California* v. *Randall Scott Cash*

18       CASE NO. 81254

19       "We the jury in the above-entitled cause fix the punishment at death."    Dated

20   July 21, 1992.  Signed Ray Kelchner, Foreperson.

21       Thereafter, on October 20, 1992, the defendant's automatic motion for modification of

22   the death sentence was denied, and the **Honorable Court** made his independent determination that

23   the weight of the evidence supported the jury's findings and verdicts, and he set forth the reasons

24   for his rulings on the record and entered them in the clerk's minutes, and with respect to Counts I

25   and II, there having been no legal cause found the Court why judgment should not be pronounced,

26   the Court pronounced judgment as follows:

27       It is the judgment and sentence and Order of this Court for the offense of murder in

28   the First Degree of Bud Alan Smith as charged in Count I of the Information, and for the offense of

2

00133

1   robbery of Bud Alan Smith as charged in Count II of the Information, both of which the defendant

2   Randall Scott Cash has been found guilty by the verdict of the jury, the jury having found the alleged

3   SPECIAL CIRCUMSTANCE to be TRUE, and the jury determined that the penalty for such crimes shall

4   be death, Randall Scott Cash, shall suffer the death penalty, said penalty to be inflicted within the wall

5   of the California State Prison at San Quentin, in the manner and means proscribed by law at a time

6   to be fixed by this Court in the Warrant of Execution.

7           The defendant Randall Scott Cash is hereby remanded to the care, custody, and

8   control of the Sheriff of Alameda County to be delivered to the Warden of the State Prison at

9   San Quentin, California, for the execution of this sentence to be held by him pending the final

10  determination of Randall Scott Cash's appeal on this matter, which is automatic, and said sentence

11  to be executed upon final determination of said appeal, and said defendant Randall Scott Cash is to

12  be held by him during said period of time, until further order of this Court.

13          Therefore, this is to command you, the Sheriff of said County of Alameda, as provided

14  in said judgment, to take Randall Scott Cash to the California State Prison at San Quentin, and deliver

15  him into custody of the Warden of the said state prison, and this FURTHER, is to command you, the

16  Warden of the California State Prison at San Quentin, to hold in your custody the said

17  Randall Scott Cash pending the decision of this cause on appeal and upon the judgment therein

18  becoming final, to carry into effect the judgment of said Court at a time and on a date to be hereafter

19  fixed by Order of this Court, within the state prison, at which time and place you shall then and there

20  put to death the said Randall Scott Cash in the manner and means prescribed by law.

21          IN WITNESS WHEREOF, I have hereunto set my hand as Judge of the Superior Court,

22  and have caused the Seal of the said Court to be affixed hereto, done in open Court this 2 0

23  day of _October_ , 1992.

24

25

26                          STANLEY P. GOLDE
                            JUDGE OF THE SUPERIOR COURT
27                          COUNTY OF ALAMEDA, STATE OF CALIFORNIA

28

3

H58007SQ

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
### SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

[X] SUPERIOR
[ ] MUNICIPAL  } COURT OF CALIFORNIA, COUNTY OF __ALAMEDA__
[ ] JUSTICE

| S 01 COURT (I.D.) | BRANCH OR JUDICIAL DISTRICT: |

ENDORSED
FILED
ALAMEDA COUNTY

OCT 23 1992

RONALD G. OVERHOLT, Exec. Off/Clerk
By Donna de la Cruz

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT:  RANDALL SCOTT CASH
AKA:  (AOM 173   5095924)

[X] PRESENT    H8485
[ ] NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT [ ]

| DATE OF HEARING (MO) (DAY) (YR) 10-20-92 | DEPT. NO 9 | JUDGE STANLEY GOLDE | CLERK Lori Arnold |
| REPORTER James Lee | COUNSEL FOR PEOPLE Roy Scheingart, DDA | COUNSEL FOR DEFENDANT F. Genera; R. Plumhoff, APD | PROBATION NO. OR PROBATION OFFICER |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L&I) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 187/664** | Att. Murder -2nd deg. | 85 | 06 | 18 | 92 | X | | M | | .7 | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) AND OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

The Court orders the sentence imposed on the 2nd count is stayed in lieu of the sentence imposed on the 1st count. (Death)

5. TIME STATED § 1170.1(g) (DOUBLE BASE LIMIT):

6. TOTAL TERM IMPOSED:

7. [ ] THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):    7

8. EXECUTION OF SENTENCE IMPOSED:

A. [X] AT INITIAL SENTENCING HEARING   B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. [ ] AFTER REVOCATION OF PROBATION   D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)   E. [ ] OTHER

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 10-20-92 | CREDIT FOR TIME SPENT IN CUSTODY ___ | TOTAL DAYS ___ INCLUDING: | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS [ ] DMH   [ ] CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

[ ] INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
[ ] CALIF. MEDICAL FACILITY – VACAVILLE
[ ] CALIF. INSTITUTION FOR MEN – CHINO
[ ] DEUEL VOC. INST.
[X] SAN QUENTIN
[ ] OTHER (SPECIFY):

### CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE _____   DATE  Oct. 23, 1992

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

### ABSTRACT OF JUDGMENT – COMMITMENT
### SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the Judicial Council of California Effective April 1, 1992

DISTRIBUTION:   PINK COPY – COURT FILE   YELLOW COPY – DEPARTMENT OF CORRECTIONS

00135



**FILE COPY**

#53400

1
2

3  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
   IN AND FOR THE COUNTY OF ALAMEDA
4  RENE' C. DAVIDSON COURTHOUSE
   DEPARTMENT 11
5  HONORABLE THOMAS M. REARDON, JUDGE

6

7                    ---oOo---

8  THE PEOPLE OF THE STATE OF CALIFORNIA,

9            Plaintiff,

10  vs.                                    No. H8485

11  RANDALL CASH,
                                        ENDORSED
12            Defendant.                    FILED
                                     ALAMEDA COUNTY

13  _____/    APR 1 2 2006

14                    ---oOo---      CLERK OF THE SUPERIOR COURT
                                     By _____
15                                                        Deputy

16       REPORTER'S TRANSCRIPT OF PROCEEDINGS

17            REPORT & SENTENCE

18              STATE PRISON

19       THURSDAY, NOVEMBER 17, 2005

20          A P P E A R A N C E S

21

22  For the People:          THOMAS J. ORLOFF
                             DISTRICT ATTORNEY
23                           BY:  ANGELA BACKERS,
                             Deputy District Attorney
24

25  For the Defendant:       MICHAEL CIRAOLO,
                             Attorney at Law
26

27

28  REPORTED BY:  ROSHON RUTLEDGE, CSR #9392

1

| | |
|---|---|
| 1 | **THURSDAY, NOVEMBER 17, 2005**          **MORNING SESSION** |
| 2 | P R O C E E D I N G S |
| 3 | ---oOo--- |
| 4 | THE COURT:  H8485.  Randall Scott Cash, who's here |
| 5 | in custody with Mr. Ciraolo.  And Ms. Backers for the |
| 6 | People. |
| 7 | MR. CIRAOLO:  Mr. Wagner also. |
| 8 | THE COURT:  Mr. Wagner as well, right. |
| 9 | MR. CIRAOLO:  Yes, Your Honor. |
| 10 | THE COURT:  And this matter was on our calendar on |
| 11 | October 11th when Judge Gaffey was presiding in my stead, |
| 12 | and at that point I believe the District Attorney's office |
| 13 | indicated they would not be seeking the death penalty in a |
| 14 | retrial in this matter, so the court is prepared to |
| 15 | sentence Mr. Cash this morning. |
| 16 | Is there any legal cause why that should not |
| 17 | happen? |
| 18 | MR. CIRAOLO:  None known at this time other than |
| 19 | previously stated on the record, Your Honor.  And for the |
| 20 | record I spoke with Mr. Cash, and he desires not to have a |
| 21 | referral to the probation department and would like to be |
| 22 | sentenced today. |
| 23 | THE COURT:  All right.  Ms. Backers anything? |
| 24 | MS. BACKERS:  Nope. |
| 25 | THE COURT:  All right, then sentence as to the |
| 26 | first count is life without the possibility of parole. |
| 27 | In regard to the second count? |
| 28 | Judge Golde previously imposed a mid-term sentence |

1  of 7 years for the attempted murder, and I will reiterate

2  that sentence and run that concurrently with the sentence

3  in the first count.

4         Restitution is reserved.

5         The Court did not at the time of the original

6  sentencing impose a restitution fine.  Judge Golde

7  exercised his discretion, I understand, at that time not

8  to impose such a fine, and I will do the same here today.

9         MR. CIRAOLO:  Thank you, Your Honor.

10        THE COURT:  And Mr. Cash is remanded into the

11 custody of the Department of Corrections to be delivered

12 there forthwith by the sheriff of this county.

13        Credits?

14        THE BAILIFF:  I don't have them.

15        THE COURT:  I have no idea what they are.  Hmm.

16        MR. CIRAOLO:  I know he's been in prison over

17 13 years, Your Honor, on this matter.

18        He was arrested October 29th of 1985, Your Honor.

19        THE COURT:  At that time, I see that there was no

20 credit assigned on the original commitment order, which

21 may be consistent with the original sentence.

22        Mr. Cash would not be entitled to credit now if

23 this were a new case, but I'm sure he was entitled to

24 credit on a 187 in 1985.

25        MS. BACKERS:  But on a life without parole

26 sentence, credits are irrelevant.  Life without the

27 possibility of parole.

28        THE COURT:  I just don't want -- obviously they

00138

3

1    are.  I just don't want it to be sent back.

2          So anybody have any objection to my just leaving

3    that portion of the commitment blank?

4          MR. CIRAOLO:  No, Your Honor.

5          MS. BACKERS:  That's fine.

6          THE COURT:  Okay.  All right.  That's what we'll

7    do.

8          All right.  Anything else?

9          MS. BACKERS:  No thank you, Your Honor.

10          THE COURT:  Okay.

11                        ---oOo---

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROSHON RUTLEDGE, CSR, RPR, CRR

1       CERTIFICATE OF CERTIFIED SHORTHAND REPORTER

2                          --oOo--

3           I, ROSHON RUTLEDGE, CSR, RPR, CRR, hereby certify

4    that I am a Certified Shorthand Reporter and that I

5    reported verbatim in shorthand writing the following

6    proceedings completely and correctly to the best of my

7    ability:

8
            COURT:      SUPERIOR COURT OF CALIFORNIA
9                        COUNTY OF ALAMEDA

10          JUDGE:      HONORABLE THOMAS M. REARDON

11          ACTION:     THE PEOPLE OF THE STATE OF CALIFORNIA,
                         Plaintiff,
12
                         vs.
13
                         RANDALL CASH,
14                       Defendant,
                         No. H8485
15

16          DATES:      THURSDAY, NOVEMBER 17, 2005

17          I further certify that I have caused said writing

18   to be transcribed into typewriting by Computer-Aided

19   Transcription, and that the preceding Pages 1 through 3,

20   inclusive, constitute an accurate and complete

21   transcription of all of my shorthand writing for the

22   date/s specified.

23          DATED:      APRIL 3, 2006

24

25

26          _____
                ROSHON RUTLEDGE, CSR, RPR, CRR
27                 Official Court Reporter
                        CSR #9392
28

ROSHON RUTLEDGE, CSR, RPR, CRR

*DEF1*

**FILE COPY**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA
RENE' C. DAVIDSON COURTHOUSE
DEPARTMENT 11
HONORABLE THOMAS M. REARDON, JUDGE


---oOo---

THE PEOPLE OF THE STATE OF CALIFORNIA,

      Plaintiff,

vs.                         No. H8485

RANDALL CASH,

      Defendant.

ENDORSED
FILED
ALAMEDA CO...

APR 1 2 2006

CLERK OF THE SU...
By _____

_____

---oOo---

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**REPORT & SENTENCE**

**STATE PRISON**

**THURSDAY, NOVEMBER 17, 2005**

A P P E A R A N C E S

For the People:          THOMAS J. ORLOFF
                        DISTRICT ATTORNEY
                        BY:  ANGELA BACKERS,
                        Deputy District Attorney

For the Defendant:      MICHAEL CIRAOLO,
                        Attorney at Law

REPORTED BY:  ROSHON RUTLEDGE, CSR #9392

1

| 1 | THURSDAY, NOVEMBER 17, 2005                    MORNING SESSION |

1   THURSDAY, NOVEMBER 17, 2005                    MORNING SESSION

2                        P R O C E E D I N G S

3                             ---oOo---

4           THE COURT:  H8485.  Randall Scott Cash, who's here

5   in custody with Mr. Ciraolo.  And Ms. Backers for the

6   People.

7           MR. CIRAOLO:  Mr. Wagner also.

8           THE COURT:  Mr. Wagner as well, right.

9           MR. CIRAOLO:  Yes, Your Honor.

10          THE COURT:  And this matter was on our calendar on

11  October 11th when Judge Gaffey was presiding in my stead,

12  and at that point I believe the District Attorney's office

13  indicated they would not be seeking the death penalty in a

14  retrial in this matter, so the court is prepared to

15  sentence Mr. Cash this morning.

16          Is there any legal cause why that should not

17  happen?

18          MR. CIRAOLO:  None known at this time other than

19  previously stated on the record, Your Honor.  And for the

20  record I spoke with Mr. Cash, and he desires not to have a

21  referral to the probation department and would like to be

22  sentenced today.

23          THE COURT:  All right.  Ms. Backers anything?

24          MS. BACKERS:  Nope.

25          THE COURT:  All right, then sentence as to the

26  first count is life without the possibility of parole.

27          In regard to the second count?

28          Judge Golde previously imposed a mid-term sentence

2

1   of 7 years for the attempted murder, and I will reiterate

2   that sentence and run that concurrently with the sentence

3   in the first count.

4           Restitution is reserved.

5           The Court did not at the time of the original

6   sentencing impose a restitution fine.  Judge Golde

7   exercised his discretion, I understand, at that time not

8   to impose such a fine, and I will do the same here today.

9           MR. CIRAOLO:  Thank you, Your Honor.

10          THE COURT:  And Mr. Cash is remanded into the

11  custody of the Department of Corrections to be delivered

12  there forthwith by the sheriff of this county.

13          Credits?

14          THE BAILIFF:  I don't have them.

15          THE COURT:  I have no idea what they are.  Hmm.

16          MR. CIRAOLO:  I know he's been in prison over

17  13 years, Your Honor, on this matter.

18          He was arrested October 29th of 1985, Your Honor.

19          THE COURT:  At that time, I see that there was no

20  credit assigned on the original commitment order, which

21  may be consistent with the original sentence.

22          Mr. Cash would not be entitled to credit now if

23  this were a new case, but I'm sure he was entitled to

24  credit on a 187 in 1985.

25          MS. BACKERS:  But on a life without parole

26  sentence, credits are irrelevant.  Life without the

27  possibility of parole.

28          THE COURT:  I just don't want -- obviously they

ROSHON RUTLEDGE, CSR, RPR, CRR

3

1  are.  I just don't want it to be sent back.

2       So anybody have any objection to my just leaving

3  that portion of the commitment blank?

4       MR. CIRAOLO:  No, Your Honor.

5       MS. BACKERS:  That's fine.

6       THE COURT:  Okay.  All right.  That's what we'll

7  do.

8       All right.  Anything else?

9       MS. BACKERS:  No thank you, Your Honor.

10       THE COURT:  Okay.

11                    ---oOo---

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROSHON RUTLEDGE, CSR, RPR, CRR

1        <u>CERTIFICATE OF CERTIFIED SHORTHAND REPORTER</u>

2                 --oOo--

3        I, ROSHON RUTLEDGE, CSR, RPR, CRR, hereby certify

4 that I am a Certified Shorthand Reporter and that I

5 reported verbatim in shorthand writing the following

6 proceedings completely and correctly to the best of my

7 ability:

8

9       COURT:     SUPERIOR COURT OF CALIFORNIA
                       COUNTY OF ALAMEDA

10       JUDGE:     HONORABLE THOMAS M. REARDON

11       ACTION:    THE PEOPLE OF THE STATE OF CALIFORNIA,
                       Plaintiff,

12

13                     vs.

14                     RANDALL CASH,
                    Defendant,
                    No. H8485

15

16       DATES:     THURSDAY, NOVEMBER 17, 2005

17        I further certify that I have caused said writing

18 to be transcribed into typewriting by Computer-Aided

19 Transcription, and that the preceding Pages 1 through 3,

20 inclusive, constitute an accurate and complete

21 transcription of all of my shorthand writing for the

22 date/s specified.

23        DATED:     APRIL 3, 2006

24

25

26                   _____

27                   ROSHON RUTLEDGE, CSR, RPR, CRR
                     Official Court Reporter

28                         CSR #9392

ROSHON RUTLEDGE, CSR, RPR, CRR

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

BEFORE HONORABLE STANLEY P. GOLDE, JUDGE

DEPARTMENT NO. 9

---oOo---

ENDORSED
FILED
ALAMEDA COUNTY

OCT 30 1992

RONALD G. OVERHOLT, Exec. Off./Clerk
By Yolanda Maldonado

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                        Plaintiff, )
    vs.                       )
                          )
RANDALL SCOTT CASH,          )
                     Defendant. )

No. H-8485
COMMITMENT TO
STATE PRISON
(DEATH PENALTY)

COURTHOUSE, OAKLAND, ALAMEDA COUNTY, CALIFORNIA

REPORTER'S TRANSCRIPT

TUESDAY, OCTOBER 20, 1992

A P P E A R A N C E S

| | |
|---|---|
| For the People: | JOHN J. MEEHAN, DISTRICT ATTORNEY<br>By: TERESE DRABEC, Deputy |
| For the Defendant: | JAY B. GASKILL, PUBLIC DEFENDER<br>By: FERNANDO GENERA and<br>RAYMOND PLUMHOFF, Assistants |

JAMES LEE, C.S.R. NO. 4820

2

1                  P R O C E E D I N G S

2   TUESDAY, OCTOBER 20, 1992                10:16 O'CLOCK A.M.

3                      ---oOo---

4          THE COURT:  Matter of People versus Cash.

5          The record will show that defendant is present

6   with counsel.

7          The matter is on today for Motion for a New

8   Trial and Application for Modification of the Verdict

9   filed by defense counsel and the Automatic Application of

10  Modification of Verdict.

11         I have received the pleadings from counsel.

12         Do you wish -- either of you wish to argue?

13         MR. GENERA:  No, Your Honor.  We would submit it

14  on our pleadings.

15         MS. DRABEC:  Submitted.

16         THE COURT:  All right.  I have read and

17  considered the defendant's motion for new trial.  The

18  motion for new trial is denied.

19         All right.  In this case, the defendant was

20  convicted by a verdict of jury of a felony, to wit,

21  murder, a violation of Section 187 of the Penal Code, in

22  that on or about the 27th day of October, 1985, in the

23  County of Alameda, State of California, the defendant did

24  then and there murder Bud Alan Smith, a human being.

25         The jury further fixed the degree of murder as

26  that of the first degree and found the defendant

27  personally used a firearm, to wit, a rifle.

28         The jury further found the special circumstance

JAMES LEE, C.S.R. NO. 4820

3

1  pursuant to Section 192(a)(17)(i) of the Penal Code of

2  California, in that said defendant, Ronald -- Randall

3  Scott Cash, was engaged in the commission or attempt to

4  commit a felony, to wit, robbery, a violation of Section

5  211 of the Penal Code, intentionally killed Bud Alan

6  Smith, to be true.

7  　　　　The verdict was received as to guilt, special

8  circumstance phase on June 18th, 1992.

9  　　　　Further, the jury trial in the penalty phase was

10  commenced on June 29th, 1992, and concluded by a jury

11  verdict on July 21st, 1992, decreeing death for the

12  defendant.

13  　　　　Now, the statutes of the State of California

14  under which this case has been tried provide that the

15  defendant shall be deemed to have made an application for

16  modification of said verdict.  In this particular case,

17  there has also been an application filed.

18  　　　　In ruling on the defendant's motion, the motion

19  to modify the verdict of death to life without possibility

20  of parole as well as the motion for new trial, adhering to

21  Rule 190.4(e), the Court must review the evidence,

22  consider, take into account, and be guided by the

23  aggravating and mitigating circumstances referred to in

24  Section 190.3 of the Penal Code and to make a

25  determination as to whether the jury's findings and

26  verdicts that the aggravating circumstances outweigh the

27  mitigating circumstances are contrary to the law or

28  evidence presented.

4

1          It is the law of this state that the trial judge

2    is required to make an independent determination as to

3    whether imposition of the death penalty upon the defendant

4    is appropriate in the light of the relevant evidence and

5    the applicable law.  The trial judge has the duty to

6    review the evidence, to determine whether in his

7    independent judgment the weight of the evidence supports

8    the verdict of the jury.

9          If he decides it does not, the Court has the

10   power to reduce the penalty to life imprisonment without

11   the possibility of parole.

12         In determining whether in his independent

13   judgment the weight of the evidence supports the verdict,

14   the judge is required to assess the credibility of the

15   witnesses, determine the probative force of the testimony,

16   and weigh the evidence.  Further, the Court will set forth

17   its reasons for the ruling on the application and direct

18   that they be entered into the Court's minutes.

19         From all the evidence at the guilt phase of the

20   trial, this Court is satisfied beyond a reasonable doubt

21   that the defendant, Ron -- Randall Scott Cash, is guilty

22   of murder of the first degree, that the special

23   circumstance is true beyond a reasonable doubt.

24         The Court further finds the jury's assessment

25   that the evidence of aggravation is so substantial when

26   compared to the evidence of mitigation so as to support

27   the selection of the death penalty as the appropriate

28   punishment is overwhelmingly supported by the weight of

5

1    the evidence.

2            In terms of credibility, this Court agrees with

3    the jury that the witnesses of the People were credible

4    and believable.

5            Now, again, Penal Code Section 190.4 directs the

6    judge to state on the record its reasons for its findings

7    and its reasons for its rulings on this application and

8    direct that they be entered into the Court's minutes.

9            The Court has examined and reviewed all the

10   evidence that's presented to the jury, both in the guilt

11   phase and the penalty phase, and in making its

12   determination as to the appropriate penalty, the Court has

13   examined all the exhibits admitted into evidence, reviewed

14   the daily transcripts of the proceedings, both on the

15   guilt and penalty phase and special circumstance issue and

16   the issue of aggravating and mitigating circumstances

17   concerning the selection of the appropriate penalty.  The

18   Court has also reviewed its own personal notes relating to

19   the evidence received as to both the guilt and penalty

20   phase of the trial.

21           From the evidence submitted at the guilt phase

22   of the trial, the Court again is satisfied beyond a

23   reasonable doubt that the defendant, Ron -- Randall Scott

24   Cash, is guilty of murder of the first degree and the

25   special circumstance alleged therein is true beyond a

26   reasonable doubt.

27           With reference to the penalty phase, the Court

28   has further examined the testimony, evidence concerning

JAMES LEE, C.S.R. NO. 4820

6

1  the presence of criminal activity by the defendant, which
2  criminal activity, though uncharged, involved the use or
3  attempted use of force or violence or the express or
4  implied threat to use force or violence.  The Court has
5  re-examined the testimony and is satisfied beyond a
6  reasonable doubt that the defendant did, in fact, commit
7  such criminal activity.
8           The Court is satisfied beyond a reasonable doubt
9  that the defendant committed an unlawful homicide, to wit,
10 murder upon Verneva, V-e-r-n-e-v-a, and Daniel Kent on
11 January 17th, 1977.
12          Again, the Court has reviewed the circumstances
13 of the crime for which the defendant has been convicted
14 and the existence of the special circumstance found to
15 have been true by the jury; and the Court independently
16 finds and agrees with the jury that the circumstances
17 surrounding the first-degree murder of Bud Alan Smith were
18 particularly brutal, vicious, and cold-blooded.  The Court
19 finds the defendant kicked open the bedroom door of the
20 victim and burst into the room and shot the victim in the
21 back as he slept.  Consequently, defendant's points and
22 authorities indicating that Randy Cash was under the
23 domination of Bud Smith the Court finds not to be true or
24 credible.
25          The Court further independently finds and agrees
26 with the jury there's no question that the first-degree
27 intentional murder of Bud Alan Smith was committed during
28 the commission or attempted commission of the crime of

7

1    robbery.   The evidence is uncontradicted the defendant

2    took money and several bindles of cocaine.

3           The Court has reviewed the testimony of the

4    defendant's teachers, psychiatrists, behavioral scientists

5    at the juvenile institution, his attorney at the time of

6    the juvenile offense for the purpose of trying to find out

7    whether or not the defendant's conduct in this particular

8    case could have been the result of his experience as a

9    youth and whether or not he was acting under the influence

10    of extreme duress, mental or emotional disturbance.   The

11    Court reviewed this evidence to determine whether or not

12    at the time of the offense -- at the time of this offense

13    the capacity of the defendant to appreciate the

14    criminality of his conduct, to conform his conduct to the

15    requirements of law was impaired as a result of mental

16    disease, mental defect, or both.

17           After reviewing all of the evidence, not only of

18    the behavioral scientists, but the testimony of Dr. John

19    Irvin, a sociologist/lawyer called on behalf of the

20    defendant, the Court finds the defendant was not mentally

21    ill in any way that would affect his ability to

22    premeditate or deliberate, nor does it act as any kind of

23    mitigation in terms of his behavior.

24           In terms of the defendant's conduct, the Court

25    finds the defendant was not mentally ill.   The Court does

26    agree that the defendant was a product of some neglect and

27    abuse by his mother, father, and stepfathers or stepfather

28    figures; but in no way does the Court find the defendant

JAMES LEE, C.S.R. NO. 4820

8

1   was under the influence of any mental or emotional

2   disturbance at the time of these offenses.

3        The Court again repeats there is no question the

4   capacity of the defendant to appreciate the criminality of

5   his conduct or to conform his conduct to the requirements

6   of law was not impaired as a result of any abusive

7   background.

8        In terms of the defendant's conduct, although

9   the Court finds there was some use of drugs, and to use

10  the words of the behaviorial scientists some emotional

11  problems or behavioral problems, the Court finds the

12  defendant was not mentally ill in any way that would

13  affect his ability to premeditate, deliberate, nor does it

14  act as any kind of mitigation in terms of his behavior.

15       Again, the Court has reviewed and taken into

16  consideration that the defendant was a product of a broken

17  home, spent early years with a difficult grandmother and

18  grandfather, and as a result of his mother's emotional

19  difficulties and choice of men and male figures may have

20  have suffered a difficult childhood. Again, the Court has

21  reread the testimony of all of his teachers and neighbors

22  in Kansas to that effect. After so doing, the Court does

23  not find independently that these circumstances extenuate

24  the seriousness of the gravity of the crime.

25       The Court finds the defendant's background is

26  not a moral justification or extenuating factor for his

27  conduct.

28       The Court has further examined the material,

JAMES LEE, C.S.R. NO. 4820

1  again looked at said material offered in the penalty phase

2  by the defendant, and personally finds there are no

3  circumstances which extenuate in any way the gravity of

4  the crime, even though it may not be and it is not a legal

5  excuse for the crime.

6        The Court again has examined the testimony of

7  the defendant's teachers, neighbors -- neighbors, social

8  workers, institutional officers, and sheriff personnel

9  where the defendant was incarcerated.  In reviewing all of

10  this testimony and background, the Court does not find

11  there is anything in that situation which would extenuate

12  in any way the gravity of the crime, even though it may

13  not be and it is not a legal excuse for the crime.

14        The Court further finds in evaluating the

15  evidence at the penalty phase, which includes the

16  rereading of previous reports and studies of custodial

17  officials and behaviorial scientists as well as testimony

18  from family and friends, that there is nothing in the

19  defendant's character, background, or history that

20  justifies a basis of a sentence less than death.

21        The Court frankly finds the defendant's short

22  life has been a life of violence, totally acting without

23  regard for any human being.

24        The Court has further considered sympathy and

25  compassion for the defendant but finds that his background

26  or these considerations are not sufficient or do not in

27  any way serve as a basis of a sentence less than death.

28        The Court further finds that his background

JAMES LEE, C.S.R. NO. 4820

10

1    cannot be in any way considered moral justification or

2    extenuation for his conduct.

3          Again, the Court finds, repeats that the

4    defendant did not commit the murder while acting under

5    extreme mental or emotional disturbance.

6          The Court finds the defendant did not commit the

7    murder while acting under the domination of anyone else.

8          The Court further finds at the time of the

9    offense the capacity of the defendant to appreciate the

10   criminality of his conduct or to conform his conduct to

11   the requirements of law was not impaired as a result of

12   mental disease or defect.

13         Further, the Court finds there are no

14   circumstances which extenuate the gravity of the crime,

15   even though not a legal excuse.

16         The Court has further reviewed and considered

17   any lingering or residual doubt, which instruction the

18   Court gave during deliberation, as a factor in mitigation,

19   and the Court has no lingering or residual doubt, and the

20   Court has rejected any lingering or residual doubt as a

21   factor in mitigation.

22         Accordingly, considering all the evidence and by

23   independent review, the Court's personal assessment is the

24   factors in aggravation beyond all reasonable doubt

25   outweigh those in mitigation.  Further, the Court

26   independently finds that the evidence of aggravation is so

27   substantial as compared to the evidence of mitigation that

28   it warrants death and not life without possibility of

JAMES LEE, C.S.R. NO. 4820

00155

11.

1  parole.

2          Therefore, again, the defendant's Motion to

3  Modify the Verdict of Death to Life Without Possibility of

4  Parole and the automatic motion for said modification of

5  death as to defendant Randall Scott Cash is denied.

6          The Court hereby orders a transcript made of the

7  Court's reasons for denying the defendant's motion to

8  modify the verdict of death and the automatic motion for

9  modification of the jury verdict of death and the reasons

10  therefor be entered into the clerk's minutes.

11          All right.  You want to arraign the defendant

12  for sentence?

13          THE CLERK:  I'm not prepared.  I forgot.

14          THE COURT:  Huh?

15          THE CLERK:  I'm not prepared.  I forgot all

16  about that.  I'm sorry.  I'm sorry.  I forgot all about

17  that.  Shoot.

18          THE COURT:  Just pull the thing and --

19          MS. DRABEC:  What do you need, the Information?

20          THE CLERK:  Can we take a short recess?

21  I completely forgot about that.

22          THE COURT:  All right.  We'll take about a

23  three-minute recess.

24          (Recess.)

25          THE COURT:  Okay, Lor, if you will arraign the

26  defendant for sentence.

27          THE CLERK:  Please rise.

28          THE BAILIFF:  Does he have to rise?

JAMES LEE, C.S.R. NO. 4820

12

1            THE CLERK:   Does he have to rise?

2            THE COURT:   No.

3            THE CLERK:   Randall Scott Cash, an Information

4    was filed against you by the District Attorney of the

5    County of Alameda on the 8th day of August, 1986, charging

6    you in the first count with a felony, to wit, murder, a

7    violation of Section 187 of the Penal Code of California,

8    and charging you in the second count of attempted murder,

9    a violation of Section 187 of the Penal Code of

10   California, and charging you in the third count with a

11   violation of Section 211 of the Penal Code of California,

12   and charging you with special circumstance pursuant to

13   Section 190.2(a)(17)(i) of the Penal Code of California

14   and use of a firearm clause, Section 12022.5 of the Penal

15   Code and Section 1203.06 of the Penal Code in the first

16   count, and charging a second count of a use of a deadly

17   and dangerous weapon clause, Section 12022(b) of the Penal

18   Code, and use of firearm, Section 12022.5 of the Penal

19   Code and Section 1203.06(a) of the Penal Code, and great

20   bodily injury clause, Section 12022.7 of the Penal Code

21   and Section 1203.075 of the Penal Code, and charging you

22   with a third count of use of a firearm clause, Section

23   12022.5 of the Penal Code and Section 1203.06(a) of the

24   Penal Code, and bodily injury clause, Section 12022.7 of

25   the Penal Code and Section 1203.075 of the Penal Code, and

26   further charging you in the fifth count of a violation of

27   a felony, to wit, burglary, a violation of Section 459 of

28   the Penal Code of California, and use of a deadly and

00157

13

1  dangerous weapon clause, use of a firearm clause, use of a

2  great bodily injury -- and two great bodily injury

3  clauses.

4         You were regularly arraigned, and upon your

5  arraignment you entered pleas of not guilty to the crimes

6  charged in the Information.

7         You were subsequently tried by a jury, and the

8  jury rendered the following verdicts:

9         We, the jury in the above-entitled cause, find

10  the defendant, Randall Scott Cash, guilty of a felony, to

11  wit, murder, a violation of Section 187 of the Penal Code

12  of California, in that on or about the 27th day of

13  October, 1985, in the County of Alameda, State of

14  California, said defendant did then and there murder Bud

15  Alan Smith, a human being, as charged in the first count

16  of the Information.

17         We further find the degree of murder as first

18  degree.

19         We further find that in and during the

20  commission and attempted commission of the above offense

21  said defendant, Randall Scott Cash, did personally use a

22  firearm, to wit, a rifle.

23         Dated 6-18-92.

24         Raymond E. Kelchner, foreperson.

25         We, the jury in the above-entitled cause, find

26  the special circumstance pursuant to Section

27  190.2(a)(17)(i) of the Penal Code, in that said defendant,

28  Randall Scott Cash, while he was engaged in the commission

14

1   and attempted commission of a felony, to wit, robbery, in

2   violation of Section 211 of the Penal Code of California,

3   intentionally killed Bud Alan Smith, to be true.

4           Dated 6-18-92.

5           Raymond E. Kelchner, foreperson.

6           We, the jury in the above-entitled cause, find

7   the defendant, Randall Scott Cash, guilty of a felony, to

8   wit, attempted murder, a violation of Section 187 of the

9   Penal Code of California, in that on or about the 27th day

10  of October, 1985, in the County of Alameda, State of

11  California, said defendant did then and there attempt to

12  murder Susan Louise Balestri, as charged in the second

13  count of the information.

14          We further find that in and during the

15  commission, the attempted commission of the above offense

16  said defendant, Randall Scott Cash, did personally use

17  deadly and dangerous weapons, to wit, a rifle used as a

18  bludgeon and club.

19          We further find that in and during the

20  commission and attempted commission of the above offense

21  said defendant, Randall Scott Cash, did personally use a

22  firearm, to wit, a rifle.

23          We further find that in and during the

24  commission and attempted commission of the above offense

25  said defendant, Randall Scott Cash, with the intent to

26  inflict such injury, did personally inflict great bodily

27  injury on Susan Louise Balestri.

28          Dated 6-18-92.

JAMES LEE, C.S.R. NO. 4820

15

1          Raymond E. Kelchner, foreperson.

2          The issue of penalty being subsequently tried by

3   the jury and the jury rendering the following verdict:

4          We, the jury in the above-entitled cause, fix

5   the penalty at death.

6          Dated 7-21-92.

7          Raymond E. Kelchner, foreperson.

8          And your motion for new trial and your motion to

9   reduce the penalty having been denied by the Court, this

10  is the day regularly set for passing of sentence.

11         At this time, have you any legal cause why the

12  judgment of this Court should not now be pronounced

13  against you?

14         THE DEFENDANT:  No.

15         THE COURT:  All right.  In this matter,

16  probation is denied.  Probation is denied because of the

17  nature and seriousness of the offense and, further, the

18  statutes make the defendant ineligible for probation.

19         The jury having found the defendant, Randall

20  Scott Cash, guilty of a felony, to wit, the murder of Bud

21  Alan Smith, and having fixed the degree of murder as that

22  of the first degree, the jury further having found the

23  special circumstance alleged to be true, the jury further

24  having decreed death for the defendant, and the Court

25  further having denied the defendant's motion to modify the

26  jury verdict as to penalty within the meaning of Sections

27  190.4 and 1181(7) of the Penal Code, and there being no

28  sufficient legal cause to show why judgment of this Court

16

1  should not now be imposed, it is the judgment of this

2  Court and

3          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

4  the defendant, Randall Scott Cash, be put to death by the

5  administration of lethal gas or whatever procedure is set

6  forth by the Department of Corrections within the walls of

7  the State Prison, San Quentin, California, in accordance

8  with Penal Code Section 3604.

9          The defendant further having been convicted by a

10 verdict of jury of the offense of a felony, to wit,

11 attempted murder on Susan Louise Balestri, probation being

12 denied, it is the judgment of this Court and

13          IT IS HERBY ORDERED, ADJUDGED, AND DECREED that

14 in punishment for said offense the defendant be imprisoned

15 in the State Prison of the State of California for a

16 period of seven years.

17          Said term will be stayed pending service of

18 sentence and finality of the judgment as to Count One.

19          The Court will strike the use and great bodily

20 injury clause as to Count Two.

21          The Court further under 1385 of the Penal Code

22 will strike all the prior convictions.

23          As far as the death penalty is concerned with

24 reference to the murder and the special circumstances

25 therein, there is an automatic appeal to the State Supreme

26 Court.

27          Mr. Cash, your present lawyers may or may not be

28 the ones appointed on appeal. The Supreme Court will

JAMES LEE, C.S.R. NO. 4820

17

1    appoint counsel to represent you at no cost to yourself.

2         IT'S THEREFORE HEREBY ORDERED, ADJUDGED, AND

3    DECREED that the defendant, Randall Scott Cash, be

4    remanded to the care, custody and control of the Sheriff

5    of Alameda County, to be by said Sheriff delivered to the

6    Warden of the State Prison, San Quentin, California,

7    within ten days of the date of the judgment herein, and

8    that the execution of this sentence is to be withheld by

9    said Warden pending the final determination of Randall

10   Scott Cash's appeal in this matter, which is automatic,

11   and said sentence to be executed upon the final

12   determination of said appeal, and the said defendant,

13   Randall Scott Cash, is to be held by him during said

14   period until further order of this Court.

15        Therefore, this is to command you, the Sheriff

16   of the County of Alameda, as provided in said judgment, to

17   take Randall Scott Cash to the State Prison, San Quentin,

18   California, to be delivered into the custody of the Warden

19   of said State Prison.

20        And this further is to command you, the Warden

21   of the State Prison, San Quentin, California, to hold in

22   your custody the defendant, Randall Scott Cash, pending

23   the decision of this case on appeal, and upon the judgment

24   herein becoming final, to carry into effect the judgment

25   of said Court at a time and on a date to be hereinafter

26   fixed by order of this Court and within the state prison

27   system, at which time and place you shall put to death

28   said defendant, Randall Scott Cash, in the manner and

JAMES LEE, C.S.R. NO. 4820

18

1    means prescribed by law.

2           The reporter, Mr. Lee, is ordered to have a

3    transcript of these proceedings prepared and certified and

4    filed with the clerk of this court.

5           That will be the order.

6           MR. GENERA:  Your Honor, Mr. Cash had a short

7    statement he would like to read.

8           THE COURT:  Excuse me?

9           MR. GENERA:  I'm sorry?

10           THE COURT:  I'm sorry, Fernando?

11           MR. GENERA:  Mr. Cash had a short statement he

12    wanted to read.

13           THE COURT:  Yeah.  You want to proceed?

14           THE DEFENDANT:  First off, good morning, Your

15    Honor.

16           For the sake of appeals, I wanted to know if I

17    can get my credit I have in?

18           THE COURT:  You're going to have to speak a

19    little bit louder, Mr. Cash.

20           THE DEFENDANT:  I wonder for the sake of appeal

21    if can get the time credit that I have in on record?  I

22    have it computed here.

23           THE COURT:  The time credits?

24           THE DEFENDANT:  Yes, just for the sake of

25    appeal.

26           THE COURT:  Well, the appeal will be

27    automatically picked up by the Supreme Court.  I have no

28    idea what the time credits are.  I'm not sure I understand

JAMES LEE, C.S.R. NO. 4820

1   what you mean.

2           THE DEFENDANT:  The time that I already have

3   served, sir.

4           THE COURT:  You'll get credit for that time on

5   the attempted murder which I stayed.  So you would get

6   credit for it if it's reduced to -- on appeal to a

7   straight life, let's say, or a life with possibility of

8   parole, but at this point it's not -- it's not really an

9   issue.

10          THE DEFENDANT:  Okay.  All right.  Well, can I

11  read my statement?

12          THE COURT:  Sure.

13          THE DEFENDANT:  First of all, I am a Christian;

14  and I believe in the truth of the word of God.

15          In the course of this trial, many truths have

16  been revealed as well as many lies told.  I tried to be

17  honest, as well as my memory permits, and if I have spoken

18  any untruths, I ask now forgiveness.

19          I also forgive those who have lied against me

20  and fabricated stories and supported these lies and

21  stories to obtain the sentence of death.

22          To the families of my victims, words are useless

23  I know; but I want you to know that I am sorry for my

24  actions.  And in return, I pay the ultimate price, my own

25  life.  I realize this cannot bring Bud Smith back to life.

26          And I realize, Susan, this won't remove the

27  terrible memory you have; but it's all that can be done.

28  To find peace for yourself, you must find a way to forgive

JAMES LEE, C.S.R. NO: 4820

20

1    me and move on with your own life.

2            Thank you.

3            THE COURT:   Thank you, sir.

4            Those remarks will be incorporated in this

5    transcript.

6            You have the -- You want to bring it to the --

7            (Proceedings adjourned.)

8                        ---oOo---

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JAMES LEE, C.S.R. NO. 4820

21

1    STATE OF CALIFORNIA    )
                            )    ss
2    COUNTY OF ALAMEDA      )

3

4

5              I, JAMES LEE, C.S.R. NO. 4820, an Official

6    Reporter of the Superior Court of the State of California,

7    in and for the County of Alameda, do hereby certify that

8    the foregoing pages contain a full, true, and correct

9    transcription of my shorthand notes of the probation had

10   in the above-entitled cause.

11             IN WITNESS WHEREOF, I have hereunto set my hand

12   this 22nd day of October, 1992.

13

14

15                                  _____

16

17

18

19

20

21

22

23

24

25

26

27

28

JAMES LEE, C.S.R. NO. 4820

JOHN J. MEEHAN
District Attorney
900 Courthouse
1225 Fallon Street
Oakland, California 94612
(415) 874-6565

F I L E D
ALAMEDA COUNTY

AUG 8 - 1986

RENE C. DAVIDSON, County Clerk
By _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF
CALIFORNIA,

—vs—

RANDALL SCOTT CASH

Defendant(s)

NO. H - 8485
INFORMATION
PFN AOM 173     CEN 5095924

Team 2

The District Attorney of the County of Alameda hereby accuses

RANDALL SCOTT CASH

of a felony, to wit,    Murder, a violation of Section 187 of the Penal Code of

California,

in that on or about the ____27th____ day of _____October_____ , 19_85___,

in the County of Alameda, State of California,    said defendant did then and there murder

BUD ALAN SMITH, a human being.
SPECIAL CIRCUMSTANCE

(Section 190.2(a)(17)(i) Penal Code)

The District Attorney of the County of Alameda further charges that the

defendant RANDALL SCOTT CASH, while he was engaged in the commission and

attempted commission of a felony, to wit:  Robbery, in violation of Section 211

of the Penal Code, intentionally killed BUD ALAN SMITH.

FICE OF
T ATTORNEY
DA COUNTY
IFORNIA
4 005

8/8/86                                    1.

00167

1

## USE OF FIREARM CLAUSE

2

(Section 12022.5 Penal Code; Section 1203.06(a) Penal Code)

3

The District Attorney of the County of Alameda further charges that

4

in and during the commission and attempted commission of the above offense,

5

said defendant RANDALL SCOTT CASH personally used a firearm, to wit:  a rifle.

6

## GREAT BODILY INJURY CLAUSE

7

(Section 1203.075 Penal Code)

8

The District Attorney of the County of Alameda further charges that

9

in and during the commission and attempted commission of the above offense,

10

the said defendant, RANDALL SCOTT CASH, with the intent to inflict such

11

injury, personally inflicted great bodily injury on BUD ALAN SMITH.

12

## S E C O N D   C O U N T

13

And the said RANDALL SCOTT CASH is further accused by the District

14

Attorney of the County of Alameda, by the second count of this Information,

15

of a felony, to wit:  Attempted Murder, a violation of Section 187 of the

16

Penal Code of California, in that on or about the 27th day of October, 1985,

17

in the County of Alameda, State of California, said defendant did then and

18

there attempt to murder SUSAN LOUISE BALESTRI.

19

## USE OF DEADLY/DANGEROUS WEAPON CLAUSE

20

(Section 12022(b) Penal Code)

21

The District Attorney of the County of Alameda further charges that

22

in and during the commission and attempted commission of the above offense,

23

the said defendant, RANDALL SCOTT CASH personally used   deadly and dangerous

24

weapons, to wit:  a rifle used as bludgeon and a club.

25

## USE OF FIREARM CLAUSE

26

(Section 12022.5 Penal Code; Section 1203.06(a) Penal Code)

27

The District Attorney of the County of Alameda further charges that

28

in and during the commission and attempted commission of the above offense

OFFICE OF
DISTRICT ATTORNEY
ALAMEDA COUNTY
CALIFORNIA

29

said defendant RANDALL SCOTT CASH personally used a firearm, to wit:  a rifle.

30

31

2.

1

GREAT BODILY INJURY CLAUSE

2

(Section 12022.7 Penal Code; Section 1203.075 Penal Code)

3

The District Attorney of the County of Alameda further charges that

4

in and during the commission and attempted commission of the above offense,

5

the said defendant, RANDALL SCOTT CASH, with the intent to inflict such

6

injury, personally inflicted great bodily injury on SUSAN LOUISE BALESTRI.

7

T H I R D   C O U N T

8

And the said RANDALL SCOTT CASH is further accused by the District

9

Attorney of the County of Alameda, by the third count of this Information,

10

of a felony, to wit:  Robbery, a violation of Section 211 of the Penal Code

11

of California, in that on or about the 27th day of October, 1985, in the

12

County of Alameda, State of California, said defendant did then and there

13

rob BUD ALAN SMITH of lawful money of the United States.

14

(Section 213.5 Penal Code)

15

The District Attorney of the County of Alameda further charges that

16

the said defendantRANDALL SCOTT CASH  committed such robbery as charged

17

in the above count of this Information in an inhabited dwelling house.

18

USE OF FIREARM CLAUSE

19

(Section 12022.5 Penal Code; Section 1203.06(a) Penal Code)

20

The District Attorney of the County of Alameda further charges that

21

in and during the commission and attempted commission of the above offense

22

said defendant RANDALL SCOTT CASH personally used a firearm, to wit:  a rifle.

23

GREAT BODILY INJURY CLAUSE

24

(Section 12022.7 Penal Code; Section 1203.075 Penal Code)

25

The District Attorney of the County of Alameda further charges that

26

in and during the commission and attempted commission of the above offense,

27

the said defendant, RANDALL SCOTT CASH, with the intent to inflict such

28

injury, personally inflicted great bodily injury on BUD ALAN SMITH.

29

OFFICE OF
DISTRICT ATTORNEY
ALAMEDA COUNTY
CALIFORNIA

30

-3-

31

00169

F O U R T H   C O U N T

And the said RANDALL SCOTT CASH is further accused by the District

Attorney of the County of Alameda, by the fourth count of this Information,

of a felony, to wit:   Robbery, a violation of Section 211 of the Penal

Code of California, in that on or about the 27th day of October, 1985, in

the County of Alameda, State of California, said defendant did then and

there rob SUSAN LOUISE BALESTRI of lawful money of the United States.

(Section 213.5 Penal Code)

The District Attorney of the County of Alameda further charges that

the said defendant RANDALL SCOTT CASH  committed such robbery as charged

in the above count of this Information in an inhabited dwelling house.

USE OF DEADLY/DANGEROUS WEAPON CLAUSE

(Section 12022(b) Penal Code)

The District Attorney of the County of Alameda further charges that

in and during the commission and attempted commission of the above offense,

the said defendant, RANDALL SCOTT CASH personallly used deadly and dangerous

weapons, to wit:  a rifle as a bludgeon and a club.

USE OF FIREARM CLAUSE

(Section 12022.5 Penal Code; Section 1203.06(a) Penal Code)

The District Attorney of the County of Alameda further charges that

in and during the commission and attempted commission of the above offense

said defendant RANDALL SCOTT CASH personally used a firearm, to wit:  a rifle.

GREAT BODILY INJURY CLAUSE

(Section 12022.7 Penal Code; Section 1203.075 Penal Code)

The District Attorney of the County of Alameda further charges that

in and during the commission and attempted commission of the above offense,

the said defendant, RANDALL SCOTT CASH, with the intent to inflict such

injury, personally inflicted great bodily injury on SUSAN LOUISE BALESTRI.

OFFICE OF
DISTRICT ATTORNEY
ALAMEDA COUNTY
CALIFORNIA

-4.-

00170

<u>F I F T H   C O U N T</u>

And the said RANDALL SCOTT CASH is further accused by the District
Attorney of the County of Alameda, by the fifth count of this Information,
of a felony, to wit:  Burglary, a violation of Section 459 of the Penal
Code of California, in that on or about the 27th day of October, 1985, in
the County of Alameda, State of California, said defendant did then and
there enter the inhabited dwelling house occupied by BUD ALAN SMITH and
SUSAN LOUISE BALESTRI with intent to commit theft and felonies.

<u>USE OF DEADLY/DANGEROUS WEAPON CLAUSE</u>

(Section 12022(b) Penal Code)

The District Attorney of the County of Alameda further charges that
in and during the commission and attempted commission of the above offense,
the said defendant, RANDALL SCOTT CASH personally used deadly and dangerous
weapons, to wit: a rifle as a bludgeon and a club.

<u>USE OF FIREARM CLAUSE</u>

(Section 12022.5 Penal Code; Section 1203.06(a) Penal Code)

The District Attorney of the County of Alameda further charges that
in and during the commission and attempted commission of the above offense
said defendant RANDALL SCOTT CASH personally used a firearm, to wit:  a rifle.

<u>GREAT BODILY INJURY CLAUSE</u>

(Section 12022.7 Penal Code; Section 1203.075 Penal Code)

The District Attorney of the County of Alameda further charges that
in and during the commission and attempted commission of the above offense,
the said defendant, RANDALL SCOTT CASH, with the intent to inflict such
injury, personally inflicted great bodily injury on BUD ALAN SMITH.

///

5.

OFFICE OF
ISTRICT ATTORNEY.
ALAMEDA COUNTY
CALIFORNIA

1

## GREAT BODILY INJURY CLAUSE

2      (Section 12022.7 Penal Code; Section 1203.075 Penal Code)

3      The District Attorney of the County of Alameda further charges that

4   in and during the commission and attempted commission of the above offense,

5   the said defendant, RANDALL SCOTT CASH, with the intent to inflict such

6   injury, personally inflicted great bodily injury on SUSAN LOUISE BALESTRI.

7                                    JOHN J. MEEHAN
                                     District Attorney of the County
8                                    of Alameda, State of California
                                     DONALD P. WHYTE
9                                    Assistant District Attorney
                                     By William M Balt
10                                      William M. Baldwin
                                        Assistant District Attorney
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OFFICE OF
DISTRICT ATTORNEY
ALAMEDA COUNTY
CALIFORNIA
29

30

31

59

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ALAMEDA**

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 1 2005

Superior Court No. H-8485                    Department 11

CLERK OF THE SUPERIOR COURT
By   JANET SCHOENEMANN

PEOPLE OF THE STATE OF
CALIFORNIA, Plaintiff          v.     **RANDALL CASH – AOM 173 – DOB:12-23-59**Deputy

**ORDER FOR TEMPORARY REMOVAL OF PRISONER**
**AND FOR HIS PRODUCTION AS A DEFENDANT**

STATE OF CALIFORNIA,      )
COUNTY OF ALAMEDA        )

TO:    THE SHERIFF OF THE COUNTY OF ALAMEDA, STATE OF CALIFORNIA:

It appearing to this Court from the Affidavit of Angela C. Backers, Senior Deputy District Attorney of the County of Alameda, State of California, that there is now pending against the above-named defendant a criminal action in the County of Alameda, to wit: violation of section 187 of the Penal Code of California in the Alameda County Superior Court, and that the presence of said defendant hereinafter called the prisoner, is necessary and material for prosecution of said criminal action; that the said prisoner is presently confined at San Quentin State Prison, and that the sentence of said prisoner will not expire before the trial and hearing of said criminal action;

IT IS HEREBY ORDERED that said prisoner be temporarily removed from the penal institution and produced as a defendant as follows:

      1.    Place, date and time prisoner is to be produced as defendant:

          Alameda County Superior Court, Department 11, November 17, 2005
          10 a.m., 1225 Fallon Street, Oakland, CA  94612

      2.    Prisoner's name: **Randall Cash – H53400**

      3.    Confined at: San Quentin State Prison

IT IS FURTHER ORDERED that the Sheriff of the County of Alameda, State of California, proceed to the penal institution herein above named and temporarily remove said prisoner therefrom and produce said prisoner as a defendant in said criminal action as aforesaid and safely keep said prisoner, and when said prisoner no longer shall be required as a defendant as aforesaid, that the said Sheriff return said prisoner to the above-named penal institution.

OCT 2 1 2005
DATED:        OCT 2 1 2005
ATTEST:
ARTHUR SIMS Clerk

**THOMAS M. REARDON**
Judge of the Superior Court of the
State of California, in and for the
County of Alameda

By: _Janet Schoeneman_
    Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA TO:

THE WARDEN OF SAN QUENTIN STATE PRISON

An order having been made this day by me, which order is herein above set forth and made a part hereof, that the prisoner therein named be produced as a defendant in said criminal action as in said order provided; YOU ARE COMMANDED to deliver him into the custody of the Sheriff of the County of Alameda.

DATED: OCT 21 2005

THOMAS M. REARDON

Judge of the Superior Court

ATTEST: OCT 21 2005
ARTHUR SIMS, Clerk

By: _Janet Schoenemann_
Deputy Clerk



00174

ENDORSED
FILED
ALAMEDA COUNTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ALAMEDA**

OCT 2 1 2005

CLERK OF THE SUPERIOR COURT
By JANET SCHOENEMANN
Deputy

Superior Court No. H-8485                     Department 11

PEOPLE OF THE STATE OF
CALIFORNIA, Plaintiff          v.     **RANDALL CASH – AOM 173 – DOB:12-23-59**

**AFFIDAVIT FOR ORDER FOR TEMPORARY**
**REMOVAL OF PRISONER AND FOR HIS**
**PRODUCTION AS A DEFENDANT**

STATE OF CALIFORNIA, )
COUNTY OF ALAMEDA  )

Angela C. Backers, being duly sworn, deposes and says that at all times herein mentioned she has been and is now a Senior Deputy District Attorney in the County of Alameda, State of California, that there is now pending against the above-named defendant a criminal action in the County of Alameda, to wit: violation of section 187 of the Penal Code of California in the Alameda County Superior Court and that the presence of the below named prisoner is necessary and material for prosecution of said criminal action:

That the name of the prisoner for whom an order for his temporary removal is sought, the place where the prisoner is confined, the place where the prisoner is to be produced as a defendant, and the date and time the prisoner is to be produced as a defendant are as follows:

1.    Place, date and time prisoner is to be produced as defendant:

Alameda County Superior Court, Department 11, November 17, 2005
10 a.m., 1225 Fallon Street, Oakland, CA  94612

2.    Prisoner's name: **Randall Cash – CDC H53400**

3.    Confined at: San Quentin State Prison

WHEREFORE, affiant prays that the above-entitled court make an order that the said prisoner be temporarily removed from the said penal institution and be produced as a defendant as aforesaid, at the place and on the date and time above mentioned as provided by section 2620 of the Penal Code of California.

Subscribed and sworn to before me
this 20th day of October, 2005

Angela C. Backers
Senior Deputy District Attorney

Deputy District Attorney of
the County of Alameda, State of California

-24-2002 TUE 10:52 AM   ALAMEDA CO    9255518?19    P. 01

*CASH*   10-7-02   0930

H-53400

45 Broder Boulevard
blin, Ca  94550

one: (925) 551-6664
ax: (925) 551-6620



# Alameda County Sheriff's Office

# ax

attn: Louise

**To:** SOP m/c

**Fax:** (415) 455-5184

**Phone:** (415) 454-1460 x5927

**Re:** Removal Order

**From:** ACSO Transportation Section

**Date:** 9-24-02

**Pages:** 3

**CC:**

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

•Comments:

H53400

Attached is R/O# _H8485_ for _Randall Cash_
Alameda County Sheriff's Transportation Unit will arrive at
your facility to pick-up above individual on:
_Monday, October 7, 2002 @ 0730 hrs_

Thank you.

Kristine/Transportation

00176

**SUPERIOR COURT**
STATE OF CALIFORNIA
COUNTY OF ALAMEDA

**RONALD G. OVERHOLT**
EXECUTIVE OFFICER
JURY COMMISSIONER AND
CLERK OF THE SUPERIOR COURT
1225 Fallon Street
Oakland, CA 94612

EXECUTIVE OFFICE, ROOM 209
Phone: (510) 272-6040
Fax: (510) 271-5130
CLERK OF THE COURT, ROOM 105
Phone: (510) 272-6755
Fax: (510) 272-0796

I AM RETURNING THE ENCLOSED MATERIALS FOR THE REASONS CHECKED BELOW:  *October 28, 1992*
*Case# H-8485*

( )  Insufficient fee enclosed.

( )  Make check payable to Clerk of the Superior Court.

( )  I am returning your check for $_____.  Please submit check for $_____.

( )  Searching records or files is $5.00 PER YEAR, PER PERSON.  PLEASE INDICATE EXACTLY WHAT YEARS YOU REQUEST WE SEARCH_____.

( )  Copywork is .75 per page _____ pages x 75¢ = _____.

( )  Certification is $1.75 per document in addition to copying or comparing..

( )  Authentication is $7.00 in addition to copying or comparing.

( )  Case No. incorrect.  Please indicate correct Action No. _____.

(✓)  Please specify exactly what *(Transcripts)* document(s) you wish.

( )  According to our records, the requested document(s) have not been filed.

( )  Insufficient information to identify subject in Superior Court Felony records.

( )  Search of Superior Court Felony records has been made and no record found on subject.

( )  Search of Superior Court Felony records reflect the following record:

( )  Other:  PLEASE RETURN THIS STATEMENT WITH YOUR PAYMENT.  THANK YOU!
_____

TO FACILITATE THE PROCESSING OF THIS REQUEST PLEASE:

( )  Enclose a self-addressed, stamped envelope for your receipt.

( )  Address future correspondence as follows:  Clerk of the Superior Court
Criminal Division
1225 Fallon Street, Room 107
Oakland, CA  94612

NOTE:  AS OF JAN. 1, 1992 SEARCHING
RECORDS ARE $5.00 PER YEAR
PER PERSON.

_____
Deputy
(510) 272-6776

1034C

ate of California-    Departm    of correction

# BODY RECEIPT

Date _____ **11/28/2007**

I have this date received from:    **R. AYERS JR., WARDEN**

Person Received: _____ CASH H53400

Received from Court ☐    Returned from Escape ☐    Returned from Other ☐

Cash: _____ NONE

Property: _____ NONE

| OUT TO UC MEDICAL CENTER, SAN FRANCISCO |
|---|

The above listed is all the property and cash I had in my possession.

Person Received: **Unable to Sign**

_____
(Receiving Officer)

Institution: **San Quentin State Prison**

CDC-123

00178

State of ___ lifornia-    Department of Co ___ tions

# BODY RECEIPT

Date    11/28/2007

I have this date received from:

Person Received:    C.D.C.R. AGENTS

Received from Court: ☐    CASH H53400    Returned from Escape ☐    Returned from Other ☐

Cash:    NONE

Property:    NONE

RETURN FROM UC MEDICAL CENTER, SAN FRANCISCO

The above listed is all the property and cash I had in my possession.

Person Received: **Unable to Sign**
(Receiving Officer)

Trujillo,
Christian

Institution: **San Quentin State Prison**

CDC-123

00179

State of ⅼⅼfornia-    Department of Corr᠁tions

# BODY RECEIPT

Date _____ **11/28/2007**

I have this date received from:

Person Received: _____ **C.D.C.R. AGENTS** _____

Received from Court ☐    **CASH  H53400**    Returned from Escape ☐    Returned from Other ☐

Cash: _____ **NONE** _____

Property: _____ **NONE** _____

## RETURN FROM UC MEDICAL CENTER, SAN FRANCISCO

The above listed is all the property and cash I had in my possession.

Person Received: **Unable to Sign** _____

(Receiving Officer)

Institution: **San Quentin State Prison**

cdc-123

00180

State of California-    Department of Corrections

# BODY RECEIPT

Date _____ 10/05/2007

I have this date received from:

C.D.C.R. AGENTS

Person Received: _____ CASH H53400

Received from Court ☐    Returned from Escape ☐    Returned from Other ☐

Cash: _____ NONE

Property: _____ NONE

RETURN FROM UC MEDICAL CENTER, SAN FRANCISCO

The above listed is all the property and cash I had in my possession.

Person Received: **Unable to Sign**

_(signature)_
(Receiving Officer)

Institution: **San Quentin State Prison**

CDC-123

00181

JQ - RC

## State of California - Department of correction
# BODY RECEIPT

Date _____ 10/05/2007

I have this date received from: _____

Person Received: **R. AYERS JR., WARDEN**

CASH H53400

Received from Court. [ ]    Returned from Escape [ ]    Returned from Other [ ]

Cash: NONE

Property: NONE

| OUT TO UC MEDICAL CENTER, SAN FRANCISCO |
| --- |

The above listed is all the property and cash I had in my possession.

Person Received: **Unable to Sign**

_____
(Receiving Officer)

Institution: **San Quentin State Prison**

Seikan
Alvias  _signature_
SGT  Larkins  _signature_

CDC-123

00182

State of California—Department of Corrections

# BODY RECEIPT

Date _____5/4/07_____

I have this date received from:

Person Received _____WARDEN R. AYERS, JR._____

_____CASH  H-53400_____

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property _____ NONE _____

Cash _____ NONE _____

_____CDT TO U.C.S.F. POST ST. SAN FRANCISCO_____

The above listed is all the property and cash I had in my possession.

Person Received _____INMATE TO SIGN_____
(Receiving Officer)

Institution _____S.Q._____

CDC-123

00183

State of California—Department of Corrections

# BODY RECEIPT

Date _07/08/07_

I have this date received from:

Person Received. _C.D.C.R. AGENT'S_

_CDCR5401_

Received from Court. _____ Returned from Escape. _____ Returned from Other. _____

Property. _NONE_

Cash. _NONE_

_RETURNED FROM MED APPT. U.C.S.P_

GRAY
IANNONE

The above listed is all the property and cash I had in my possession.

Person Received. _UNABLE TO SIGN_
(Receiving Officer)

Institution. _S.O.S.P._

CDC-123

00184

State of California—Department of Corrections

# BODY RECEIPT

Date: 02/28/07

I have this date received from:

AYERS R. MARDEN (a)

Person Received. CASH H53400

Received from Court. _____ Returned from Escape. _____ Returned from Other. _____

Property. NONE

Cash. NONE

OUT TO MED APPT. U.C.S.F.

The above listed is all the property and cash I had in my possession.

Person Received. UNABLE TO SIGN

(Receiving Officer)

Institution. S.Q.S.P.

CDC-123

00185

State of California—Department of Corrections

# BODY RECEIPT

Date................................ 09/25/2006

I have this date received from:

R. AYERS JR.   WARDEN (A)

Person Received.................................................. CASH  HS3400

Received from Court.................. Returned from Escape.................. Returned from Other..................

Property.......................... NONE

Cash................................. NONE

OUT TO DOCTORS APPOINTMENT, GREENBRAE

The above listed is all the property and cash I had in my possession.

CARLO
MANN                    Person Received........ UNABLE TO SIGN

                        ..............................
                        (Receiving Officer)

cpc-123                 Institution........ CSP-S.Q.

00186

Str___ of California—Department of Corre___ons

# BODY RECEIPT

Date ____ 09/25/2006

I have this date received from:

_____ C.D.C.R. AGENTS

Person Received _____ CASH H53400

Received from Court _____ Returned from Other _____

Property ____ NOW

Cash ____ NONE

_____

RETURNE RCM DOCTORS APPOINTMET, GRINDRAE

The above listed is all the property and cash I had in my possession.

CARLO
MANN

Person Received ____ UNABLE TO SIGN
(Receiving Officer)

CDC-123

Institution ____ CSP-S.Q.

00187

Sta... of California—Department of Corre...ons

# BODY RECEIPT

Date........ 09/13/2006

I have this date received from:........ C.D.C.R. AGENTS

Person Received........ CASH HS3400

Received from Court........ Returned from Escape........ Returned from Other........

Property........ NONE

Cash........ NONE

RETURN FROM DOCTORS APPOINTMENT, CARDONGRAM

The above listed is all the property and cash I had in my possession.

PINEDA
VILLATORMEZ

Person Received........ UNABLE TO SIGN
(Receiving Officer)

CDC-123

Institution........ CSP-S.Q.

State of California—Department of Corrections

# BODY RECEIPT

Date 09/13/2006

I have this date received from:

R. AYERS JR. WARDEN (A)

Person Received CASH H53400

Received from Court Returned from Escape Returned from Other

Property NONE

Cash NONE

OUT TO DOCTORS APPOINTMENT, GREENBRAE

The above listed is all the property and cash I had in my possession.

Person Received UNABLE TO SIGN

PINEDA
VILLAGOMEZ

(Receiving Officer)

CDC-123

Institution CSP-S.Q.

00189

St.. of California—Department of Corre..ions

# BODY RECEIPT

Date_____ 9/8/06

I have this date received from:

_____ WARDEN R.AYERS  JR (A)

Person Received._____ CASH H-53400

Received from Court._____ Returned from Escape._____ Returned from Other_____

Property._____ NONE

Cash._____ NONE

_____ OUT TO IR OFFICE  SAN FRANCISCO

The above listed is all the property and cash I had in my possession.

Person Received_____ INMATE TO SIGN

(Receiving Officer)

cdc-123

Institution_____

S.O._____

State of California—Department of Corrections

# BODY RECEIPT

Date....... 9-1-06

I have this date received from:

Person Received............... CDCR AGENTS

Received from Court............... CASH $534.00 ........Returned from Escape................Returned from Other...............

Property............... NONE

Cash............... NONE

........................................... RETURN FROM NOVATO COMMUNITY HOSPITAL SDS

The above listed is all the property and cash I had in my possession.

Person Received... UNABLE TO SIGN
(Receiving Officer)

CDC-123

Institution............... SCSP

00191

Str~~ of California—Department of Corre~~ ~~ons

# BODY RECEIPT

Date_____ 9-1-06

I have this date received from:

Person Received._____ WARDEN R. AYERS    (A)

Received from Court._____ CASH $ 5.00    Returned from Escape._____ Returned from Other._____

Property._____ NONE

Cash._____ NONE

._____ KAISER NOVATO COMMUNITY HOSPITAL SRS

The above listed is all the property and cash I had in my possession.

Person Received    UNABLE TO SIGN

KUNES
TURNER
(Receiving Officer)

CDC-123

Institution._____ SQSP

RECORDS

00192

State of California—Department of Corrections

# BODY RECEIPT

Date._____ 8/9/06

I have this date received from:

Person Received._____ C.D.C.R. AGENTS

Received from Court._____ CASH H-53400 _____ Returned from Other._____

Property._____ NONE _____ Returned from Escape._____

Cash._____ NONE

_____ RETURN FROM SURGERY NOVATO _____

The above listed is all the property and cash I had in my possession.

Person Received UNABLE TO SIGN

(Receiving Officer)

Institution SQ.

CDC-123
00193

State of California—Department of Corrections

# BODY RECEIPT

Date. 8/9/06

I have this date received from:

WARDEN R. AYERS @

Person Received. CASH H-5400

Received from Court. Returned from Escape. Returned from Other.

Property. NONE

Cash. NONE

_____

OUT TO SURGERY NOVATO

The above listed is all the property and cash I had in my possession.

Person Received. UNABLE TO SIGN

(Receiving Officer)

CDC-123

Institution S.Q.

00194

State of California—Department of Corrections

# BODY RECEIPT

Date. MAY 3, 2006

I have this date received from:

cdc agehrs

Person Received. CASH, H5340

Received from Court. Returned from Escape. Returned from Other

Property. NONE

Cash. NONE

RETURN FROM N-1 (SAME DAY SURGERY)

The above listed is all the property and cash I had in my possession.

CDC-123

Person Received. UNABLE TO SIGN

(Receiving Officer)

Institution S.Q.

St.   of California—Department of Corre...ons

**BODY RECEIPT**

Date. 2-21-06

I have this date received from:

Person Received. C.D.C. AGENTS

NON 3rd 12:29-05

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property. ∅

Cash. ∅

RETURN FROM NOVATO COMM. HOSP

The above listed is all the property and cash I had in my possession.

Person Received UNABLE TO SIGN
(Receiving Officer)

Institution S.Q.S.P

CDC-123

00196

State of California—Department of Corrections

# BODY RECEIPT

Date 2.21.06

I have this date received from:

Person Received CASH H 53400

Received from Court. _____ Returned from Escape. _____

Property 0

Cash 0 _____ Returned from Other. _____

OUT TO NOVATO COMM HOSP

The above listed is all the property and cash I had in my possession.

_____

Person Received UNABLE TO SIGN

C/O X. Palu
(Receiving Officer)

Institution S.Q.S.P

CDC-123

00197

of California—Department of Corrections.

# BODY RECEIPT

Date _____ 12-23-05 _____

I have this date received from:

ALAMEDA CO

CASH, R    H-53400    N/C    DOB: 12-23-59

Person Received _____

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property _____

Cash _____

The above list is all the property and cash had in my possession.

Person Received _____ UNABLE TO SIGN

00198

State of California—Department of Corre____

# BODY RECEIPT

Date. _11-14-05_

date received from: 4-15-06 NON RC

SAN QUENTIN STATE PRISON

WARDEN CRNOSKI

OUT TO COURT

Person Received. _CASH  H53400_

Received from Court. _____ Returned from Escape. _____ Returned from Other. _____

Property. _____

Cash. _____

_____

_____

The above listed is all the property and cash I had in my possession.

Person Received. _____
(Receiving Officer)

Institution. _ALAMEDA Co. Sheriff_

Person Received. _____

CDC-123

00199

State of California—Department of Corrections

# BODY RECEIPT

Date _____ 11-8-02 _____

I have this date received from:

_____ ALAMEDA COUNTY

Person Received _____ CASH, R. · H-53400    OTC/RTN/SQ CONDEMNED

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property _____

Cash _____

The above listed is all the property and cash I had in my possession.

Person Received _____ UNABLE TO SIGN
C/O M. _____
(Receiving Officer)

Institution _____ SAN QUENTIN STATE PRISON

CDC-123

00200

of California—Department of Corrections

# BODY RECEIPT

Date _____ 16/1/7

I have this date received from:

Person Received _____

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property _____

Cash _____

WARDEN    J. S. WOODFORD    O.T.C.

A3340

The above listed is all the property and cash I had in my possession.

Person Received _____

Receiving Officer _____

Institution _____

State of California—Department of Corrections

# BODY RECEIPT

Date _____ 10/20/92 _____

I have this date received from:

_____ ALAMEDA COUNTY _____

Person Received _____ CASH, RANDALL H-53400 _____ N/C _____

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property _____

Cash _____

_____

_____

The above listed is all the property and cash I had in my possession.

Person Received _____ UNABLE TO SIGN _____

Receiving Officer _____

Institution _____ SAN QUENTIN _____



STATE OF CALIFORNIA

**FINGERPRINT CARD**

DEPARTMENT OF CORRECTIONS

NAME    CASH, RANDALL    SCOTT

ALIAS

NO.    H53400

CLASS

REF

| | | |
|---|---|---|
| Hair    BRN | Eyes    BRN | Complexion    MED |
| Weight    180 | Age    32 | Build    MED |
| Rec'd at    SQ | Date    OCT 2 0 1992 | County    ALA |
| Offense | | Term    CONDEMNED |
| | | Height    5-10 |
| | | Occupation    PRINTER |
| | | Nativity    CA |
| | | Race    WHT |

Marks, Scars, Tattoos (Location & Brief Description — Scar Right Eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent)

Taken by    D. R. Elliott

Signature    Randall S. Cash

Right Hand

LEFT

Left Hand    Left Thumb    Right Thumb    Right Hand

CDC - 1387

00203



STATE OF CALIFORNIA
**FINGERPRINT CARD**

NAME _CASH, RANDALL SCOTT_

ALIAS

NO. ~~H-86905~~ H53400

CLASS

REF.

DEPARTMENT OF CORRECTIONS

Right Hand

Left Hand

| Hair | BRN | Eyes | BRN | Complexion | LGT | Height | 5-10 |
| Weight | 180 | Age | 32 | Build | MED | Occupation | PRINTER |
| Rec'd at | SQ | Date | OCT 20 1992 | County | ALA | Nativity | CA |
| Offense | | | | Term | CONDEMNED | Race | WHT |

Marks, Scars, Tattoos (Location & Brief Description — Scar Right Eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent).

Taken by    D. R. Elliott

Signature    X Randall S. Cash

Right Hand

Left Thumb    Right Thumb    Right Hand

CDC - 138 (7/48)

SEP-24-2002 TUE 10:52 AM    ' AMEDA CO            925551    )              P. 01

H-53400    *CASH*    10-7-02    0930

5325 Broder Boulevard
Dublin, Ca  94550

Phone: (925) 551-6664
Fax: (925) 551-6620



Alameda County
Sheriff's Office

# Fax

*attn: Louise*

| | | |
|---|---|---|
| To: *SBP M/L* | From: | ACSO Transportation Section |
| Fax: *(915) 455-5184* | Date: | *9-24-02* |
| Phone: *(415) 454-1460 x5427* | Pages: | *3* |
| Re: Removal Order | CC: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☑ Please Recycle

•Comments:

Attached is R/O# ___*H8485*___ for ___*Randall Cash*___ *H53400*
Alameda County Sheriff's Transportation Unit will arrive at
your facility to pick-up above individual on:
*Monday, October 7, 2002 @ 0930 hrs*
Thank you.

Kristine/Transportation

00205