# EXHIBIT  B
## (part three - pp. 00263-00315)


## to


# DECLARATION OF JAHANGIR SADEGHI, M.D.,

# IN SUPPORT OF

# MOTION FOR SUMMARY JUDGMENT


*Cash v. Sadeghi*
United States District Court
Northern District of California
Case No. C 07-6252-JF (PR)

TO: CHIEF MEDICAL OFFICER.
7/30/07

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
SAN QUENTIN    07-03367

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: RANDALL S. CASH    NUMBER: H53400    ASSIGNMENT: UN-ASSIGNED    UNIT/ROOM NUMBER: 5AH3L

A. Describe Problem: I have been in the Reception Center for 19 months now awaiting Endorsement. Since an MRI was done here at San Quentin on 9-07-06 I have been on pain management for chronic pain due to herniated discs, bone spurs causing severe sciatica in right hip and leg. I have also started conti-steroyl treatments at UCSF. The only medication I have been given that even remotely relieves this caliber of pain I am constantly in is Methadone. I have taken Methadone 10mg BID from January 3, '07 – July 20, '07 only to be cut off with no warning no tapering off, and replaced by ineffectual Tylenol 3.

If you need more space, attach one additional sheet.

B. Action Requested: Just because the in house pharmacy no longer inventories a drug doesn't mean it can not be special ordered when prescribed. My medication Duloxetine is special ordered from an outside pharmacy. So can my prescribed Methadone. Restore my Methadone as prescribed by Dr. Wu and UCSF

Inmate/Parolee Signature: Randall S Cash H53400    Date Submitted: 7/30/07

RECD JUL 31 2007

C. INFORMAL LEVEL (Date Received)

Staff Response: At this time your request is being denied due to the recent change in pharmacy. Methadone is no longer a formulary drug so therefore will no longer will be prescribed/provided at San Quentin. Although it is understood that you need another medication prescribed that is formulary to treat your medical condition, therefore you will be scheduled to see Dr Wu on ___ to address this problem.

Staff Signature: E Mwangi RN    Date Returned to Inmate: 8-3-07

AUG 08 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

On Thursday, 8-09-07 I saw Dr Wu about my medication. The only medication he had to offer is Codeine III X3 BID. Though I do realize the policy change in medication I should not be forced to be in constant pain of this caliber all the time. Codeine III does not replace Methadone

Signature: Randall S Cash H53400    Date Submitted: 8-13-07

CDC Appeal Number

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

AUG 15 RECD

First Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **AUG 15 2007**    Due Date: **SEP 27 2007**

Interviewed by R. Hansen RN on 9-27-07. We talked about the medication the Toradol being a non-formulary and the Tylenol #3 to take twice a day taking. This medication is due to potential abuse concern. You also said your concern being that your condition is chronic and the medication not strong enough. You talked about other pain management ways physical therapy and others. You shake you are encourage to assess the _____ your diet _____ you are interested. Appeal Partially granted.

Staff Signature: R. Hansen RN    Title: Registered Nurse    Date Completed: **OCT 01 2007**

Division Head Approved: _____ Signature: _____    Title: _____    Returned to Inmate: **OCT 02 2007**

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA

**TREAT AS ORIGINAL**

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region        Log No. 7 0 2 1 3 0        Category 8

SQSP        C3G-T-07-00992        Co

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

A 5 043

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| CASH, RANDALL S. | H53400 | RECEPTION | R5-243L |

**A. Describe Problem:** I submitted a completed RDA 1824 form to the Appeals Coordinator Office on 3-08-07 and received a response with a log number from the Appeals Coordinator telling me that the assigned staff Reviewer ~ HCM had 15 days to respond to me on First level. That deadline ran out today 4-02-07 (see attached notice)

If you need more space, attach one additional sheet.

**B. Action Requested:** Assigned Staff Review HCM review my appeal and interview me. This is a serious matter my eyesight is at stake here and the sooner it is looked into the better my ability of getting something done to restore my vision

Inmate/Parolee Signature: Randall S Cash        APR 05 REC'D        Date Submitted: 4-02-07

**C. INFORMAL LEVEL (Date Received:** APR 05 REC'D    partially

**Staff Response:** I reviewed your appeal and medical Record. Your appeal was assigned to me and therefore your request to have it reviewed by the Health Care Manager is Denied. Your request for an interview is denied because informal level appeals do not require an interview. — I spoke with the nurse in the eye Clinic and records show that you were seen by the opht oltmologyst on ~~the duty~~ SEE ATTACHED Doctors notes indicate that ~~you~~

Staff Signature: B Hawer RN 5/10/07 / A Swierre RN        Date Returned to Inmate: MAY 14 2007

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Prescription glasses do not remedy the damage to my right eye done by the laser that Dr. Gadephi caused during cataract surgery. He is also my ms doctor. Is first following up he told me he is not fixing the damage. I still need a different physion and due to it being a CDCR employees' malpractice I should in no way have to pay.

Signature: Randall S Cash        Date Submitted: 5-20-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim        CDC Appeal Number:

MAY 23 REC'D

MAY 2 5 REC'D

00265

First Level ☐ Granted  ☐ P. Granted  ☒ Denied.  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days). Date assigned: _____  Due Date: _____

Interviewed by: SRN II Grove

Upon review of your chart and review by your doctor, your appeal is denied. Iris/pupil irregularities are a possible expected outcome of cataract surgery. Therefore, your doctor has determined a second opinion is not medically necessary.

JUL 18 2007

Staff Signature: Grove RN 7/17/7    Title: SRN III    Date Completed:
Division Head Approved: Cheech    Title: DON 7/12/07    Returned JUL 18 RECD
Signature:    Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole-Region Appeals Coordinator within 15 days of receipt of response.

The notes supplied here by Dr. Badejis are in-complete and do not show where he stopped a pin made from the laser he used to remove the cataracts. He was negligent in leaving it in my eye totally. The I.D. paperwork on 9-07-06 in his office. See the surgery notes of Dr. Michael Jumper 9-1-06 and Munp QE. He removed it

Signature: Randall B Cook  H-53400    Date Submitted: 7/30/07

AUG 01 RECD

Second Level ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
AUG 01 2007    Due Date: AUG 29 2007

G. REVIEWER'S ACTION (Complete within 10 working days). Date assigned: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Log No.
CSQ-4-07-0099

Cash, Randall S.
H 53400

Continued from 602 dated APR 05 REC'D                    5-10-07

By the ophthalmologist as scheduled on 4/5/07. The Doctor's notes indicate that you have a follow-up appointment on 6-7-07. The Nurse informed me that prescription glasses were given to you. Based on the above information, your appeal is partially granted.
    B. Leaver R N   5/10/07

MAY 1 4 2007

00267

Novato Community Hospital
Novato, CA 94945
(415) 209-1300

SERVICE DATE:          05/03/2006

SURGEON: Jahangir Sadeghi, M.D.

PREOPERATIVE DIAGNOSIS: Cataract and dislocated lens right eye

POSTOPERATIVE DIAGNOSIS: Same.

PROCEDURE PERFORMED: Phacoemulsification with intraocular lens implantation in
the anterior chamber in the right eye.

ANESTHESIA: Topical, monitored.

DESCRIPTION OF PROCEDURE: The patient was dilated in the preoperative area with
3 sets of Neo-Synephrine 2.55 minutes apart, started 30 minutes before surgery. Ocufen
1 drop every 15 minutes was used to her eye for 1 hour. The patient was brought to the
operating room. After prep and drape in the usual fashion and microscope in position, a
lid speculum was put in the eye. Three drops of Xylocaine 4% were put in the eye. A
sharp knife was used to make a side incision at the 11 o'clock position. Viscoelastic
solution was injected into the anterior chamber. A diamond knife was used to make a 2.8
mm clear corneal incision in the temporal side. A cystotome was used to do an anterior
capsulotomy. Capsulorrhexis forceps was used to do a circular capsulorrhexis. A
capsular ring was inserted in the capsule with the inserter.

Phacoemulsification was started by sculpting the nucleus in a cross shape. It was
extremely difficult to do because in the nasal side almost 40% of the circumference of the
lens was gone. I could manage to remove the lens. A piece of cortex fell down into the
vitreous. Miochol was injected to the eye to make the pupil small. The clear corneal
wound was extended to 5 mm with the diamond knife. An anterior chamber lens from
Alcon Company 13.5 diopters was inserted into the anterior chamber. Before putting the
lens in, I injected viscoelastic to deepen the anterior chamber. The lens was centered by
using a Sinskey hook. A peripheral iridectomy was done in the temporal side. The clear
cornea was sutured with three separated 10-0 nylon. 20 mg of gentamicin was injected
subconjunctivally inferiorly. The eye was dressed with atropine and Maxitrol ointment.
Viscoelastic solution was aspirated at this time. I made sure the wound was watertight.

| OPERATIVE REPORTS | Patient Name: CDCH53400CASH, RANDALL |
|---|---|
| | MR#: 02-15-73-80 |
| JAHANGIR SADEGHI, MD | Account #: 01002080636 |

Novato Community Hospital
Novato, CA 94945
(415) 209-1300

The patient tolerated the procedure well and left the operating room in satisfactory
condition.

Pending Electronic Signature by JAHANGIR SADEGHI, MD

D: 05/03/2006 13:09:05
T: 05/04/2006 11:55:22
Job #: 7391134/tp
cc:    Medical Records San Quentin Prison

OPERATIVE REPORTS

JAHANGIR SADEGHI, MD
- 2 -

Patient Name: CDCH53400CASH,
RANDALL
MR#: 02-15-73-80
Account #: 01002080636

00269

STATE OF CALIFORNIA
**NOTIFICATION IN CASE OF INMATE DEATH, SERIOUS INJURY,
OR SERIOUS ILLNESS**
CDC 127 (Rev 05/00)

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | COMMITMENT NAME | | INSTITUTION |
|---|---|---|---|
| H 53400 | CASH | | SQ |

The inmate shall provide accurate information to identify the next of kin and any person(s) to be notified in the event of his/her death, serious illness, or serious injury as determined by a physician. In compliance with Penal Code Section 5022, the inmate shall provide the name(s), last known address(es), and telephone number(s) of the next of kin and person(s) to be notified. The inmate shall also notify his or her assigned Correctional Counselor of changes as soon as possible. Staff shall use reasonable effort to contact the person(s) identified by the inmate based on the information provided by the inmate. Therefore, it is important that the inmate ensure the information provided is current and accurate.

| NAME OF KIN | STREET ADDRESS | TELEPHONE NUMBER (HOME) |
|---|---|---|
| NODE | | |
| RELATIONSHIP | CITY                    STATE    ZIP CODE | TELEPHONE NUMBER (WORK) |
| NAME OF KIN | STREET ADDRESS | TELEPHONE NUMBER (HOME) |
| RELATIONSHIP | CITY                    STATE    ZIP CODE | TELEPHONE NUMBER (WORK) |

| NAME OF PERSON TO NOTIFY | STREET ADDRESS | TELEPHONE NUMBER (HOME) |
|---|---|---|
| RELATIONSHIP | CITY                    STATE    ZIP CODE | TELEPHONE NUMBER (WORK) |

If the inmate has a will, the inmate shall identify the person to be contacted who possesses or has access to it. This form is not to be used as a will.

| NAME OF CONTACT FOR WILL | STREET ADDRESS | TELEPHONE NUMBER (HOME) |
|---|---|---|
| ENTER NONE IF THERE IS NO WILL | CITY                    STATE    ZIP CODE | TELEPHONE NUMBER (WORK) |

Is inmate a foreign national?  ☐ Yes    ☐ No

This information shall be updated annually as part of the classification review process, within 60 days prior to review by a Classification Staff Representative for transfer consideration, or whenever the inmate desires to revise the information.

| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
|---|---|---|---|
| 9-5-01 | Randall B Cash | C GRANT  CCI  C Grant | SQ |
| 12-29-05 | Randall B Cash | C GRANT  CCI  C Grant | SQ |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | INSTITUTION |
| DATE | INMATE'S SIGNATURE | COUNSELING STAFF WITNESS'S PRINTED NAME/ TITLE/ SIGNATURE | |

STATE OF CALIFORNIA                                                          *DEPARTMENT OF CORRECTIONS
CONFIDENTIAL MEDICAL/MENTAL HEALTH
INFORMATION TRANSFER-SENDING INSTITUTION                  ☐ **NEEDS IMMEDIATE ATTENTION**
CDC 7371 (Rev. 03/04)
                          ☐ Medical and Return    ☐ Psychiatric and Return    ☐ Return from Medical and Return

| SENDING INSTITUTION  SO | INMATE NAME  Cash Scott | | CDC NUMBER |
| --- | --- | --- | --- |

Allergies:                                    No known allergies ☐

| SIGNIFICANT MEDICAL / DENTAL / MENTAL HEALTH PROBLEMS / COMMENTS | | |
| --- | --- | --- |
| (e.g. suicide attempts, dental needs, special diet, pending or incomplete consults, laboratory tests, x-rays) | Chronic Care Program (List type) | Date of Last Visit |
| ① Current info | X-ray spinal (C) | Norm 3/99 |

Date of Last Physical:                        Keyhea ☐

Mental Health Level of Care    ☐ None  ☐ CCCMS  ☐ EOP  ☐ MHCB  Suicide History ☐ Yes ☐ No

Prosthetic device?  ☐ Yes  ☐ No  Type:

Medical Hold Initiated? ☐ Yes  ☐ No  Reason:

Medical Chronos reviewed? ☐ Yes  ☐ No   Type of Medical Chrono:                TB alert code:

**MEDICATIONS PRESCRIBED**

Medication Administration Recorded Attached ☐ Yes  ☐ No    Pharmacy Profile Attached  ☐ Yes  ☑ No

| Name of Medication (including TB) | Dose | Route | Frequency | Start Date | Stop Date | Heat Risk Med |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | | |
| | | | | | | |

**DIAGNOSTIC TESTS PERFORMED**

| | Disability (See CDC 1845) | | Developmental Disability | |
| --- | --- | --- | --- | --- |
| Is inmate pregnant? ☐ Yes ☐ No ☐ EDC ___ | DPW ☐ | DPS ☐ | DD1 ☐ | DD2 ☐ |
| Tuberculosis PPD Test ∅ mm  Date Read 4-30-05 | DPV ☐ | DPM ☐ | DD1A ☐ | DD3 ☐ |
| | DPH ☐ | DPO ☐ | | |

Chest X-ray
☐ Normal  ☐ Abnormal  Date Read

MISC TESTS (Check each box that applies to inmate)
RPR/VDRL:  ☐ Reactive  ☐ Non-reactive    Treated? ☐ Yes ☐ No   Date treated: _____
Hepatitis:  ☐ Positive  ☐ Negative  Type: ___   Treated? ☐ Yes ☐ No   Date treated: _____

Other screening test results & date                    Other Laboratory Data
① info

| Pending Medical/Mental Health Appointments | Date | Attachments ☐ Yes ☐ No |
| --- | --- | --- |
| ☐ Chronic Care | | Special Transport Instructions |
| ☐ Specialty | | ∅ |
| ☐ Telemedicine | | |
| ☐ Other | | |

| COMPLETED BY SENDING INSTITUTION RN (Print/Stamp Name)  **Penny Gaffney RN  SQ Transfer Nurse** | SIGNATURE / TITLE / DATE / TIME  Penny Gaffney  11-14-05  D725 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH  Cash Scott  H53400  12-23-59 |
| --- | --- | --- |
| REVIEWED BY RECEIVING INSTITUTION RN/MTA/LPT (Print/Stamp Name) | SIGNATURE / TITLE /DATE / TIME | |

ORIGINAL - RECEIVING INSTITUTION              RECEIVING INSTITUTION

00271

SO-PC-A

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:     June 12, 2007

To:       CASH, H53400

From:     San Quentin State Prison (SQ)

Subject:  SECOND LEVEL APPEAL RESPONSE
          LOG NO. CSQ-4-07-00992

### ISSUE:

You state that you are legally blind and you have had 5 (five) eye surgeries on both eyes since May 06. You add that you allowed Dr. Sadighi SQ Ophthamologist, to perform cataract and lens implant surgery on both eyes with the impression that you would be able to see after surgery. You claim you cannot see now and your vision is degrading not improving.

You request another eye surgeon/ophthalmologist to treat you and hopefully fix what Dr. Sadeghi has done to your eyes.

### INTERVIEWED BY:  C. Oliver, Registered Nurse, on April 4, 2007

Your Unit Health Record (UHR) and all submitted documentation and supporting information has been considered, including the interview at the First Level of Review (FLR).

*Your appeal was denied at the FLR and the response at the FLR is as follows: "I spoke with you on 4/4/07. You stated that you would like to be seen by another ophthalmologist aside from Dr. Sadighi. I informed you that you can request for an outside consultation or a private physician not employed by SQSP, however the cost of such service shall be paid by you. Title 15 Section 3354 (c) states that an inmate may request a consultation from health care personnel not employed by SQSP. Costs of such private examinations shall be paid by the inmate or the person requesting the service. Based on this your request is denied.*

In requesting a Second Level Review you state, " A CDCR employed physician did surgery on me and ruined my eyesight with an act of malpractice and negligence. Why should I be further disabled and have to pay to have the CDCR's doctors' mistake and incompetence fixed, if in fact it can be repaired. It is a moot point- I am indigent and have no one to pay anyway."

### SECOND LEVEL RESPONSE:

Dr. Sadighi was contacted on May 24, 2007, who states that you had cataract surgery on your right eye on May 3, 2006, which was coming along well, but on September 7, 2006, you developed retinal detachment, and you were referred to the retinal specialsit. You were operated successfully. Dr. Sadighi states he last saw you on April 5, 2007, and he

00272

San Quentin State Prison
Appeal CSQ-4-07-00992
Cash, H53400
Page 2

reported your condition as stable and that he had also given you a prescription for glasses
on February 15, 2007.  Communication with the eye specialty nurse reveals that you
initially received your glasses on March 29, 2007; however, you decided to add
transitional lenses and the glasses were sent back to the Prison Industry Authority (PIA).
PIA returned your glasses with the transitional lenses as requested and your received them
on May 4, 2007.

Dr. Sadighi also stated the following:  you had cataract surgery on your left eye on
August 9, 2006, and your post op course was fine.  In the second week of post op your
vision in your left eye was 20/40. On August 31, 2006, you were examined by Dr. Sadighi
who determined that your iris was prolapsed through the corneal incision and the pupil
was irregular; therefore, he took you to the Operating Room and repositioned your iris
and sutured your wound.  Dr. Sadighi also states and noted in your medical record that
you told him that three days prior to August 31, 2006, you injured your left eye while
horse playing. Dr. Sadighi added that on August 31, 2006, you also had a hemorrhage on
the latter side of the lid areas of your right eye.

You are encouraged to use the sick call process by completing a Request for Health
Services (CDC 7362) to request an appointment with a clinician to address your concerns.
These forms are available from medical staff.  If you are not satisfied with the medical
care you are provided at California State Prison – San Quentin, you are encouraged to
utilize the inmate appeals process, which is described in the California Code of
Regulations, Title 15.  This process is an integral part of the administrative remedies
available for the inmates to resolve issues concerning any departmental decision, action,
condition, or policy that they can demonstrate has had an adverse effect upon their
welfare.

**DECISION:**  For the reasons cited above, your appeal is partially granted, in that you are
permitted, as indicated at the FLR, to be seen by another specialist.  California Code of
Regulations, Title 15, 3354(c), states in part... Private Consultants. An inmate or an
inmate's responsible guardian or relative, or an attorney or other interested person
wanting the inmate examined by a private physician, shall submit a written request to the
institution head.  The institution head shall, after consulting with the facility's chief
medical officer grant the request unless convinced that specific case factors warrant
denial. Costs of such private consultations or examinations shall be paid by the inmate or
the person requesting the service. It should be noted that the cost associated with an
outside consultation also includes custodial supervision, transportation, tests/appliances,
etc.

You are advised that this issue may be submitted for a Director's Level of Review if
desired.

R. KANAN, M.D.
Chief Medical Officer (A)
San Quentin State Prison

RK:pv

cc:  Appeal File
       Central File

San Quentin State Prison
Appeal CSQ-4-07-00992
Cash, H53400
Page 3

**REGULATIONS:** The rules governing this issue are:

**Armstrong v. Wilson Court Ordered Remedial Plan Section (ARP) I. POLICY**

It is the policy of the California Department of Corrections (CDC) to provide access to its programs and services to inmates and parolees with disabilities, with or without reasonable accommodation, consistent with legitimate penological interests. No qualified inmate or parolee with a disability as defined in Title 42 of the United States Code, Section 12102 shall, because of that disability, be excluded from participation in or denied the benefits of services, programs, or activities of the Department or be subjected to discrimination. All institutions/facilities housing inmates with disabilities will ensure that housing and programming are reasonable and appropriate in a manner consistent with their mission and Department policy.

**ARP I.A.  Scope**

The Disability Placement Program (DPP) is the Department's set of plans, policies, and procedures to assure nondiscrimination against inmates/parolees with disabilities. The DPP applies to all of the Department's institutions/facilities, all programs that the Department provides or operates, and to all inmates who have disabilities that affect a major life activity whether or not the disabilities impact placement.

Although the program covers all inmates/parolees with disabilities, whether or not they require special placement or other accommodation, it is facilitated in part through "clustering" or designating accessible sites (designated facilities) for qualified inmates requiring special placement. Inmates with permanent mobility, hearing, vision, and speech impairments, or other disability or compound conditions severe enough to require special housing and programming, will be assigned to special placement in a designated DPP facility. Inmates with a permanent impairment of lesser severity, learning disability, or a kidney disability, may be assigned to any of the Department's institutions/facilities (designated DPP institutions or nondesignated DPP institutions) consistent with existing case factors.

**California Code of Regulations, Title 15, Section (CCR) 3350. Provision of Medical Care and Definitions.**

(a) The department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists. Treatments for conditions which might otherwise be excluded may be allowed pursuant to section 3350.1(d).

(b) For the purposes of this article, the following definitions apply:

(1) Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care

5  A  ⁴/3

## INMATE APPEAL ROUTE SLIP

To: HCM                                                    Date: April 11, 2007

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  CSQ-4-07-00992  By Inmate  CASH, H53400

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue:  ADA
Due Date:  04/25/2007
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin
your response with: GRANTED, DENIED, PARTIALLY GRANTED or
WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete
will be returned to the responding staff for appropriate completion. Refer to D.O.M.
54100 for instructions.

R.Chandler-Dacanay or W.Jeppeson
Appeals Coordinator
San Quentin State Prison

00275

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR
ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| SAN QUENTIN | 07-00992 | 18. ADA |

*NOTE:*  THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH. | HOUSING |
|---|---|---|---|---|
| RANDALL S. CASH | H-53400 | | | 1B091 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

VISION IMPAIRED - LEGALLY BLIND

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

MEDICAL FILE - HAD 5 EYE SURGERIES (BOTH EYES) SINCE MAY '06.

DESCRIBE THE PROBLEM:

IN GOOD FAITH I ALLOWED DR. SADEGHI (S.Q. OPHTHAMOLOGIST) TO PERFORM CATARACT AND LENS IMPLANT SURGERY ON BOTH OF MY EYES WITH THE IMPRESSION I WOULD BE ABLE TO SEE AFTER SURGERY. I CANNOT SEE NOW AND MY VISION IS DEGRADING NOT IMPROVING. MY RIGHT EYE MORE SO I HAVE DISTORTION (HORIZONTAL COMPRESSION) AND NO DEPTH PERCEPTION. MY MEDICAL HOLD RUNS OUT ON 3-19-07 AND DR. SADEGHI IS NOT DOING ANY FURTHER TREATMENT

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

I WANT ANOTHER EYE SURGEON/OPHTHALMOLOGIST TO TREAT ME AND HOPEFULLY FIX WHAT DR. SADEGHI HAS DONE TO MY EYES. I HAVE A HOLE IN MY RIGHT RETINA IRIS NOW AND THERE IS A BLOOD BLOCKING MY VISION IN THAT EYE AS WELL. LEFT EYE IS MARGINAL. I AM A WOB RISKING GOING TO A 180-LEVEL 4 AND I CANT SEE TO PROTECT MYSELF OR SEE WHERE I AM GOING

3-08-07

00276

REASONABLE MODIFICATION OR AC⟨ IMODATION REQUEST    MAR ⟨ ~ REC'D
CDC 1824 (1/95)

MAR 1 2 REC'D

| REVIEWER'S ACTION |
|---|

TYPE OF ADA ISSUE

DATE ASSIGNED TO REVIEWER MAR 1 2 2007
DATE DUE: APR 0 2 2007

[X] PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    [ ] Auxiliary Aid or Device Requested
    [X] Other _To ru another eye surgeon/ophthalmologist._

[ ] PHYSICAL ACCESS (requiring structural modification)

DISCUSSION OF FINDINGS: _I spoke with you on 4/4/07. You stated that you would like to be seen by another ophthalmologist as the form for eyesight. I informed you that you can request for an outside consultation of a private physician not employed by SQSP however the cost of such surical shall be paid by you._

4/4/07    (C. Olivarez) RN
DATE INMATE/PAROLEE WAS INTERVIEWED    PERSON WHO CONDUCTED INTERVIEW

DISPOSITION
BASIS OF DECISION: [ ] GRANTED    [X] DENIED    [ ] PARTIALLY GRANTED
_Title 15 section 3354 (C) states that an inmate may request a consultation from a health care personnel NOT employed by SQSP. Costs of such private examinations shall be paid by the inmate or the person requesting the service. Based on this, your request is denied._

NOTE:   If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided.   If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| C. Olivarez RN /C. Olivarez RN | RN | SQSP |

| APPROVAL |
|---|

ASSOCIATE WARDEN'S SIGNATURE    DATE SIGNED    APR 0 5 REC'D
_Wane Smith (A)_    _9/9/7_

00277

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**          Location:  Institution/Parole Region    Log No.              Category
**APPEAL FORM**         1.  SAN QUENTIN          1.  CSQ-4-07-00992      18. ADA
CDC 602 (12/87)         2.                       2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| RANDALL S. CASH | H53400 | RECEPTION | 1 BADGER 76 |

A. Describe Problem: _____ SEE ( F. )

_____

_____

_____

_____

_____

If you need more space, attach one additional sheet.

B. Action Requested: _____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed      CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

00278

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

A CDCR EMPLOYER PHYSICIAN DID SURGERY ON ME AND RUINED MY EYESIGHT WITH AN ACT OF MALPRACTICE AND NEGLIGENCE. WHY SHOULD I BE FURTHER DIS-ABLED AND HAVE TO PAY TO HAVE THE CDCR'S DOCTORS' MISTAKE AND INCOMPETENCE FIXED, IF IN FACT IT CAN BE REPAIRED. IT IS A MUTE POINT- I AM INDIGENT AND HAVE NO ONE TO PAY ANY N

Signature: Randall S Cook H-53410.0    APR 1 1 REC'D    Date Submitted: 4/09/07

Second Level   ☐ Granted   ☑ P. Granted   ☐ Denied   ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: APR 1 1 2007    Due Date: APR 2 5 2007

☑ See Attached Letter

Signature: C. Olmmen 6/12/07    Date Completed: _____

Warden/Superintendent Signature: J Lewis for R. Karak 6/14/07    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other
                     ☐ See Attached Letter.                              Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA     TREAT AS ORIGINAL     DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region   Lo. 070 2130

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

SQSP    Category 8

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME CASH, RANDALL S   NUMBER H53400   ASSIGNMENT RECEPTION   UNIT/ROOM NUMBER

A. Describe Problem: I submitted a completed ADA 1824 form to the Appeals Coordinators Office on 3-08-07 and received a response with a log number from the Appeals Coordinator telling me that the Assigned Staff Review - HCM had 15 days to respond to me on First Level. That deadline ran out today 4-02-07 (see attached notice)

If you need more space, attach one additional sheet.

B. Action Requested: Assigned Staff Reviewer HCM review my appeal and interview me. This is a serious matter - my eye sight is at stake here and the sooner it is looked into the better my odds of getting something done to restore my vision

Inmate/Parolee Signature: Randall S Cash   APR 05 REC'D   Date Submitted: 4-02-07

C. INFORMAL LEVEL (Date Received:) APR 05 REC'D   partially

Staff Response: I reviewed your appeal and medical record. Your appeal was assigned to me and therefor your request to have it reviewed by the Health Care Manager is Denied. Your request for an interview is denied because informal level appeals do not require an interview. I spoke with the nurse in the eye Clinic and records show that you were seen by the ophthalmologist as SEE ATTACHED Doctors notes indicate that

Staff Signature: B Haun MW 5/10/07 / G Inserra RN   Date Returned to Inmate: MAY 14 2007

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Prescription glasses do not remedy the damage to my right eye done by the laser that Dr. Sadeghi caused during cataract surgery. He is abusing me on 6-07 for first followup He told me he is not fixing the damage. I still need a different surgeon and due to it being a CDCR employees malpractice I should in no way have to pay.

Signature: Randall S Cash   Date Submitted: 5-20-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

MAY 23 REC'D

00280

First Level : ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: SRN I GROVE

Upon review of your chart and review by your doctor, your appeal is denied. iris/pupil irregularities are a possible expected outcome of cataract surgery. Therefore your doctor has determined a second opinion is not medically necessary.

JUL 18 2007

Staff Signature: _Grove_ 7/17/7 Title: SRN II Date Completed: _____

Division Head Approved: _Cheedi_ Returned JUL 1 8 REC'D

Signature: _____ Title: _OW 7/17/07_ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days) Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☒ Granted ☐ P. Granted ☐ Denied ☐ Other _____

Log No
CSQ -4-07- 0099

Cash, Randall S.
H 53400

Continued from 602 dated APR 05 REC'D                    5-10-07-

By the ophthalmologist as scheduled on 4/5/07. The Doctor's notes
indicate that you have a follow-up appointment on 6-7-07. The
Nurse informed me that prescription glasses were given to you-
Based on the above information, your appeal is partially granted.
B. Feaner RN 5/10/07-

MAY 1 4 2007

00282

Novato Community Hospital
Novato, CA 94945
(415) 209-1300

SERVICE DATE:          05/03/2006

SURGEON: Jahangir Sadeghi, M.D.

PREOPERATIVE DIAGNOSIS: Cataract and dislocated lens right eye

POSTOPERATIVE DIAGNOSIS: Same.

PROCEDURE PERFORMED: Phacoemulsification with intraocular lens implantation in the anterior chamber in the right eye.

ANESTHESIA: Topical, monitored.

DESCRIPTION OF PROCEDURE: The patient was dilated in the preoperative area with 3 sets of Neo-Synephrine 2.5 5 minutes apart, started 30 minutes before surgery. Ocufen 1 drop every 15 minutes was used to her eye for 1 hour. The patient was brought to the operating room. After prep and drape in the usual fashion and microscope in position, a lid speculum was put in the eye. Three drops of Xylocaine 4% were put in the eye. A sharp knife was used to make a side incision at the 11 o'clock position. Viscoelastic solution was injected into the anterior chamber. A diamond knife was used to make a 2.8 mm clear corneal incision in the temporal side. A cystotome was used to do an anterior capsulotomy. Capsulorrhexis forceps was used to do a circular capsulorrhexis. A capsular ring was inserted in the capsule with the inserter.

Phacoemulsification was started by sculpting the nucleus in a cross shape. It was extremely difficult to do because in the nasal side almost 40% of the circumference of the lens was gone. I could manage to remove the lens. A piece of cortex fell down into the vitreous. Miochol was injected to the eye to make the pupil small. The clear corneal wound was extended to 5 mm with the diamond knife. An anterior chamber lens from Alcon Company 13.5 diopters was inserted into the anterior chamber. Before putting the lens in, I injected viscoelastic to deepen the anterior chamber. The lens was centered by using a Sinskey hook. A peripheral iridectomy was done in the temporal side. The clear cornea was sutured with three separated 10-0 nylon. 20 mg of gentamicin was injected subconjunctivally inferiorly. The eye was dressed with atropine and Maxitrol ointment. Viscoelastic solution was aspirated at this time. I made sure the wound was watertight.

---

OPERATIVE REPORTS


JAHANGIR SADEGHI, MD

Patient Name: CDCH53400CASH, RANDALL
MR#: 02-15-73-80
Account #: 01002080636

Novato Community Hospital
Novato, CA 94945
(415) 209-1300

The patient tolerated the procedure well and left the operating room in satisfactory condition.

Pending Electronic Signature by JAHANGIR SADEGHI, MD

D: 05/03/2006 13:09:05
T: 05/04/2006 11:55:22
Job #: 7391134/tp
cc:    Medical Records San Quentin Prison

| OPERATIVE REPORTS | Patient Name: CDCH53400CASH, RANDALL |
|---|---|
| JAHANGIR SADEGHI, MD | MR#: 02-15-73-80 |
| - 2 - | Account #: 01002080636 |

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| SAN QUENTIN | 07-00992 | 18. ADA |

*NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES*

In processing this request, it will be verified that the inmate/parolee has a disability which is covered
under the Americans With Disabilities Act.

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| RANDALL S. CASH | H53400 | | | 1B09I |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability
shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or
programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable
you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise
qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered
within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form
constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an inmate/Parolee Appeal Form (CDC 602) and complete section "F"
of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision
rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on
the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

VISION IMPAIRED - LEGALLY BLIND

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

MEDICAL FILE - HAD 5 EYE SURGERIES (BOTH EYES) SINCE
MAY '06.

DESCRIBE THE PROBLEM:

IN GOOD FAITH I ALLOWED DR. SADEGHI (S.Q. OPTHAMOLOGIST) TO PER-
FORM CATARACT AND LENS IMPLANT SURGERY ON BOTH OF MY EYES WITH
THE IMPRESSION I WOULD BE ABLE TO SEE AFTER SURGERY. I CAN NOT SEE
NOW AND MY VISION IS DEGRADING NOT IMPROVING. MY RIGHT EYE MORE SO
I HAVE DISTORTION (HORIZONTAL COMPRESSION) AND NO DEPTH PERCEPTION. MY MEDICAL
HOLD RUNS OUT ON 3-19-07 AND DR. SADEGHI IS NOT DOING ANY FURTHER TREATMENT

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

I WANT ANOTHER EYE SURGEON/OPTHALMOLOGIST TO TREAT ME AND HOPEFULLY FIX
WHAT DR. SADEGHI HAS DONE TO MY EYES. I HAVE A HOLE IN MY RIGHT RETINA IRIS
NOW AND THERE IS A BLOOD BLOCKING MY VISION IN THAT EYE AS WELL. LEFT
EYE IS MARGINAL. I AM A DEVOP RESIDENT GOING TO A 180-LEVEL 4 AND 4
CANT SEE TO PROTECT MYSELF OR SEE WHERE I AM GOING

Randall S Cash                                          3-08-07

INMATE/PAROLEE'S SIGNATURE                    DATE SIGNED

00285

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST

MAR 1 2 REC'D

CDC 1824 (1/95)

MAR 1 2 REC'D

### REVIEWER'S ACTION

**TYPE OF ADA ISSUE**

DATE ASSIGNED TO REVIEWER: MAR 1 2 2007

DATE DUE: APR 0 2 2007

[X] PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    [ ] Auxiliary Aid or Device Requested

    [X] Other _To see another eye surgeon/ophthalmologist._

[ ] PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** _I spoke with you on 4/4/07. You stated that you would like to be seen by another ophthalmologist in the [illegible] [illegible] I informed you that you can request an outside consultation or a private physician not employed by SQSP, however the cost of such surgeon should be paid by you._

DATE INMATE/PAROLEE WAS INTERVIEWED: _4/4/07_

PERSON WHO CONDUCTED INTERVIEW: _C. Olivera RN_

**DISPOSITION**

[ ] GRANTED    [X] DENIED    [ ] PARTIALLY GRANTED

**BASIS OF DECISION:** _Title 15 section 3354 (C) states that an inmate may request a consultation from a health care personnel not employed by SQSP. Cost of such private examinations shall be paid by the inmate or the person requesting the service. Based on this your request is denied._

---

**NOTE:** _If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate._

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| _C. Olivera RN/a [illegible]_ | _RN_ | _SQSP_ |

### APPROVAL

ASSOCIATE WARDEN'S SIGNATURE: _[illegible]_

DATE SIGNED: _4/4/07_

APR 0 5 REC'D

00286

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved: _____    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

A CDCR EMPLOYER PHYSICIAN DID SURGERY ON ME AND RUINED MY EYESIGHT WITH AN ACT OF MALPRACTICE AND NEGLIGENCE. WHY SHOULD I BE FARTHER DIS-ABLED AND HAVE TO PAY TO HAVE THE CDCR'S DOCTORS' MISTAKE AND INCOMPETENCE FIXED IF IN FACT IT CAN BE REPAIRED. IT IS A 'MOOT POINT - I AM INDIGENT AND HAVE NO ONE TO PAY ANYWAY.

Signature: Randall Scott H53400    APR 11 2007    Date Submitted: 4/09/07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: APR 11 2007    Due Date: APR 25 2007
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

00287

00288

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

1. INV SCREENING 1.
2. 2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| RANDALL S. CASH | H53400 | RECEPTION | 1BADGER 16 |

A. Describe Problem: SEE (E)

If you need more space, attach one additional sheet.

B. Action Requested:

Inmate/Parolee Signature: Date Submitted:

C. INFORMAL LEVEL (Date Received:

Staff Response:

Staff Signature: Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: Date Submitted:

CDC Appeal Number:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

REASON | REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)
DESCRIPTION OF CONDITION SUGGESTING REMOVAL

**MEDICAL PROBLEM**

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

SPINAL TREATMENT                    FRIDAY MAY 4, 2007 @ 10:30AM
                                    REQUESTING MD: DR. WU
                                    DR. TO BE SEEN: DR. HENRY

**NATURE AND IMMEDIACY OF SERVICE:**       ☐ MANDATORY      ☐ EMERGENCY      ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
UCSF SPINE CENTER, 2255 POST ST. 1st               POC: LOUISE 885-7347

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?
SPECIAL TREATMENT NOT AVAILABLE AT S.Q.            PREPS: MEDICAL RECORDS, MED PROFILE

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):   ☒ UNIVERSAL   ☐ RESPIRATORY   ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)
2 HOURS

SIGNATURE OF CHIEF MEDICAL OFFICER
KAREN SAYLOR, M.D.          HEALTH CARE MANAGER (A)          DATE SIGNED 4/26/07

CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN)

OFFENSE                   | TERM          | RELEASE DATE | CUSTODIAL CLASSIFICATION
MURDER-FIRST              | LIFE WITHOUT  | N/A          | ☐ MAXIMUM  ☒ MEDIUM  ☐ MINIMUM
COMMITTED FROM            | DATE RECEIVED | CONDUCT DURING INCARCERATION      | ESCAPE RISK
ALAMEDA COUNTY            | 10/20/92      | CONFORMING                        | High

REMARKS
Priors:   (92) ATTEMPTED MURDER/USE OF FIREARMS

CDC115s:   NONE NOTED

Notes:   SENTENCED CHANGED FROM DEATH TO LIFE WITHOUT POSSIBLE PAROLE ON NOVEMBER 17, 2005.

SIGNATURE OF ASSOCIATE WARDEN
**Associate Warden, Unit II**                              DATE SIGNED 4/27/07

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

REQUEST:     ☒ APPROVED       ☐ DENIED          CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

SPECIAL CONDITIONS:
CLO'S "B", "LWOP" INMATE, TWO OFFICERS, WEAPONS AND       CASH, RANDALL  H53400
RESTRAINTS REQUIRED. TO BE UNDER CLOSE AND CONSTANT       DOB: 12/23/1959
SUPERVISION AT ALL TIMES.

WARDEN SIGNATURE          | DATE SIGNED | FACILITY
Chief Deputy Warden       | 4/27/07     | San Quentin

**REQUEST FOR AUTHORIZATION OF TEMPORARY
REMOVAL FOR MEDICAL TREATMENT**                     vb        SA43 L

CDC 7252 (3/93)
STATE OF CALIFORNIA                          DEPARTMENT OF CORRECTIONS

00289

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS
REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT
CDC 7252 (3/93)

## PRECAUTION INSTRUCTION DEFINITIONS

### UNIVERSAL PRECAUTIONS:

Precautions that should be adhered to at all times. Universal precautions were developed to protect individuals from exposure to non-intact skin and other mucous membranes (e.g., mouth, eyes) from body fluids known to harbor infectious agents, such as HIV or Hepatitis.

*Procedure:*  Wear protective barriers such a gloves, gowns, masks or face shields when blood and other body fluids are present. Examples of body fluids considered to be infectious include blood, bloody body secretions, semen, vaginal secretions, tissue, spinal fluid, and joint fluid.

*Example:*  Wear gloves when assisting a patient with a bleeding finger.

### RESPIRATORY PRECAUTIONS:

Precautions that should be adhered to when patients with air borne illnesses are being transported. Persons acquire air borne illnesses by breathing air that has been contaminated with an infectious germ, such as Tuberculosis, Measles, Chicken Pox, etc.

*Procedure:*  Respiratory precautions include placement of patients in respiratory isolation room with special ventilation characteristics. When the patient must leave the room, other precautions must be followed. The patient and all others in the same room must wear Particulate Respirator (PR) masks. PR masks are specifically designed to filter out small particles. PR masks must fit tightly around the face for a proper seal.

*Example:*  A patient with Tuberculosis may require transportation to an outside hospital. The transport team and the patient must all wear PR masks.

### ENTERIC PRECAUTIONS:

Enteric precautions are indicated when patients are infected with germs transmitted into the stool.

*Procedure:*  Gloves and gowns must be worn when in contact with stool material from a person on enteric precautions.

**FOR ANY QUESTIONS CONCERNING ABOVE PRECAUTIONS, CONTACT THE MEDICAL DEPARTMENT.**

REASON | REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

MEDICAL PROBLEM

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

NEUROSURGERY CONSULT

THURSDAY FEBRUARY 8, 2007@ 9:30AM
REQUESTING MD: DR. MUSTEFA
DR. TO BE SEEN: DR. CHOW

NATURE AND IMMEDIACY OF SERVICE:  ☐ MANDATORY  ☐ EMERGENCY  ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
UCSF 400 PARNASSUS AVE. 3RD FL SF.  POC: SHARON 353-2380

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?
SPECIAL TREATMENT NOT AVAILABLE AT S.Q.  PREPS: MRI FILMS

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):  ☒ UNIVERSAL  ☐ RESPIRATORY  ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)
2 HOURS

SIGNATURE OF CHIEF MEDICAL OFFICER _____  DATE SIGNED _____
KAREN SAYLOR, M.D.    HEALTH CARE MANAGER (A)

| CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN) | | | |
|---|---|---|---|
| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION |
| MURDER FIRST | LIFE WITHOUT | N/A | ☐ MAXIMUM  ☐ MEDIUM  ☐ MINIMUM |
| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | ESCAPE RISK |
| ALAMEDA COUNTY | 10/20/92 | CONFORMING | High |

REMARKS
Priors: (92) ATTEMPTED MURDER/USE OF FIREARMS

CDC115s: NONE NOTED

Notes: SENTENCED CHANGED FROM DEATH TO LIFE WITHOUT POSSIBLE PAROLE ON NOVEMBER 17,2005.

SIGNATURE OF ASSOCIATE WARDEN
Associate Warden, Unit II

DATE SIGNED
1-23-07

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

REQUEST:  ☑ APPROVED  ☐ DENIED

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

SPECIAL CONDITIONS:
CLO'S "B", "LWOP" INMATE, TWO OFFICERS, WEAPONS AND
RESTRAINTS REQUIRED. TO BE UNDER CLOSE AND CONSTANT
SUPERVISION AT ALL TIMES.

CASH, RANDALL H53400
DOB: 12/23/1959

WARDEN'S SIGNATURE
Chief Deputy Warden

DATE SIGNED
1/23/07

FACILITY
San Quentin

mj

1B40

# REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT

CDC 7252 (3/93)
STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

00291

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS
**REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT**
CDC 7252 (3/93)

## PRECAUTION INSTRUCTION DEFINITIONS

**UNIVERSAL PRECAUTIONS:**

Precautions that should be adhered to at all times. Universal precautions were developed to protect individuals from exposure to non-intact skin and other mucous membranes (e.g., mouth, eyes) from body fluids known to harbor infectious agents, such as HIV or Hepatitis.

*Procedure:*    Wear protective barriers such a gloves, gowns, masks or face shields when blood and other body fluids are present. Examples of body fluids considered to be infectious include blood, bloody body secretions, semen, vaginal secretions, tissue, spinal fluid, and joint fluid.

*Example:*    Wear gloves when assisting a patient with a bleeding finger.

**RESPIRATORY PRECAUTIONS:**

Precautions that should be adhered to when patients with air borne illnesses are being transported. Persons acquire air borne illnesses by breathing air that has been contaminated with an infectious germ, such as Tuberculosis, Measles, Chicken Pox, etc.

*Procedure:*    Respiratory precautions include placement of patients in respiratory isolation room with special ventilation characteristics. When the patient must leave the room, other precautions must be followed. The patient and all others in the same room must wear Particulate Respirator (PR) masks. PR masks are specifically designed to filter out small particles. PR masks must fit tightly around the face for a proper seal.

*Example:*    A patient with Tuberculosis may require transportation to an outside hospital. The transport team and the patient must all wear PR masks.

**ENTERIC PRECAUTIONS:**

Enteric precautions are indicated when patients are infected with germs transmitted into the stool.

*Procedure:*    Gloves and gowns must be worn when in contact with stool material from a person on enteric precautions.

**FOR ANY QUESTIONS CONCERNING ABOVE PRECAUTIONS, CONTACT THE MEDICAL DEPARTMENT.**

REASON    REQUEST (STATEMENT OF CHIEF MEDI    OFFICER)
DESCRIPTION OF CONDITION SUGGESTING REMOVAL

**MEDICAL PROBLEM**

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

SURGERY FOLLOW-UP

**SHORT NOTICE**
MONDAY SEPTEMBER 25, 2006 @ 8:30 AM
REQUESTING MD: DR. SADEGHI
DR. TO BE SEEN: DR. JUMPER

NATURE AND IMMEDIACY OF SERVICE:    ☐ MANDATORY    ☐ EMERGENCY    ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
WEST COAST RETINAL 5 BON AIR RD. STE. 127    POC: ADRIANA 925-6600

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?

SPECIAL TREATMENT NOT AVAILABLE AT S.Q.    PREPS:

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):    ☒ UNIVERSAL    ☐ RESPIRATORY    ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)
1 HOUR

SIGNATURE OF CHIEF MEDICAL OFFICER
KAREN SAYLOR, M.D    *Khuch /4*    HEALTH CARE MANAGER (A)    DATE SIGNED 9/21/06

CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN)

| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION |
|---------|------|--------------|--------------------------|
| MURDER FIRST | LIFE WITHOUT | N/A | ☐ MAXIMUM  ☒ MEDIUM  ☐ MINIMUM |
| COMMITTED FROM  ALAMEDA COUNTY | DATE RECEIVED  10/20/92 | CONDUCT DURING INCARCERATION  CONFORMING | ESCAPE RISK:  High |

REMARKS:    Priors: (02) ATTEMPTED MURDER/USE OF FIREARMS

CDC115s:  NONE NOTED

Notes:    SENTENCED CHANGED FROM DEATH TO LIFE WITHOUT POSSIBLE PAROLE ON NOVEMBER 17,2005.

SIGNATURE OF ASSOCIATE WARDEN
Associate Warden, Unit II    DATE SIGNED 9/22/06

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

REQUEST:    ☒ APPROVED    ☐ DENIED

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

SPECIAL CONDITIONS:
CLO'S "B", "LWOP" INMATE, TWO OFFICERS, WEAPONS AND
RESTRAINTS REQUIRED. TO BE UNDER CLOSE AND CONSTANT
SUPERVISION AT ALL TIMES.

CASH, RANDALL  H53400
DOB: 12-12-59

WARDEN'S SIGNATURE
Chief Deputy Warden    DATE SIGNED  9/21/06    FACILITY  San Quentin

**REQUEST FOR AUTHORIZATION OF TEMPORARY
REMOVAL FOR MEDICAL TREATMENT**

CDC 7252 (3/93)
STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

tc

1B40L

00293

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS
REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT
CDC 7252 (3/93)

## PRECAUTION INSTRUCTION DEFINITIONS

### UNIVERSAL PRECAUTIONS:

Precautions that should be adhered to at all times. Universal precautions were developed to protect individuals from exposure to non-intact skin and other mucous membranes (e.g., mouth, eyes) from body fluids known to harbor infectious agents, such as HIV or Hepatitis.

*Procedure:*    Wear protective barriers such a gloves, gowns, masks or face shields when blood and other body fluids are present. Examples of body fluids considered to be infectious include blood, bloody body secretions, semen, vaginal secretions, tissue, spinal fluid, and joint fluid.

*Example:*    Wear gloves when assisting a patient with a bleeding finger.

### RESPIRATORY PRECAUTIONS:

Precautions that should be adhered to when patients with air borne illnesses are being transported. Persons acquire air borne illnesses by breathing air that has been contaminated with an infectious germ, such as Tuberculosis, Measles, Chicken Pox, etc.

*Procedure:*    Respiratory precautions include placement of patients in respiratory isolation room with special ventilation characteristics. When the patient must leave the room, other precautions must be followed. The patient and all others in the same room must wear Particulate Respirator (PR) masks. PR masks are specifically designed to filter out small particles. PR masks must fit tightly around the face for a proper seal.

*Example:*    A patient with Tuberculosis may require transportation to an outside hospital. The transport team and the patient must all wear PR masks.

### ENTERIC PRECAUTIONS:

Enteric precautions are indicated when patients are infected with germs transmitted into the stool.

*Procedure:*    Gloves and gowns must be worn when in contact with stool material from a person on enteric precautions.

**FOR ANY QUESTIONS CONCERNING ABOVE PRECAUTIONS, CONTACT THE MEDICAL DEPARTMENT.**

00294

## REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

MEDICAL PROBLEM                    PARK AT LOADING DOCK BETWEEN 3RD AND 4TH
                                   PLEASE CALL DR. ROE UPON ARRIVAL
                                   (415) 308-5833

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

                                   EMERGENCY
CONSULT                            FRIDAY SEPTEMBER 8, 2006 @ 7:30 AM
                                   REQUESTING MD: DR. SADEGHI
                                   DR. TO BE SEEN: DR. ROE'S

NATURE AND IMMEDIACY OF SERVICE:          ☐ MANDATORY      ☐ EMERGENCY      ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
WEST COAST RETINA 185 BERRY STREET SAN FRANCISCO      POC: ADRIANA 925-6600

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?      PARK AT LOADING
SPECIAL TREATMENT NOT AVAILABLE AT S.Q.      PLEASE CALL DR. ROE      PREPS.

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):   ☒ UNIVERSAL   ☐ RESPIRATORY   ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)
3-4 HOURS

SIGNATURE OF CHIEF MEDICAL OFFICER                                    DATE SIGNED
KAREN SAYLOR, M.D.      [signature]   HEALTH CARE MANAGER (A)      9/1/06

## CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN)

| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION | | |
|---|---|---|---|---|---|
| MURDER, FIRST | LIFE WITHOUT | N/A | ☒ MAXIMUM | ☐ MEDIUM | ☐ MINIMUM |

| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | ESCAPE RISK |
|---|---|---|---|
| ALAMEDA COUNTY | 10/20/92 | CONFORMING | High |

REMARKS  Priors: (S2) ATTEMPTED MURDER/USE OF FIREARMS

CDC115s: NONE NOTED

Notes:    SENTENCED CHANGED FROM DEATH TO LIFE WITHOUT POSSIBLE PAROLE ON NOVEMBER 17,2005.

SIGNATURE OF ASSOCIATE WARDEN                                          DATE SIGNED
[signature] Associate Warden, Unit II                                 9/8/06

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

REQUEST:    ☒ APPROVED      ☐ DENIED

SPECIAL CONDITIONS:
CLO'S "B", "LWOP"INMATE, TWO OFFICERS, WEAPONS AND
RESTRAINTS REQUIRED. TO BE UNDER CLOSE AND CONSTANT
SUPERVISION AT ALL TIMES.

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

CASH, RANDALL  H53400
DOB: 12-12-59

WARDEN'S SIGNATURE                DATE SIGNED       FACILITY
[signature] Chief Deputy Warden   9/8/06            San Quentin

tc

# REQUEST FOR AUTHORIZATION OF TEMPORARY
# REMOVAL FOR MEDICAL TREATMENT

CDC 7252 (3/93)
STATE OF CALIFORNIA                          DEPARTMENT OF CORRECTIONS

00295

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS
**REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT**
CDC 7252 (3/93)

## PRECAUTION INSTRUCTION DEFINITIONS

### UNIVERSAL PRECAUTIONS:

Precautions that should be adhered to at all times. Universal precautions were developed to protect individuals from exposure to non-intact skin and other mucous membranes (e.g., mouth, eyes) from body fluids known to harbor infectious agents, such as HIV or Hepatitis.

*Procedure:*   Wear protective barriers such a gloves, gowns, masks or face shields when blood and other body fluids are present. Examples of body fluids considered to be infectious include blood, bloody body secretions, semen, vaginal secretions, tissue, spinal fluid, and joint fluid.

*Example:*   Wear gloves when assisting a patient with a bleeding finger.

### RESPIRATORY PRECAUTIONS:

Precautions that should be adhered to when patients with air borne illnesses are being transported. Persons acquire air borne illnesses by breathing air that has been contaminated with an infectious germ, such as Tuberculosis, Measles, Chicken Pox, etc.

*Procedure:*   Respiratory precautions include placement of patients in respiratory isolation room with special ventilation characteristics. When the patient must leave the room, other precautions must be followed. The patient and all others in the same room must wear Particulate Respirator (PR) masks. PR masks are specifically designed to filter out small particles. PR masks must fit tightly around the face for a proper seal.

*Example:*   A patient with Tuberculosis may require transportation to an outside hospital. The transport team and the patient must all wear PR masks.

### ENTERIC PRECAUTIONS:

Enteric precautions are indicated when patients are infected with germs transmitted into the stool.

*Procedure:*   Gloves and gowns must be worn when in contact with stool material from a person on enteric precautions.

**FOR ANY QUESTIONS CONCERNING ABOVE PRECAUTIONS, CONTACT THE MEDICAL DEPARTMENT.**

00296

REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

MEDICAL PROBLEM

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

WOUND CLOSURE EYE

**EMERGENCY**
FRIDAY SEPTEMBER 1, 2006 @ 9:00 AM
REQUESTING MD: DR. SADEGHI
DR. TO BE SEEN: DR. SADEGHI

NATURE AND IMMEDIACY OF SERVICE:     ☐ MANDATORY     ☐ EMERGENCY     ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
NOVATO COMMUNITY HOSPITAL/SDS                    POC: MEGAN 209-1550

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?
SPECIAL TREATMENT NOT AVAILABLE AT S.Q.     PREPS: NPO AFTER MN
                                            H&P / LABS

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):  [X] UNIVERSAL  ☐ RESPIRATORY  ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 5 DAYS)
3-4 HOURS

SIGNATURE OF CHIEF MEDICAL OFFICER
KAREN SAYLOR, M.D               HEALTH CARE MANAGER (A)        DATE SIGNED 8/31/06

| CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN) | | | | |
|---|---|---|---|---|
| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION | |
| MURDER, FIRST | LIFE WITHOUT | N/A | ☑ MAXIMUM  LWOP | ☐ MEDIUM    ☐ MINIMUM |
| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | | ESCAPE RISK |
| ALAMEDA COUNTY | 10/20/92 | CONFORMING | | High |

REMARKS
Priors: (92) ATTEMPTED MURDER/USE OF FIREARMS

CDC115s: NONE NOTED

Notes:   SENTENCED CHANGED FROM DEATH TO LIFE WITHOUT POSSIBLE PAROLE ON NOVEMBER 17,2005.

SIGNATURE OF ASSOCIATE WARDEN
Associate Warden, Unit II                          DATE SIGNED 9/1/06

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

REQUEST:     ☐ APPROVED     ☐ DENIED          CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

SPECIAL CONDITIONS:
CLO'S "B", "LWOP" INMATE, TWO OFFICERS, WEAPONS AND
RESTRAINTS REQUIRED. TO BE UNDER CLOSE AND CONSTANT
SUPERVISION AT ALL TIMES.                          CASH, RANDALL H53400
                                                    DOB: 12-12-59

WARDEN'S SIGNATURE
Chief Deputy Warden          DATE SIGNED 9-1-06    FACILITY San Quentin

                                                    tc

# REQUEST FOR AUTHORIZATION OF TEMPORARY
# REMOVAL FOR MEDICAL TREATMENT

CDC 7252 (3/93)
STATE OF CALIFORNIA                          DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA                                                                        DEPARTMENT OF CORRECTIONS
**REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT**
CDC 7252 (3/93)

## PRECAUTION INSTRUCTION DEFINITIONS

### UNIVERSAL PRECAUTIONS:

Precautions that should be adhered to at all times. Universal precautions were developed to protect individuals from exposure to non-intact skin and other mucous membranes (e.g., mouth, eyes) from body fluids known to harbor infectious agents, such as HIV or Hepatitis.

*Procedure:*   Wear protective barriers such as gloves, gowns, masks or face shields when blood and other body fluids are present. Examples of body fluids considered to be infectious include blood, bloody body secretions, semen, vaginal secretions, tissue, spinal fluid, and joint fluid.

*Example:*   Wear gloves when assisting a patient with a bleeding finger.

### RESPIRATORY PRECAUTIONS:

Precautions that should be adhered to when patients with air borne illnesses are being transported. Persons acquire air borne illnesses by breathing air that has been contaminated with an infectious germ, such as Tuberculosis, Measles, Chicken Pox, etc.

*Procedure:*   Respiratory precautions include placement of patients in respiratory isolation room with special ventilation characteristics. When the patient must leave the room, other precautions must be followed. The patient and all others in the same room must wear Particulate Respirator (PR) masks. PR masks are specifically designed to filter out small particles. PR masks must fit tightly around the face for a proper seal.

*Example:*   A patient with Tuberculosis may require transportation to an outside hospital. The transport team and the patient must all wear PR masks.

### ENTERIC PRECAUTIONS:

Enteric precautions are indicated when patients are infected with germs transmitted into the stool.

*Procedure:*   Gloves and gowns must be worn when in contact with stool material from a person on enteric precautions.

## FOR ANY QUESTIONS CONCERNING ABOVE PRECAUTIONS, CONTACT THE MEDICAL DEPARTMENT.

00298

REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

MEDICAL PROBLEM

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

SURGERY FOLLOW-UP

**SHORT NOTICE**
WEDNESDAY SEPTEMBER 13, 2006 @ 8:30 AM
REQUESTING MD: DR. SADEGHI
DR. TO BE SEEN: DR. JUMPER

NATURE AND IMMEDIACY OF SERVICE:     ☐ MANDATORY     ☐ EMERGENCY     ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
WEST COAST RETINAL 5 BON AIR RD. STE. 127          POC: ADRIANA 925-6600

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?

SPECIAL TREATMENT NOT AVAILABLE AT S.Q.          PREPS:

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):   [X] UNIVERSAL  ☐ RESPIRATORY   ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)
1 HOUR

SIGNATURE OF CHIEF MEDICAL OFFICER          HEALTH CARE MANAGER (A)          DATE SIGNED
KAREN SAYLOR, M.D.                                                         9/8/06

CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN)

| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION | | | | ESCAPE RISK |
|---------|------|--------------|------|------|------|------|-------------|
| MURDER FIRST | LIFE WITHOUT | N/A | ☐ MAXIMUM | | ☐ MEDIUM | ☐ MINIMUM | High |
| COMMITTED FROM ALAMEDA COUNTY | DATE RECEIVED 10/20/92 | CONDUCT DURING INCARCERATION CONFORMING | | | | | |

REMARKS
Priors:   (92) ATTEMPTED MURDER/USE OF FIREARMS

CDC115s:  NONE NOTED

Notes:   SENTENCED CHANGED FROM DEATH TO LIFE WITHOUT POSSIBLE PAROLE ON NOVEMBER 17,2005.

SIGNATURE OF ASSOCIATE WARDEN                                    DATE SIGNED
Associate Warden, Unit II                                        9/12/06

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

REQUEST:   [✓] APPROVED     ☐ DENIED

SPECIAL CONDITIONS:
CLO'S "B", "LWOP"INMATE, TWO OFFICERS, WEAPONS AND
RESTRAINTS REQUIRED. TO BE UNDER CLOSE AND CONSTANT
SUPERVISION AT ALL TIMES.

WARDEN'S SIGNATURE                DATE SIGNED        FACILITY
Chief Deputy Warden  (A)          9/12/06            SQ  San Quentin

CDO NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

CASH, RANDALL  H53400
DOB: 12-12-59

tc

1B40L

**REQUEST FOR AUTHORIZATION OF TEMPORARY
REMOVAL FOR MEDICAL TREATMENT**

CDC 7252 (3/93)                        DEPARTMENT OF CORRECTIONS

00299

REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

**MEDICAL PROBLEM**

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

CATARACT EXTRACTION                     WEDNESDAY AUGUST 9, 2006 @ 7:30 AM
                                        REQUESTING MD: DR DAVID
                                        DR. BEING SEEN: DR. SADEGHI

NATURE AND IMMEDIACY OF SERVICE:        ☐ MANDATORY    ☐ EMERGENCY    ☒ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
   NCH SAME DAY SURGERY                          POC: MEGAN 209-1550

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?
   SPECIAL TREATMENT NOT AVAILABLE AT S.Q.       ABT EYE GTTS 2 DAYS PRIOR
                                                 H&P LAB EKG
                                                 MED PROFILE
                                                 NPO AFTER MIDNIGHT

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):    ☒ UNIVERSAL    ☐ RESPIRATORY    ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)
   3.5 HOURS

SIGNATURE OF CHIEF MEDICAL OFFICER
   KAREN SAYLOR, M.D            HEALTH CARE MANAGER (A)          DATE SIGNED  7/18

| CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN) | | | |
|---|---|---|---|
| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION |
| MURDER FIRST | LIFE WITHOUT | N/A | ☒ MAXIMUM  ☐ MEDIUM  ☐ MINIMUM |
| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | ESCAPE RISK |
| ALAMEDA COUNTY | 10/20/92 | CONFORMING | High |

REMARKS:
   Priors: (92) ATTEMPTED MURDER/USE OF FIREARMS

CDC115s: NONE NOTED

Notes: SENTENCE CHANGED FROM DEATH TO LIFE WITHOUT POSSIBLE PAROLE ON NOVEMBER 7, 2005

SIGNATURE OF ASSOCIATE WARDEN
   Associate Warden, Unit II (A)                               DATE SIGNED  7/26/06

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

REQUEST:    ☒ APPROVED    ☐ DENIED

SPECIAL CONDITIONS:
   CLO'S "B", "LWOP" INMATE, TWO OFFICERS, WEAPONS AND
   RESTRAINTS REQUIRED. TO BE UNDER CLOSE AND CONSTANT
   SUPERVISION AT ALL TIMES.

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

   CASH, RANDALL H53400
   DOB: 12/23/1959
   05/06-11-OP 4639

WARDEN'S SIGNATURE
   Chief Deputy Warden          DATE SIGNED  7/26/08    FACILITY  San Quentin

# REQUEST FOR AUTHORIZATION OF TEMPORARY
# REMOVAL FOR MEDICAL TREATMENT

CDC 7252 (3/93)
STATE OF CALIFORNIA                         DEPARTMENT OF CORRECTIONS

1 B 40 L

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS
**REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT**
CDC 7252 (3/93)

## PRECAUTION INSTRUCTION DEFINITIONS

### UNIVERSAL PRECAUTIONS:

Precautions that should be adhered to at all times. Universal precautions were developed to protect individuals from exposure to non-intact skin and other mucous membranes (e.g., mouth, eyes) from body fluids known to harbor infectious agents, such as HIV or Hepatitis.

*Procedure:*   Wear protective barriers such as gloves, gowns, masks or face shields when blood and other body fluids are present. Examples of body fluids considered to be infectious include blood, bloody body secretions, semen, vaginal secretions, tissue, spinal fluid, and joint fluid.

*Example:*   Wear gloves when assisting a patient with a bleeding finger.

### RESPIRATORY PRECAUTIONS:

Precautions that should be adhered to when patients with air borne illnesses are being transported. Persons acquire air borne illnesses by breathing air that has been contaminated with an infectious germ, such as Tuberculosis, Measles, Chicken Pox, etc.

*Procedure:*   Respiratory precautions include placement of patients in respiratory isolation room with special ventilation characteristics. When the patient must leave the room, other precautions must be followed. The patient and all others in the same room must wear Particulate Respirator (PR) masks. PR masks are specifically designed to filter out small particles. PR masks must fit tightly around the face for a proper seal.

*Example:*   A patient with Tuberculosis may require transportation to an outside hospital. The transport team and the patient must all wear PR masks.

### ENTERIC PRECAUTIONS:

Enteric precautions are indicated when patients are infected with germs transmitted into the stool.

*Procedure:*   Gloves and gowns must be worn when in contact with stool material from a person on enteric precautions.

**FOR ANY QUESTIONS CONCERNING ABOVE PRECAUTIONS, CONTACT THE MEDICAL DEPARTMENT.**

TO:  DEPARTMENT OF CORRECTIONS

FROM:  Mark D. Greenberg, Attorney

RE:  Refusal of *Clark* testing for Randall Scott Cash, CDC No. H-53400

DATE:  January 29, 2003


Randall Scott Cash refuses all phases of *Clark* developmental disability testing.


Mark D. Greenberg
Attorney for Randall Scott Cash


cc:  Randall Scott Cash's Central file.

00302

STATE OF CALIFORNIA
IDENTIFICATION WORKSHEET, N~ ~-OF-KIN NOTIFICATION
AND DISPOSITION OF REMAINS, ~ ~PERTY AND FUNDS
CDC 127 (12/93)

DEPARTMENT OF CORRECTIONS
DISTRIBUTION
ORIG - C-FILE
COPY - INMATE

## IDENTIFICATION

| CDC NUMBER | COMMITMENT NAME | | | | |
|---|---|---|---|---|---|
| H 53400 | CASH, RANDALL S. | | | | |
| DATE OF BIRTH | BIRTHPLACE | MARITAL STATUS | # OF CHILDREN | RELIGION | ETHNICITY |
| 12-23-52 | CA | | | | WHT |
| DATE RECEIVED IN CDC | COUNTY OF COMMITMENT | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR / COMPLEXION |
| 10/26/52 | ALA | 5'10" | 180 | BRN | BRN |

OLD CDC NUMBERS

CRIME PARTNERS

MARKS, SCARS, TATTOOS, ETC

## NOTIFICATION

In case of serious illness, accident or in the event of my death, I request that the following next-of-kin or other person(s) be notified.

| NAME | RELATIONSHIP | ADDRESS (STREET, CITY, STATE & ZIP) | AREA CODE & PHONE NUMBER |
|---|---|---|---|
| Delete Steve Robinson | BROTHER | 702 S. 15th St. #4 Marysville, Kansas 66508 | HOME: 913-562-3452 WORK: |
| None | | | HOME: WORK: |
| | | | HOME: WORK: |
| | | | HOME: WORK: |
| | | | HOME: WORK: |

## DISPOSITION

In the event of my death, I request that my remains, personal property and funds be released to the following individual:

| NAME | ADDRESS | TELEPHONE NUMBER |
|---|---|---|
| No one | | |

It has been explained to me that it is my responsibility to notify my caseworker of any changes to this document.

| INMATE'S SIGNATURE | DATED | INMATE'S SIGNATURE | UPDATED |
|---|---|---|---|
| X Randall S Cash | 9/10/9? | | |
| WITNESS'S SIGNATURE | DATED | WITNESS'S SIGNATURE | UPDATED |
| [signature] us | 9/10/9? | | |
| INMATE'S SIGNATURE | UPDATED | INMATE'S SIGNATURE | UPDATED |
| - X DECLINED TO SIGN | 1-19-W | | |
| WITNESS'S SIGNATURE | UPDATED | WITNESS'S SIGNATURE | UPDATED |
| [signature] | 1-19-W | | |

If additional space is needed supplemental sheets may be attached.

10/20/92

00303

STATE OF CALIFORNIA
IDENTIFICATION WORKSHEET, N~~~T-OF-KIN NOTIFICATION
AND DISPOSITION OF REMAINS, PROPERTY AND FUNDS
CDC 127 (12/93)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION
ORIG - C-FILE
COPY - INMATE

5 E08

## IDENTIFICATION

| CDC NUMBER | COMMITMENT NAME | | | | |
|---|---|---|---|---|---|
| H 53400 | CASH, RANDALL S. | | | | |
| DATE OF BIRTH | BIRTHPLACE | MARITAL STATUS | # OF CHILDREN | RELIGION | ETHNICITY |
| 12-23-52 | CA | | | | WHT |
| DATE RECEIVED IN CDC | COUNTY OF COMMITMENT | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR | COMPLEXION |
| 10/26/52 | ALA | 5'10" | 180 | BRN | BRN | |

OLD CDC NUMBERS

CRIME PARTNERS

MARKS, SCARS, TATTOOS, ETC

## NOTIFICATION

In case of serious illness, accident or in the event of my death, I request that the following next-of-kin or other person(s) be notified.

| NAME | RELATIONSHIP | ADDRESS (STREET, CITY, STATE & ZIP) | AREA CODE & PHONE NUMBER |
|---|---|---|---|
| ~~Pete~~ delete  Steve Robinson | Brother | 702 S. 15th St. #4  Marysville, Kansas 66508 | HOME: 913-562-3452 WORK: |
| None | | | HOME: WORK: |
| | | | HOME: WORK: |
| | | | HOME: WORK: |
| | | | HOME: WORK: |

## DISPOSITION

In the event of my death, I request that my remains, personal property and funds be released to the following individual:

| NAME | ADDRESS | TELEPHONE NUMBER |
|---|---|---|
| No one | | |

It has been explained to me that it is my responsibility to notify my caseworker of any changes to this document.

| INMATE'S SIGNATURE | DATED | INMATE'S SIGNATURE | UPDATED |
|---|---|---|---|
| Randall Cash | 9/10/98 | | |
| WITNESS'S SIGNATURE | DATED | WITNESS'S SIGNATURE | UPDATED |
| | 9/10/98 | | |
| INMATE'S SIGNATURE | UPDATED | INMATE'S SIGNATURE | UPDATED |
| WITNESS'S SIGNATURE | UPDATED | WITNESS'S SIGNATURE | UPDATED |

If additional space is needed supplemental sheets may be attached.

H-53400

JOHN C. ROSSI
ASSISTANT CLERK-ADMINISTRATOR
SAN FRANCISCO

ROBERT F. JOHNSON
CHIEF DEPUTY
LOS ANGELES

BRIAN CLEARWATER
CALENDAR COORDINATOR
SAN FRANCISCO



## Supreme Court of California
### SAN FRANCISCO, CALIFORNIA
### ROBERT F. WANDRUFF
#### COURT ADMINISTRATOR AND
#### CLERK OF THE SUPREME COURT

OFFICES

☐ SAN FRANCISCO 94107
SOUTH TOWER, EIGHTH FLOOR
303 SECOND STREET
(415) 396-9400

☐ LOS ANGELES 90010
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
LOS ANGELES, CALIFORNIA 90013
(213) 736-2902

☐ SACRAMENTO 95814
100 LIBRARY AND COURTS BUILDING
(916) 322-5957

April 22, 1996

Mr. Mark D. Greenberg
Attorney at Law
484 Lake Park Avenue, #429
Oakland, CA 94610

Re:     S029460 - People v. Randall Scott Cash

Dear Mr. Greenberg:

Enclosed please find a certified copy of the order appointing you as counsel for Randall Scott Cash, P.O. Box H-53400, San Quentin, CA 94974, on his automatic appeal now pending in this court, together with a copy of our letter informing him of your appointment. Also enclosed is a copy of our letter to the County Clerk requesting him to forward to you appellant's copy of the record, as well as all notices.

For your convenience we are enclosing materials to assist you in the preparation of the interim requests for payment of fees and expenses and the required Case Status Reports. Please note that the Case Status Reports are due promptly every 60 days. Requests for fees and expenses may be submitted every 90 days.

The court has asked the California Appellate Project (CAP) to provide assistance to every appointed private attorney. We strongly encourage you to avail yourself of CAP's expertise and resources. A CAP staff attorney will be contacting you in the near future.

The court appreciates your willingness to assist in this matter.

Very truly yours,

ROBERT F. WANDRUFF
Court Administrator and
Clerk of the Supreme Court

MJ:sf
Enclosures
cc:     California Appellate Project
         Warden Arthur Calderon
         John Deist, Deputy Attorney General, S.F.
         Rec.

By:  Mary Jameson
     Deputy Clerk

00305

SUPREME COURT
FILED

APR 1 9 1996

Robert Wandruff Clerk

DEPUTY

No. S029460

# IN THE SUPREME COURT OF CALIFORNIA

PEOPLE, Respondent

*v.*

RANDALL SCOTT CASH, Appellant

Upon request of appellant for appointment of counsel, Mark D. Greenberg is hereby appointed to represent appellant on his automatic appeal now pending in this court, including any related habeas proceedings.

GEORGE

*Acting Chief Justice*

00306

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
SAN QUENTIN PRISON

23 October 1992

RE: CASH, Randall
H-53400 (CONDEMNED)

NEUROPSYCHIATRIC COMMITTEE EXAMINATION SUMMARY

On 23 October 1992 interviews were concluded for psychiatric findings.
This man was fully oriented, observant and appropriate. He demonstrated
that he was capable of responding adequately to the requirements of his
sentence. He discussed his attitude toward his sentence in a rational
manner. This man is presently sane within the meaning of California
statute.

WILLIAM C. SULLIVAN MD
Staff Psychiatrist

R.E. ROUDEBUSH MD
Staff Psychiatrist

JOHN GEIGER MD
Staff Psychiatrist

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
SAN QUENTIN PRISON

22 October 1992

RE: CASH, Randall
H-53400 (CONCEMNED)

PSYCHIATRIC EVALUATION

The subject of this evaluation, Randall Cash, was received at San Quentin on 21 October 1992 as Condemned, Murder 1st. This report is based on a review of the records and a psychiatric interview.

MENTAL STATUS EXAMINATION: At the time of interview this man showed that he comprehended the nature of the prison process and that he was not confused. His cognitive function was within the normal range and he was not depressed. His intellectual functioning was normal.

DIAGNOSIS:     No mental disorder  V71.09

CONCLUSIONS: Inmate Cash demonstrated that he was well aware of the nature of his sentence and that there were no situations that confused him. There were no features of his functioning which would indicate a need for psychiatric concern.

John Geiger MD

JOHN GEIGER MD
Staff Psychiatrist

00308

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# Power of Attorney
## and
# Authorization for Deposit

I, ____CASH, RANDALL____SCOTT_____, do hereby appoint the Director of Corrections as my true and lawful attorney-in-fact with full power to: receive, endorse, and collect monies, checks, drafts, warrants, money orders, bills of exchange, or other securites payable to me from any source whatever; to deposit in my name and for my inmate trust account and for that purpose to sign my name and endorse the same for deposit; and to deposit in the inmate welfare fund interest earned on monies held for me in such trust.

Additionally, I do authorize the aforesaid attorney-in-fact to perform and delegate to any of his agents at the institution in which I am confined the authority to perform all necessary acts in the execution of the above authorization.

Done at ____SAN QUENTIN_____, California, this _____20th_____
                         (LOCATION)                                    (DAY)

day of ____OCT 1992_____
          (MONTH, YEAR)

Signed and delivered in the presence of:

_D. R. Elliott_____
(SIGNATURE OF WITNESS)

_X Randall S Cash_____
(SIGNATURE)

____I.D. OFFICER_____
(TITLE)

~~H-00405~~  H53400
(NUMBER)

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# Power of Attorney
## and
# Authorization for Deposit

I, CASH,  RANDALL    SCOTT , do hereby appoint the Director of Corrections as my true and lawful attorney-in-fact with full power to: receive, endorse, and collect monies, checks, drafts, warrants, money orders, bills of exchange, or other securities payable to me from any source whatsoever; to deposit in my name and for my inmate trust account and for that purpose to sign my name and endorse the same for deposit; and to deposit in the inmate welfare fund interest earned on monies held for me in such trust.

Additionally, I do authorize the aforesaid attorney-in-fact to perform and delegate to any of his agents at the institution in which I am confined the authority to perform all necessary acts in the execution of the above authorization.

Done at   SAN QUENTIN                   California, this        20th
          (LOCATION)                                            (DAY)

day of    OCT 1992
          (MONTH, YEAR)

Signed and delivered in the presence of:

_____        _____
(SIGNATURE OF WITNESS)                  (SIGNATURE)

F.D. OFFICER                            H35400
(TITLE)                                 (NUMBER)

00310

State of California

# Memorandum

Date : November 5, 1992

To   :   Christine May
         Information Officer II

From :  **California State Prison, San Quentin 94964**

Subject : **CONDEMNED MAN**

| | | |
|---|---|---|
| Inmate Name: | CASH, RANDALL SCOTT | CDC No: H-53400 |
| AKA: Unknown | County of Residence: | Alameda |
| Date Received: | 10/20/92 | |
| Date Offense Occurred: | 10/27/89 | |
| Offense: | Murder 1st | |

Brief Description of the Offense: Shot and killed male roommate - shot and beat female
roommate while robbing apartment.

City Offense Occurred:    Newark

County Offense Occurred: Alameda

County of Trial:    Alameda

Date Sentenced:    10/20/92

Judge:    Honorable S. Golde

Case No:    H 8485

Number of Priors and a Brief Description of Each: 1984 - DUI.

| | | | |
|---|---|---|---|
| Inmate's Date of Birth: | 12/23/59 | Ethnicity: | White |
| Educational Level: | N/A | IQ: | N/A |
| Marital Status: | N/A | Children: | None |
| CII No: | 08058550 | FBI No: | N/A |

Correctional Case Records Specialist

00311

California Department of Corrections

# IDENTIFICATION WORK SHEET

Number ~~N-08485~~ *H53400*                  Commitment Date **OCT 20 1992**

| COMMITMENT NAME | | DOB | AGE | BIRTHPLACE | RACE |
|---|---|---|---|---|---|
| CASH, RANDALL    SCOTT | | 12-23-59 | 32 | CA | WHT |
| RECEIVED | COUNTY | JUDGE | | | CASE NUMBER |
| San Quentin | ALA | | | | 81254 |

| MARITAL | CHILDREN | EDUCATION | RELIGION |
|---|---|---|---|
| SINGLE | NONE | 12TH | METH. |
| HEIGHT | WEIGHT | EYES | HAIR |
| 5-10 | 180 | BRN | BRN |
| COMPLEXION | BUILD | OCCUPATION | TEETH |
| LHT | MED | PRINTER | GD |
| CRIME PARTNERS | | OLD NUMBERS | |
| NONE | | NONE | |

MARKS, SCARS, TATTOOS, ETC.
   SCAR/RIGHT ARM

| MILITARY SERVICE | TIME IN STATE |
|---|---|
| NONE | 32 YRS |

SS#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

CONDEMNED

Name & Number   CASH, RANDALL, SCOTT   ~~N-08485~~ *H53400*

**IN CASE OF SERIOUS ILLNESS, ACCIDENT OR DEATH, I REQUEST THAT THE BELOW NAMED PARTY BE NOTIFIED:**

Name STEVE ROBINSON ............................... Relationship BROTHER ...... Phone No. 913) 562-3452

Address 702 S.15TH ST #4 MARYSVILLE, KANSAS   66508 ......................

Name ................................................. Relationship ............. Phone No. ...............

Address ..............................

Signature X *Randall S. Cash* ................... Date **OCT 20 1992**
                Write Full Name

**NOTICE IN CASE OF DEATH OR ILLNESS**

California Department of Corrections

# IDENTIFICATION WORK SHEET

No. H53400

Commitment Date OCT 2 0 1992

| Name | DOB | Age | Birthplace | Race |
|---|---|---|---|---|
| CASH, RANDALL SCOTT | 12-22-69 | 22 | CA | WHT |

| Institution | County | Case Number |
|---|---|---|
| San Quentin | ALA | 81254 |

| Marital Status | Children | Education | Religion |
|---|---|---|---|
| SINGLE | NONE | 12TH | METH. |

| Height | Weight | Eyes | Hair |
|---|---|---|---|
| 5-10 | 180 | BRN | BRN |

| Complexion | Build | Occupation | Teeth |
|---|---|---|---|
| LITE | MED | PRINTER | GD |

| Aliases | Other Names |
|---|---|
| NONE | NONE |

Scars, Tattoos, Etc: SCAR/RIGHT ARM

| Other | Time in State |
|---|---|
| NONE | 32 YRS |

SS#512-70-9[illegible]347

CONDEMNED

CASH, RANDALL SCOTT H53400

IN CASE OF SERIOUS ILLNESS, ACCIDENT OR DEATH, I REQUEST THAT THE BELOW NAMED PARTY BE NOTIFIED:

[illegible] ROBINSON Relationship BROTHER Phone No. (913) 562-3452

702 S. 15TH ST #4 MARYSVILLE, KANSAS 66508

Relationship Phone

OCT 2 0 1992

[signature]

```
◆                    ☞
▲⊙---------------------------------------------
  Tue Dec 13 13:15:03 2005
-----------------------------------------------
4SQU0009565.IH
RE: QHY.CA021015C.08058550.VERN        DATE:20051213 TIME:13:15:02
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:VERN
   ********************************************************************
DO NOT COLLECT DNA. DNA SAMPLE HAS BEEN RECEIVED,
TYPED, AND UPLOADED INTO THE CAL-DNA DATA BANK.
  FOR INFO (510) 620-3300 OR PC296.PC296@DOJ.CA.GOV.
   ********************************************************************
≵* PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE
▲E-MAIL PALM.PRINT@DOJ.CA.GOV
  III CALIFORNIA ONLY SOURCE RECORD
CII/A08058550
DOB/19591223    SEX/M  RAC/WHITE
HGT/510  WGT/145  EYE/BRO  HAI/BRO  POB/CA
ЍAM/01 CASH,RANDALL SCOTT
▲FPC HENRY
 15 S 10 U IIM 13
 <  L  6 U IOM  -
▲FBI/498377EA5
 CDL/N8863842
SOC/512709247
OCC/PRINTER
≵ * * *
▲ARR/DET/CITE:           NAM:01
<19851029  CAID ALAMEDA CO
▲CNT:01    #AOM173
    -WARRANT
  187 PC-MURDER
<  ARR BY:CAPD NEWARK
▲CNT:02
    -WARRANT
  211 PC-ROBBERY
   COM: WARR NBR 96979
- - - -
COURT:            NAM:01
Ƚ9920618  CASC OAKLAND
▲CNT:01-02  #H8485
   211 PC-ROBBERY
<DISPO:DISMISSED/FOJ/PLEA TO OTHER CHARGE
▲CNT:03
   459 PC-BURGLARY:SECOND DEGREE
<DISPO:DISMISSED/FOJ/PLEA TO OTHER CHARGE
▲CNT:04
    -ATTEMPTED
  187 PC-MURDER
  -USED FIREARM
```

```
◆
▲*DISPO:CONVICTED
     CONV STATUS:FELONY
<   SEN: 7 YEARS PRISON STAYED
▲CNT:05
     187 PC-MURDER:FIRST DEGREE
     -USED FIREARM      -190.2 PC          -SPEC CIRCUMSTNC
*DISPO:CONVICTED
     CONV STATUS:FELONY
     SEN: DEATH
*  *  *  *  *  *  *  *  *  *
**    POTENTIAL FELONY STRIKE ENTRY    **
*  *  *  *  *  *  *  *  *  *
*  *  *  *
▲ARR/DET/CITE:           NAM:01   DOB:19591223
<20021002  CASO OAKLAND
▲CNT:01     #010AOM173-AOM173
     -BENCH WARRANT
  2620 PC-PROCEEDINGS:PRISONER PRODUCED
     WARRANT  #H8485
     COM: CNT01 NUM- T01100
     COM: ADR-100202 (6332, NOEL,,, NEWARK, CA, 94560, )
     COM: SCN-01622800013
*  *  *  *
▲ARR/DET/CITE:           NAM:01   DOB:19591223
<20051114  CASO OAKLAND
▲CNT:01     #010AOM173-AOM173
     2620 PC-PROCEEDINGS:PRISONER PRODUCED
     COM: SCN-01653180019
****************************************************************
****************************************************************
NOTE:  1 POTENTIAL ENTRIES WITH FELONY CONVICTION DATA WERE
FOUND FOR THIS SUBJECT. SEE ENTRIES IN THE RECORD ANNOTATED
WITH "POTENTIAL FELONY STRIKE ENTRY" FOR DETAILS. THIS RECORD
MAY ALSO CONTAIN ADDITIONAL DATA RELATED TO "STRIKE" CONDITIONS.
****************************************************************
****************************************************************
     *    *    *    END OF MESSAGE    *    *    *
```