1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:     (415) 703-5382
    Facsimile:     (415) 703-5480
6   Email:  Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant J. Sadeghi, M.D.

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  **RANDALL SCOTT CASH,**                    Case No. C 07-6252-JF (PR)

12                              Plaintiff,

13          **v.**

14  **DR. JAHANGIR SADEGHI,**

15                              Defendant.

16

17          **DEFENDANT J. SADEGHI, M.D.'S REPLY TO**
        **PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
18          **OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

19             Date:  No Hearing by Order of the Court

20             Judge: The Honorable Jeremy Fogel

21

22

23

24

25

26

27

28

1    EDMUND G. BROWN JR.
     Attorney General of the State of California
2    PAUL T. HAMMERNESS
     Supervising Deputy Attorney General
3    JENNIFER C. ADDAMS, State Bar No. 209355
     Deputy General
4     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA  94102-7004
5     Telephone:    (415) 703-5382
      Facsimile:    (415) 703-5480
6     Email:  Jennifer.Addams@doj.ca.gov

7    Attorneys for Defendant J. Sadeghi, M.D.

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   **RANDALL SCOTT CASH,**                          Case No. C 07-6252-JF (PR)

12                                    Plaintiff,       **DEFENDANT J. SADEGHI, M.D.'S
                                                       REPLY TO PLAINTIFF'S
13             v.                                      OPPOSITION TO MOTION FOR
                                                       SUMMARY JUDGMENT OR, IN
14   **DR. JAHANGIR SADEGHI,**                         THE ALTERNATIVE, SUMMARY
                                                       ADJUDICATION**
15                                    Defendant.
                                                       Date:  No Hearing by Order of the Court
16
                                                       Judge:  The Honorable Jeremy Fogel
17

18          Plaintiff Randall Scott Cash opposes defendant's motion for summary judgment by arguing

19   many facts and offering many opinions.  His facts, however, fail to bring a genuine issue of

20   material fact that succeeds in defeating defendant's motion for summary judgment.  His opinions

21   are merely a disagreement in what he thinks his medical care should have been.

22          Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty*

23   *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is

24   sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id*.  Once

25   the moving party meets its initial burden, the nonmoving party must go beyond the pleadings

26   and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine

27   issue for trial."  Fed. R. Civ. P. 56(e).  If the nonmoving party fails to make this showing, "the

28

Defendant J. Sadeghi, M.D.'s Reply to Plaintiff's Opposition                    *Cash v. Sadeghi*
                                                                                C 07-6252-JF (PR)

1   moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Cattrett,* 477 U.S.

2   317, 323 (1986).

3        Here, plaintiff's opposition states many factual allegations, but none of them rise to the

4   level of a genuine issue of material fact that would defeat defendant's motion.

5   **A.   Plaintiff's Facts Are Not Relevant and Do Not Defeat Defendant's Motion for
         Summary Judgment**

6

7        A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial

8   risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

9   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, the factual issues which plaintiff brings in

10  his opposition do not show that Dr. Sadeghi knew plaintiff faced a substantial risk of serious

11  harm and disregarded that risk.  Plaintiff states many times that the injuries to his eyes were not

12  the result of fighting, that they were the result of being bumped or of engaging in "horse play"

13  (plaintiff's Opposition, ¶ 2).[1]  It does not matter how the trauma to his eyes occurred.  Plaintiff

14  experienced an injury to his eye and a retinal detachment.  Dr. Sadeghi treated these problems

15  appropriately.  Plaintiff's factual allegations do not show that Dr. Sadeghi knew plaintiff faced a

16  substantial risk of serious harm and disregarded that risk.

17       Similarly, plaintiff states he was not informed that there was no danger posed by the

18  capsular ring remaining his eye (plaintiff's Opposition, ¶¶ 4, 5).  Plaintiff states his right retina

19  was in danger of detaching prior to his first visit with Dr. Sadeghi (plaintiff's Opposition, ¶ 7).

20  He states he told Dr. Sadeghi of double vision (plaintiff's Opposition, ¶ 8).  None of these facts

21  bring any of the elements needed for deliberate indifference. The records show that when

22  plaintiff requested medical attention, he received it.  When an emergency arose, he immediately

23  received treatment.  Even if plaintiff's allegations had shown medical malpractice or negligence,

24  that would be insufficient to show a violation of the Eighth Amendment.  *Toguchi v. Chung*, 391

25  _____

26       1.  Plaintiff told a doctor that the trauma occurred because of "horseplay" (as evidenced by
    his medical records, p. 56, attached to plaintiff's opposition).  He also told Dr. Sadeghi it occurred
27  because of a fight (as evidenced by the first page of medical records attached to plaintiff's
    opposition), and he has also stated it occurred when he was "bumped."
28

Defendant J. Sadeghi, M.D.'s Reply to Plaintiff's Opposition                *Cash v. Sadeghi*
                                                                            C 07-6252-JF (PR)

                                              2

1    F.3d 1051, 1060-61 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

2    Medical negligence, even if it were established here by expert medical opinion, is not the same

3    as the constitutional tort of deliberate indifference.

4    **B.    The Remainder of Plaintiff's Purported Facts Are New to His Opposition and Not
         Supported By the Record**

5

6        Once the moving party meets its initial burden, the nonmoving party must go beyond the

7    pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

8    genuine issue for trial."  Fed. R. Civ. P. 56(e).  If the nonmoving party fails to make this

9    showing, "the moving party is entitled to judgment as a matter of law."  *Celotex Corp., supra*,

10   477 U. S. at 323.  It is still the uncontradicted expert medical opinion in this case that the

11   plaintiff's medical treatment met the standard of care (Sadeghi Declaration, ¶¶ 20, 21, 22).

12   Plaintiff states that Dr. Jumper indicated to him that his medical treatment was not up to

13   reasonable standards.  (Plaintiff's Opposition, ¶¶ 11, 35.)  There is no indication of any opinion

14   of the kind from the Medical Records, including those from Dr. Jumper.  Plaintiff has not

15   provided an expert opinion to the contrary, nor can he.

16       Similarly, plaintiff, through discovery, has not been able to produce documentation showing

17   any hole was burned into plaintiff's eye (Plaintiff's Opposition, ¶¶ 9, 26), or that there were

18   stitches left in plaintiff's eye (Plaintiff's Opposition, ¶¶ 13, 16), and, indeed, these "facts" are not

19   supported by the record.  Also unsupported by the record are facts that have not been brought up

20   in plaintiff's prior papers, such as that Dr. Sadeghi caused any irregularities in plaintiff's iris

21   (Plaintiff's Opposition, ¶ 29).  Plaintiff's self-serving declaration of conclusory allegations and

22   opinions that differ from those of a medical doctor do not create a genuine issue of material fact

23   to defeat this motion for summary judgment.  *Radobenko v. Automated Equip. Corp.*, 520 F.2d

24   540 (9th Cir. 1975); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 237 (7th Cir. 1991).

25       The record is clear that when plaintiff sought medical care, he was seen a total of 40 times

26   in 13 months.  (Sadeghi Declaration, ¶ 16; Medical Records, pp. 5-49.)  He was seen in the eye

27   clinic 28 times and had three surgeries.  (Medical Records, pp. 84-88.)  When an emergency

28

Defendant J. Sadeghi, M.D.'s Reply to Plaintiff's Opposition                    *Cash v. Sadeghi*
                                                                                 C 07-6252-JF (PR)

1   arose after plaintiff sustained a trauma to his newly healing eyes, plaintiff was immediately given

2   medical care.  (Sadeghi Declaration, ¶ 18.)  He was given strong pain medications and antibiotics

3   before and after the surgeries.  (Sadeghi Declaration, ¶ 19; Medical Records, pp. 2, 11, 13.)

4   Plaintiff was seen by doctors outside of the prison system when he requested it.  (Medical

5   Records, pp. 72-79.)   The pro se plaintiff's First Amended Complaint does not allege the

6   existence of a competent medical opinion in support of his assertion of inadequate medical care

7   or deliberate indifference. Plaintiff cannot set forth specific facts showing that there is a genuine

8   issue for trial.  Defendant is entitled to judgment as a matter of law.

9   **C.   Plaintiff's Opposition Only Serves to Illustrate a Difference in Opinion**

10       A difference of opinion between a prisoner-patient and prison medical authorities regarding

11   treatment does not give rise to a Section 1983 claim.  *Franklin v. Oregon*, 662 F.2d 1337, 1344

12   (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical opinion as to

13   the need to pursue one course of treatment over another is generally insufficient to establish

14   deliberate indifference.  *Toguchi v. Chung*, supra, 391 F.3d at 1058, 1059-60; *Sanchez v. Vild*,

15   891 F.2d 240, 242 (9th Cir. 1989).

16       Plaintiff clearly disagreed with his treatment by Dr. Sadeghi, however, this does not make

17   his case for deliberate indifference or a Section 1983 claim.  Plaintiff notes the times his vision

18   was inconsistent (Plaintiff's Opposition, ¶¶ 6, 17, 23), his beliefs about whether it was safe to

19   leave the capsular ring in his eye (Plaintiff's Opposition, ¶¶ 20, 13, 16), and his thoughts about

20   the surgery he received (Plaintiff's Opposition, ¶ 15), but these only serve to illustrate a

21   difference in opinion between a medical doctor and plaintiff.  The difference in opinion does not

22   give rise to a Section 1983 claim, and it does not establish deliberate indifference.

23   **D.   Plaintiff Was Given Good Care For An Elective Procedure and Good Care When An
         Emergency Arose**

24

25       The physicians who examined plaintiff did not find that the original surgery on plaintiff's

26   eyes was an emergency.  When an emergency did arise, after plaintiff sustained trauma after the

27   successful surgery, Dr. Sadeghi immediately performed further surgery to close an open wound.

28

Defendant J. Sadeghi, M.D.'s Reply to Plaintiff's Opposition                          *Cash v. Sadeghi*
                                                                                      C 07-6252-JF (PR)

4

1    (Sadeghi Declaration, ¶¶ 11, 18.)  When it became clear that the trauma caused his retina to

2    detach, Dr. Sadeghi immediately referred him to a retinal specialist who reattached the torn

3    retina.  (Sadeghi Declaration, ¶¶ 12, 13, 18.)  Plaintiff, an inmate of no demonstrable medical

4    expertise, is not authorized to diagnose illness or to prescribe treatment for himself.  Title 15,

5    Cal. Code Regs., section 3354.

6    **E.    Defendant's Motion For Summary Judgment Should Be Granted**

7           Defendant Dr. Sadeghi observed the standard of care in the relevant medical community,

8    acted reasonably when he prescribed appropriate palliative care, and appropriately scheduled and

9    performed plaintiff's elective, as well as emergency, surgery.  Simply because plaintiff is

10   unhappy with the results of his multiple elective surgeries and emergency surgeries following

11   trauma to his eyes, it does not mean Dr. Sadeghi was deliberately indifferent to his medical

12   needs.  This summary judgment should be granted, and this action should be dismissed with

13   prejudice.

14              Dated:     August 29, 2008.

15                                    Respectfully submitted,

16                                    EDMUND G. BROWN JR.
                                      Attorney General of the State of California

17                                    PAUL T. HAMMERNESS
18                                    Supervising Deputy Attorney General

19                                          */s/ Jennifer C. Addams*

20                                    JENNIFER C. ADDAMS
21                                    Deputy Attorney General

22                                    Attorneys for Defendant

23

24

25   20135469.wpd
     SF2008401885
26

27

28

Defendant J. Sadeghi, M.D.'s Reply to Plaintiff's Opposition                    *Cash v. Sadeghi*
                                                                                C 07-6252-JF (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:     **CASH, Randall Scott v. Dr. Jahangir Sadeghi**

No.     **C 07-6252-JF(PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 29, 2008, I served the attached **DEFENDANT J. SADEGHI, M.D.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Randall Scott Cash
> H-53400
> California State Prison, San Quentin
> San Quentin, CA 94964

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 29, 2008, at San Francisco, California.


| C. Deuel | */s/ C. Deuel* |
|---|---|
| Declarant | Signature |

20136509.wpd